UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
_____

**MARY PHILLIPA SLEDGE, MARY JANE PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY LIMITED PARTNERSHIP**

**Plaintiffs,**

v.                                                                                         Civ. 2:13-cv-2578

**INDICO SYSTEM RESOURCES, INC. and CLEAL WATTS, III**

**Defendants.**
_____

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STRIKE UNSWORN DECLARATIONOF
CLEAL WATTS AND PORTIONS OF DEFENDANTS' REPLY**
_____

Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs"), file this Memorandum of Law in Support of their Motion to Strike the Declaration of Cleal Watts (the "Declaration", dkt no. 17-1) and portions of Defendants' Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss (dkt no. 17) reliant thereupon. In short, the Declaration is unsworn, not compliant with 28 U.S.C § 1746, and therefore inadmissible, and should not be considered by this Court in its evaluation of Defendants' pending Motion to Dismiss. Moreover, those portions of Defendants' Reply which rely on this defective, unsworn declaration should also be struck, and should not considered by this Court.

## BRIEF PROCEDURAL HISTORY

This action was commenced on July 29, 2013, by Plaintiffs alleging, *inter alia*, fraud, conversion, breach of contract and various violations of federal securities laws against

Defendants Cleal Watts and Indico Systems Resources, Inc. (dkt no. 1). In short, Plaintiffs allege that Defendants perpetrated a fraudulent investment scheme involving the procurement of gold dust from Ghana and the refinement and resale of same in the United States. *Id.* On December 3, 2013, Defendants filed their joint Motion to Dismiss claiming this Court does not have personal jurisdiction over the named Defendants. (dkt no. 11). In support of their Motion to Dismiss, Defendants included a sworn affidavit from Cleal Watts, both in his capacity as an individual Defendant and as President of Defendant Indico System Resources, Inc. (dkt no. 11-2). In Response, Plaintiffs provided a lengthy recitation of Defendants' minimum contacts and purposeful availment the privilege of transacting business in the forum state, through sworn testimony and otherwise admissible proof.[1] (*See* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss, dkt no. 13).

On January 23, 2014, after having been given an additional ten (10) days to file their Reply, Defendants filed an eleven-page document reliant upon unsworn statements of Defendant Cleal Watts, purporting to challenge the sworn testimony of Plaintiff Phillipa Sledge. As set forth below, Defendants cannot defeat Plaintiffs prima facie case with unsworn and otherwise inadmissible statements. In fact, the Declaration of Cleal Watts should be struck from the record and those portions of Defendants' Reply which rely upon the Declaration should similarly be struck by this Court.

---

[1] Absent an evidentiary hearing on the issue of personal jurisdiction, the plaintiff "need only make a prima facie showing of jurisdiction." *Id*. (citing *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir.2002)). The plaintiff may make a *prima facie* showing through presentation of specific facts, by affidavit or otherwise. *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991). If there is no evidentiary hearing, the court will <u>not consider facts from the defendant in conflict with those offered by the plaintiff</u>, and will construe facts in the light most favorable to the plaintiff. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (emphasis added). Under these circumstances, the plaintiff's burden is "relatively slight." *American Greetings Corp. v. Conn*, 839 F.2d 1164, 1169 (6th Cir. 1988).

2

## **LEGAL ARGUMENT**

Unsworn declarations are permitted to be used as evidence only if "subscribed ... *as true under penalty of perjury, and dated* [.]" *Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994) (citing 28 U.S.C. § 1746 (emphasis added)). Even if, as Defendants' argue, sworn statements or affidavits are admissible in support of a motion filed under FED. R. CIV. P. Rule 12, this Court should not consider as evidence unsworn affidavits or statutorily defective declarations. *Dawson v. Pepin,* 2001 WL 822346 (W.D. Mich. 2001). Defendants' Reply relies upon unsworn allegations made by Defendant Cleal Watts, which he makes "to the best of his knowledge, information and belief", but not under penalty of perjury. (dkt nos. 17, 17-1, ¶2). Because these statements are offered to refute Plaintiffs' affidavits and prima facie showing of personal jurisdiction, and because this Declaration of Cleal Watts is legally deficient, it should be struck.

