UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

_____

**MARY PHILLIPA SLEDGE, MARY JANE PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY LIMITED PARTNERSHIP**

**Plaintiffs,**

v.

**INDICO SYSTEM RESOURCES, INC. and CLEAL WATTS, III**

**Defendants.**

Civ. 2:13-cv-2578

_____

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY TO RESPOND TO NEW FACTUAL ASSERTIONS AND LEGAL ARGUMENTS RAISED IN DEFENDANTS' REPLY**
_____

COME NOW, Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs"), and submit this Memorandum in support of their Motion to this Court for leave to file a Sur-Reply to respond to new factual assertions and legal arguments raised in Defendants' Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss [Dkt. No. 17, hereinafter the "Reply], and state as follows:

### Procedural Background

On December 3, 2013, Defendants filed a Motion to Dismiss and accompanying Memorandum, [Dkt. Nos. 11, 11-1], seeking dismissal on the grounds that this Court lacks *in personam* jurisdiction over the Defendants. On December 30, 2013, Plaintiffs filed a Memorandum in Opposition. [Dkt. No. 13]. On January 23, 2014, Defendants filed the Reply. [Dkt. No. 17].

In the Reply, Defendants have raised new factual assertions which were not present in their initial Motion to Dismiss and related Memorandum. For example, in their initial Motion to Dismiss, Defendants asserted that one of the Plaintiffs, Mary Phillipa Sledge, was a Kentucky resident. Specifically, on pages 3 and 9 of the Memorandum, [Dkt. No. 11-1], Defendants state definitively:

> "At that time [of the investment], Ms. Sledge was a resident of Kentucky…."
>
> [and]
>
> "…when Plaintiff Sledge first initiated conversations, she resided in Kentucky…"

In the Reply, however, Defendants have completely changed this assertion and now no longer claim that Ms. Sledge was a Kentucky resident:

> "Defendants do not assert that Plaintiff Sledge was a Kentucky <u>citizen</u> or <u>resident</u> at the time of the parties' interactions …"

[Reply, Dkt. no. 17, p. 20].

Defendants have also raised new factual assertions concerning Defendant Cleal Watts' calls to Ms. Sledge's cell phone which were not included in the initial Motion. [Watts Declaration (Dkt. No. 17-1) ¶ 4]. Defendants have submitted two (2) new emails, along with testimony, which were not mentioned in the Motion to Dismiss. [Watts Declaration, Dkt. No. 17-1, ¶¶ 9-11, Ex. A and B]. Finally, Defendants have added testimony concerning the number of investors in the gold scheme which was not included in the initial Motion to Dismiss. [Watts Declaration, Dkt. No. 17-1, ¶¶ 12-13].

<u>Plaintiffs have not had the opportunity to respond to Defendants' new factual assertions</u>.

Critically, Defendants have also raised a new legal argument in the Reply. In their initial Motion, Defendants argued that Plaintiffs could not state a claim under the federal securities laws because the Plaintiffs did not demonstrate that the gold investment was an "investment

2

contract" under the *Howey* test [Def. Memo, Dkt. 11-1, pp. 15-16]. In the Reply, the Defendants make a new argument that the securities claims are deficient because, according to the Defendants, the "common enterprise" element of the *Howey* test is also not satisfied. This new argument includes references to legal principles and cases which were not included in the initial memorandum. [Reply, Dkt. No. 17, pp. 9-10].

## Law and Argument

"[T]he decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Nolan LLC v. TDC Int'l Corp*, 2009 WL 1583893 (E.D.Mich. 2009). Where, as here, a movant raises new factual assertions and/or legal arguments in a Reply which were not raised in the initial dispositive motion, there are grounds to allow the non-movant to file a Sur-Reply to address the new items. *See Engineering & Mfg. Services, LLC v. Ashton,* 387 F. App'x 575, 583 (6th Cir.2010) (district court should have allowed sur-reply where moving party's reply brief presented new arguments and new evidence to which the plaintiff did not have a reasonable opportunity to respond); *See also Society of St. Vincent De Paul in the Archdiocese of Detroit v. American Textile Recycling Services*, 2014 WL 65230, at *3 (E.D.Mich. 2014) (granting leave to file sur-reply to address new evidence); *Tackett v. M & G Polymers USA, LLC,* 2011 WL 1114281, at *3–4 (S.D.Ohio Mar.24, 2011) (granting plaintiffs' motion for leave to file a surreply to address new arguments, cases, and factual assertions presented in defendants' summary judgment reply memorandum).

The opportunity to address the new factual assertions and legal arguments raised by Defendants in the Reply is especially important in the present case where Plaintiffs bear the burden of making a prima facie showing that the court has personal jurisdiction over the defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).

Plaintiffs' proposed Sur Reply and the Second Declaration of Mary Phillipa Sledge are attached hereto.

For these reasons, Plaintiffs respectfully request that this Court grant leave to file a Sur-Reply to respond to new factual assertions and legal arguments raised in Defendants' Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss (Dkt. No. 17).

Respectfully Submitted,

/s/ Darrell N. Phillips
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*dphillips@pcplc.com*
*jcook@pcplc.com*
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of January 2014, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Bruce A. McMullen
165 Madison Ave., Suite 2000
Memphis, Tennessee 38103

/s/ Darrell N. Phillips

4

**CERTIFICATE OF CONSULTATION**

      Pursuant to Local Rule 7.2, counsel for Plaintiffs hereby certifies that he has consulted with Bruce McMullan, counsel for Defendants, by telephone on January 30, 2014. Mr. McMullen advised that he does not agree that new factual assertions and new legal arguments appear in Defendants' Reply and for these reasons, Defendants intend to oppose this Motion.

                                                        _/s/ Darrell N. Phillips_____
                                                        Darrell N. Phillips