UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

_____

**MARY PHILLIPA SLEDGE, MARY JANE
PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY
LIMITED PARTNERSHIP**

**Plaintiffs,**

v.                                                                                    Civ. 2:13-cv-2578

**INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III**

**Defendants.**
_____

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO SET RULE 26(f) SCHEDULING
CONFERENCE AND/OR FOR A RULE 16(b) SCHEDULING ORDER**
_____

Plaintiffs Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs") respectfully request this Court set an initial Scheduling Conference pursuant to FED. R. CIV. P. Rule 26(f). The Plaintiffs further request that after said conference, or in lieu of same, this Court enter a Scheduling Order pursuant to FED. R. CIV. P. Rule 16(b), so that the parties may proceed with their initial disclosures and other formal discovery.

**BRIEF FACTUAL SUMMARY**

This is a fraud action in which Plaintiffs specifically allege Defendants induced Plaintiffs to invest $5 million in a bogus scheme to purchase and import unrefined gold dust from Ghana between 2011 and 2013.[1]  Plaintiffs filed their Complaint on July 29, 2013 and served

---

[1] Plaintiffs allege a number of additional causes of action, including conversion, trover, misrepresentation, negligent misrepresentation, violation of Tennessee Consumer Protection Act, violations of the Securities and Exchange Act

Defendants with process on October 25, 2013. (Dkt. nos. 7, 8). On December 13, 2013, Defendants Indico Systems Resources, Inc. and Cleal Watts, III ("Defendants") filed their Motion to Dismiss for Lack of Jurisdiction. (Dkt. no. 11). All parties have filed responses and, specifically, Plaintiffs filed their Surreply with leave of Court on January 31, 2014. (Dkt. no. 23). Neither party has filed anything additional in this matter since that time, while they await an Order from this Court on Defendants' Motion to Dismiss. Originally, this case was assigned to to Judge McCalla. On May 27, 2014, it was transferred to Judge Sheri Lipman. After a short telephonic conference with counsel, Judge Lipman elected to recuse herself on August 1, 2014, 2014, at which time it was transferred to the present judge. Plaintiffs now file this Motion to Set a Rule 26(f) Scheduling Conference so that discovery may commence while the Court evaluates the pending Motion to Dismiss.

## LAW AND ARGUMENT

FED. R. CIV. P. Rule 16 governs the scheduling of pre-trial conferences in all civil matters. Rule 16(b)(2) expressly provides that the judge "must issue the scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." The Advisory Committee Notes to Rule 16 provide that "[a] scheduling conference **may be requested** either by the judge, a magistrate when authorized by district court rule, **or a party** within 120 days after the summons and complaint are filed." (emphasis added). The Notes further state that "[i]f a scheduling conference is not arranged within that time and the case is not exempted by local rule, a scheduling order **must be issued under Rule 16(b)**, after some communication with the

---

of 1933 and 1934, breach of contract, breach of fiduciary duty, negligence, fraudulent conveyance, and for punitive damages. *See* Complaint, Dkt. no. 1.

2

parties, which may be by telephone or mail rather than in person." *Id*. (emphasis added).[2]  In the instant case, sufficient time has passed such that the setting of a scheduling conference and subsequent issuance of a scheduling order is appropriate.

Under either calculation contemplated by FED. R. CIV. P. Rule 16(b)(2), a Scheduling Order is due.  Defendants were served with process on October 25, 2013.  (Dkt. nos. 7, 8).  More than 290 days have passed since Defendants were served.  Defendants made their first appearance in this matter on November 18, 2013.  (*See* Defendants Motion for Extension of Time to File Answer, Dkt. no. 9).  More than 270 days have passed since Defendants first appeared.  Accordingly, and as articulated in the Advisory Committee Notes to Rule 16, Plaintiffs may request that a Scheduling Order be issued.  Even absent a conference between the parties regarding the terms of such a Scheduling Order, the Rules, and Comments thereto, require the issuance of such an Order given the time that has elapsed.

This action alleges a protracted deception relative to the transfer of millions of dollars.  The ultimate adjudication of this matter will therefore likely involve an attempt to trace Plaintiffs' funds and to review Defendants' assets.  Plaintiffs worry that *time is not on their side*, that delays in the commencement of discovery will severely prejudice their efforts to locate, identify and recover these funds.  It has been more than a year since this action was first filed, and more than eight months since the Defendants were served and first appeared.  Without limiting this Court's opportunity to fully evaluate and rule on the pending Motion to Dismiss, Plaintiffs wish to proceed with initial disclosures and the commencement of formal discovery, which may include the taking of party and non-party depositions and the issuance of subpoenas

---

[2] The Comments further provide that the rules are intended to mandate the issuance of a scheduling order unless a local rule creates an exception.  There is no such exception in the Western District of Tennessee's local rules.

to various financial institutions. The issuance of a Scheduling Order is critical to the parties' rights to commence discovery. FED. R. CIV. P. Rule 26(d)(1).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court set a Rule 26(f) Scheduling Conference and/or issue a Rule 16(b) Scheduling Order so that discovery may commence.

                                                   Respectfully Submitted,

                                                   /s/ Darrell N. Phillips
                                                   PIETRANGELO COOK PLC
                                                   Anthony C. Pietrangelo BPR # 15596
                                                   John J. Cook BPR # 17725
                                                   Darrell N. Phillips BPR #30299
                                                   6410 Poplar Avenue, Suite 190
                                                   Memphis, TN 38119
                                                   901.685.2662
                                                   901.685.6122 (fax)
                                                   *jcook@pcplc.com*
                                                   **Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 19th day of August 2014, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

>Bruce A. McMullen
>165 Madison Ave., Suite 2000
>Memphis, Tennessee 38103

>/s/ Darrell N. Phillips

**CERTIFICATE OF CONSULTATION**

Pursuant to Local Rule 7.2, counsel for Plaintiffs hereby certifies that he consulted by telephone with Bruce McMullen on May 19, 2014, and provided a copy of the foregoing Motion and Memorandum on May 22, 2014. On May 27, 2014, Mr. McMullen advised counsel for Plaintiffs that he cannot consent to the Motion and may oppose it.

>/s/ Darrell N. Phillips
>Darrell N. Phillips