IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARY PHILLIPA SLEDGE, MARY JANE PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY LIMITED PARTNERSHIP,<br>　　　　Plaintiffs,<br>v.<br>INDICO SYSTEM RESOURCES, INC. and CLEAL WATTS, III<br>　　　　Defendants. | Case No. 2:13-cv-2578 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SET RULE 26(F) SCHEDULING CONFERENCE AND/OR FOR A RULE 16(B) SCHEDULING ORDER**

Defendants Indico System Resources, Inc. and Cleal Watts, III, ("Defendants"), by and through counsel for this limited purpose, pursuant to Local Rule 7.2(a)(2), respectfully submit to this Court this Response in Opposition to Plaintiffs' motion to set rule 26(f) scheduling conference and/or for a rule 16(b) scheduling order.  By responding in opposition, Defendants are not waiving any defense to jurisdiction, nor are Defendants submitting themselves to the jurisdiction of this Court. In response, Defendants state:

Initiating discovery is not appropriate at this stage of litigation. As Plaintiffs have correctly pointed out in their Motion, Defendants have filed a Motion to Dismiss based on lack of personal jurisdiction. Federal courts have noted, "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."  *Chavous v. Dist. of Columbia Fin. Responsibility and Management*

1

*Assistance Authority*, 201 F.R.D. 1, 3 (D.D.C. 2001). "A stay of discovery pending the determination of a dispositive motion 'is an eminently local means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Id.* Certainly, this logic has led this Court to hold that "a challenge to the Court's jurisdiction at this early stage in the litigation constitutes good cause to delay the discovery process." *See F.H. ex rel. Hall v. Memphis City Schools*, 2013 WL 978255, *1 (W.D. Tenn. Mar. 12, 2013).

Accordingly, any discovery at this stage is inappropriate as this Court has not decided Defendants' dispositive motion to dismiss for lack of personal jurisdiction. This Court should deny Plaintiffs' Motion on the ground that there is good cause to delay the discovery process until the jurisdictional issues have been decided. Consequently, Defendants oppose any Rule 26(f) scheduling conference and/or any Rule 16(b) scheduling order.

## CONCLUSION

For the reasons stated above, the Court should deny Plaintiffs' Motion.

Respectfully Submitted,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

/s/ Bruce A. McMullen
Bruce A. McMullen (#18126)
Lori Patterson (# 19848)
Mary Wu (#31339)
165 Madison Ave, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000
bmcmullen@bakerdonelson.com
mwu@bakerdonelson.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of September 2014, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

>Darrell N. Phillips
>Pietrangelo Cook PLC
>6410 Poplar Avenue, Suite 190
>Memphis, TN 38119
>901-685-2662

>>/s/ Bruce A. McMullen
>>Bruce A. McMullen