28 U.S.C § 1746 provides pertinent part that:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

*Id*.

The relevant subsection to this statute is 28 U.S.C § 1746(2) which pertains to declarations made inside the United States and expressly requires the declarant to certify that his statements are made "under penalty of perjury."  In the face of the large volume of evidence detailing Defendants' fraudulent communications, introduced through the sworn testimony of Plaintiff Mary Phillipa Sledge and others in the Plaintiffs' Response (dkt nos. 13, 13-1, 13-2, 13-3, and 14), Watts now replies with a defective "declaration" that is neither notarized nor made under penalty of perjury, as required by 28 U.S.C § 1746(2).  It should be ignored by this Court, as should be those portions of Defendants' Reply which purport to rely on these unsworn statements.

When dealing with dispositive motions such as those under Rule 56, for example, "[a]n unsworn affidavit cannot be used to support or oppose" such a motion. *Reed v. Tennessee State Bancshares, Inc.*, 2007 WL 2317393, at *1 (E.D. Tenn. 2007) (citing *Pollack v. Pollack,* 154 F.3d 601, 612 n. 20 (6th Cir.1998)).  Although 28 U.S.C. § 1746 permits the use of unsworn declarations in the place of affidavits, there are strict requirements regarding the statements of the declarant.  Declarations lacking the phrase "under penalty of perjury" fail to quality as unsworn declarations.  28 U.S.C. § 1746; *Bonds v. Cox,* 20 F.3d 697, 702 (6th Cir.1994) ("Unsworn declarations are permitted to be used as evidence only if 'subscribed ... as true under penalty of perjury .... ' ") (quoting 28 U.S.C. § 1746). Given the explicit language of the statute, technically deficient declarations cannot be considered by the Court.  *Reed v. Tennessee State Bancshares, Inc.*, 2007 WL 2317393, at *1 (citing *Hogan v. Rent-A-Center, Inc.,* 228 F.Supp.2d 802, 806 n. 8 (S.D.Ohio 2002) ("[s]ince the document .... is neither an affidavit nor a declaration, the Court cannot consider it in ruling upon the motions for summary judgment.")).

Accordingly, this Court should strike the Declaration of Cleal Watts and should similarly strike those portions of Defendants' Reply which purport to rely on the Declaration.

## CONCLUSION

This litigation charges the Defendants with widespread fraudulent activity, perpetrated on Tennessee residents. Plaintiffs have supported their response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction with testimony and documentation "of specific facts, by affidavit or otherwise" in order to satisfy their burden of making a prima facie showing. *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991). Defendants should not be permitted to attempt to refute that showing by relying upon unsworn, defective and otherwise inadmissible statements. Interestingly, even in the defective Declaration, the Defendant Watts never denies Plaintiff Mary Phillipa Sledge's testimony that at all times Watts knew that she and her mother were residents of Tennessee.

For these reasons, and for the legal reasons set forth herein, this Court should strike the Declaration of Cleal Watts and should strike those portions of Defendants' Reply which rely on the unsworn factual assertions articulated therein.

Respectfully Submitted,

/s/ Darrell N. Phillips
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*dphillips@pcplc.com*
*jcook@pcplc.com*
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of January 2014, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

    Bruce A. McMullen
    165 Madison Ave., Suite 2000
    Memphis, Tennessee 38103

    /s/ Darrell N. Phillips

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2, counsel for Plaintiffs hereby certifies that he has consulted with Bruce McMullan, counsel for Defendants, by telephone on Friday, January 24, 2014. Mr. McMullen advised that the defects in the Declaration were the result of clerical errors in his office and that he intends to correct them in the coming days. Out of an abundance of caution however, and because, at the time of filing, Defendants' Reply and Declaration have not been withdrawn, Plaintiffs have elected to proceed with the filing of this Motion. In the event Defendants timely correct the defective Declaration, and their amended filing does not attempt to amend or supplement their argument (outside the time provided for their Reply), Plaintiffs will withdraw this Motion.

    /s/ Darrell N. Phillips
    Darrell N. Phillips