IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARY PHILLIPA SLEDGE, MARY JANE PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY LIMITED PARTNERSHIP,<br><br>        Plaintiffs,<br><br>v.<br><br>INDICO SYSTEM RESOURCES, INC. and CLEAL WATTS, III<br><br><br><br>        Defendants. | Case No. 2:13-cv-2578 |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Indico System Resources, Inc. and Cleal Watts, III, ("Defendants"), by and through counsel, file this Answer to Plaintiffs' Complaint. Defendants, using the same paragraph numbers for convenience purposes, state as follows:

### NATURE OF THE CASE

1.      The allegations of Paragraph 1 are denied.

### PARTIES

2.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 2, and therefore deny the allegations in this paragraph.

3.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 3, and therefore deny the allegations in this paragraph.

4.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 4, and therefore deny the allegations in this paragraph.

5.      The allegations of Paragraph 5 are admitted.

6.      Defendants deny that the current address of the registered agent for Indico System Resources, Inc. is 5280 Trail Lake Drive, Suite 14, Fort Worth Texas, 76133.  The remaining allegations contained in Paragraph 6 are admitted.

7.      The first allegation in Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is required, the first allegation in Paragraph 7 is denied.  The remaining allegations contain in Paragraph 7 are denied.

## JURISDICTION AND VENUE

8.      The allegations in Paragraph 8 contain legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 8 are admitted.

9.      The allegations in Paragraph 9 contain legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 9 are admitted.

10.     The allegations in Paragraph 10 contain legal conclusions to which no response is required.   To the extent a response is required, the allegations in Paragraph 10 are denied. Defendants further state Plaintiffs have no cause of action arising under the Securities Act of 1933 or the Securities and Exchange Act of 1934.

11.     The allegations in Paragraph 11 are denied.

12.     The allegations in Paragraph 12 contain legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 12 are admitted.

## FACTUAL ALLEGATIONS

### Summary of Facts

13.     The allegations of Paragraph 13 are denied.

14.     The allegations of Paragraph 14 are denied.

15.     The allegations of Paragraph 15 are denied as follows:

   (a)     The allegations of subparagraph 15(a) are denied.

   (b)     The allegations of subparagraph 15(b) are denied.

   (c)     The allegations of subparagraph 15(c) are denied.

   (d)     The allegations of subparagraph 15(d) are denied.

   (e)     Defendants admit only that they were informed of various events which arose during the course of these transactions which appeared to cause delays, but deny the characterization of the allegations in subparagraph 15(e).

   (f)     The allegations of subparagraph 15(f) are denied.

### Specific Facts

16.     Upon information and belief, the first allegation of Paragraph 16 is admitted. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 16, and therefore deny the remaining allegations in this paragraph.

17.     Defendants admit only that Plaintiff Phillipa Sledge and Defendant Watts conversed about a variety of matters, including but not limited to the business of purchasing raw, gold dust.  Defendants deny the remaining allegations in Paragraph 17.

18.     The allegations of Paragraph 18 are denied.

19.     The allegations of Paragraph 19 are denied.

20.     The allegations of Paragraph 20 are denied.

21.     The allegations of Paragraph 21 are denied.

22.     The allegations of Paragraph 22 are denied.

23.     Defendants admit only that various amounts of money on various dates were wired back and forth between Plaintiffs' different bank accounts and Defendants' bank account. The remaining allegations in Paragraph 23 are denied.

24.     The allegations of Paragraph 24 are denied.

25.     The allegations of Paragraph 24 are denied.

26.     Defendants admit only that various amounts of money on various dates were wired back and forth between Plaintiffs' different bank accounts and Defendants' bank account. The remaining allegations in Paragraph 26 are denied.

27.     The allegations of Paragraph 27 are denied.

28.     Defendants admit only that various amounts of money on various dates were wired back and forth between Plaintiffs' different bank accounts and Defendants' bank account. The remaining allegations in Paragraph 28 are denied.

29.     The allegations of Paragraph 29 are denied.

30.     Defendants admit only that a document named "Soft Corporate Offer" provided by Defendants is attached to the Plaintiffs' Complaint as Exhibit A.  Defendants state that the terms of the document speak for itself.  To the extent the language in the document is misstated or misconstrued, Defendants deny such allegations.

31.     Defendants admit only that they were informed of various events which arose during the course of these transactions which appeared to cause delays, but deny the characterization of the allegations in Paragraph 31.

32.     The allegations of Paragraph 32 are denied.

33.     The allegations of Paragraph 33 are denied.

34.     The allegations of Paragraph 34 are denied.

35.     Defendants admit only that Defendant Watts made telephone calls and sent emails to Plaintiff Sledge, but deny that Defendant Watts knew where Plaintiff Sledge would be receiving this correspondence.  The remaining allegations of Paragraph 35 are admitted.

36.     The allegations of Paragraph 36 are denied.

37.     The allegations of Paragraph 37 are denied.

38.     The allegations of Paragraph 38 are denied.

39.     The allegations of Paragraph 39 are denied.

## COUNT I: FRAUD CLAIM AGAINST WATTS

40.     Defendants reassert and incorporate by reference herein as though fully set forth herein all of the foregoing responses of this Answer.

41.     The allegations of Paragraph 41 are denied.

      (a)     The allegations of subparagraph 41(a) are denied.

      (b)     The allegations of subparagraph 41(b) are denied.

      (c)     The allegations of subparagraph 41(c) are denied.

      (d)     The allegations of subparagraph 41(d) are denied.

42.     The allegations of Paragraph 42 are denied.

43.     The allegations of Paragraph 43 are denied.

44.     The allegations of Paragraph 44 are denied.

45.     The allegations of Paragraph 45 are denied.

46.     The allegations of Paragraph 46 are denied.

47.     The allegations of Paragraph 47 are denied.

## COUNT II: CONVERSION, TROVER AND MISAPPROPRIATION CLAIMS AGAINST WATTS

48.     Defendants reassert and incorporate by reference herein as though fully set forth

herein all of the foregoing responses of this Answer.

49.     The allegations of Paragraph 49 are denied.

50.     The allegations of Paragraph 50 are denied.

51.     The allegations of Paragraph 51 are denied.

### COUNT III: NEGLIGENT MISREPRESENTATION

52.     Defendants reassert and incorporate by reference herein as though fully set forth

herein all of the foregoing responses of this Answer.

53.     The allegations of Paragraph 53 are denied.

54.     The allegations of Paragraph 54 are denied.

55.     The allegations of Paragraph 55 are denied.

56.     The allegations of Paragraph 56 are denied.

### COUNT IV: VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT BY WATTS

57.     Defendants reassert and incorporate by reference herein as though fully set forth

herein all of the foregoing responses of this Answer.

58.     The allegations of Paragraph 58 are denied.

59.     The allegations of Paragraph 59 are denied.

60.     The allegations of Paragraph 60 are denied.

### COUNT V: VIOLATION §10(b) OF THE SECURITIES AND EXCHANGE ACT OF 1934 AND RULE 10b-5 BY WATTS AND INDICO

61.     Defendants reassert and incorporate by reference herein as though fully set forth

herein all of the foregoing responses of this Answer.

62.     The allegations of Paragraph 62 are denied.

63.     Defendants state that Plaintiffs have no cause of action under the Securities and

Exchange Act of 1934.  The allegations of Paragraph 63 are denied.

> (a)     The allegations of subparagraph 63(a) are denied.
>
> (b)     The allegations of subparagraph 63(b) are denied.
>
> (c)     The allegations of subparagraph 63(c) are denied.

64.     The allegations of Paragraph 64 are denied.

## COUNT VI: VIOLATION OF § 20(A) OF THE SECURITIES AND EXCHANGE ACT OF 1934 BY WATTS

65.     Defendants reassert and incorporate by reference herein as though fully set forth

herein all of the foregoing responses of this Answer.

66.     Defendants state that Plaintiffs have no cause of action under the Securities and

Exchange Act of 1934.  The allegations of Paragraph 66 are denied.

## COUNT VII: CLAIM UNDER § 12(1) OF THE SECURITIES ACT OF 1933 AGAINST INDICO AND WATTS

67.     Defendants reassert and incorporate by reference herein as though fully set forth

herein all of the foregoing responses of this Answer.

68.     Defendants state that Plaintiffs have no cause of action under the Securities Act of

1933.  The allegations of Paragraph 68 are denied.

69.     The allegations of Paragraph 69 are denied.

70.     The allegations of Paragraph 70  are denied.

71.     The allegations of Paragraph 71 are denied.

72.     The allegations of Paragraph 72  are denied.

73.     The allegations of Paragraph 73 are denied.

74.     The allegations of Paragraph 74  are denied.

## COUNT VIII: CLAIM UNDER § 12(1) OF THE SECURITIES ACT OF 1933 AGAINST INDICO AND WATTS

75.     Defendants reassert and incorporate by reference herein as though fully set forth herein all of the foregoing responses of this Answer.

76.     Defendants state that Plaintiffs have no cause of action under the Securities Act of 1933.  The allegations of Paragraph 76 are denied.

77.     The allegations of Paragraph 77 are denied.

78.     The allegations of Paragraph 78  are denied.

79.     The allegations of Paragraph 79 are denied.

80.     The allegations of Paragraph 80 are denied.

81.     The allegations of Paragraph 81 are denied.

82.     The allegations of Paragraph 82  are denied.

## COUNT IX: BREACH OF CONTRACT BY WATTS AND INDICO

83.     Defendants reassert and incorporate by reference herein as though fully set forth herein all of the foregoing responses of this Answer.

84.     The allegations of Paragraph 84 are denied.

    (a)     The allegations of subparagraph 84(a) are denied.

    (b)     The allegations of subparagraph 84(b) are denied.

    (c)     The allegations of subparagraph 84(c) are denied.

    (d)     The allegations of subparagraph 84(d) are denied.

    (e)     The allegations of subparagraph 84(e) are denied.

85.     The allegations of Paragraph 85 are denied.

86.     The allegations of Paragraph 86 are denied.

87.     The allegations of Paragraph 87 are denied.

## COUNT X: BREACH OF FIDUCIARY DUTY BY WATTS

88.     Defendants reassert and incorporate by reference herein as though fully set forth herein all of the foregoing responses of this Answer.

89.     The allegations of Paragraph 89 are denied.

      (a)     The allegations of subparagraph 89(a) are denied.

      (b)     The allegations of subparagraph 89(b) are denied.

      (c)     The allegations of subparagraph 89(c) are denied.

      (d)     The allegations of subparagraph 89(d) are denied.

      (e)     The allegations of subparagraph 89(e) are denied.

90.     The allegations of Paragraph 90 are denied.

91.     The allegations of Paragraph 91 are denied.

92.     The allegations of Paragraph 92 are denied.

## COUNT XI: NEGLIGENCE BY WATTS

93.     Defendants reassert and incorporate by reference herein as though fully set forth herein all of the foregoing responses of this Answer.

94.     The allegations of Paragraph 94 are denied.

95.     The allegations of Paragraph 95 are denied.

      (a)     The allegations of subparagraph 95(a) are denied.

      (b)     The allegations of subparagraph 95(b) are denied.

      (c)     The allegations of subparagraph 95(c) are denied.

96.     The allegations of Paragraph 96 are denied.

## COUNT XII: FRAUDULENT CONVEYANCE CLAIM AGAINST WATTS

9

97.     Defendants reassert and incorporate by reference herein as though fully set forth herein all of the foregoing responses of this Answer.

98.     The allegations of Paragraph 98 are denied.

99.     The allegations of Paragraph 99  are denied.

100.    The allegations of Paragraph 100 are denied.

101.    The allegations of Paragraph 101  are denied.

102.    The allegations of Paragraph 102 are denied.

103.    The allegations of Paragraph 103  are denied.

104.    The allegations of Paragraph 104  are denied.

105.    The allegations of Paragraph 105  are denied.

106.    The allegations of Paragraph 106  are denied.

### COUNT XIII: PUNITIVE DAMAGES AGAINST WATTS

107.    Defendants reassert and incorporate by reference herein as though fully set forth herein all of the foregoing responses of this Answer.

108.    The allegations of Paragraph 108 are denied.

109.    The allegations of Paragraph 109 are denied.

Insofar as any allegation has not been specifically admitted, explained, or denied, it is hereby denied generally as if denied specifically.  In response to Plaintiff's Prayer for Relief section, subparts 1-3, Defendants deny that Plaintiffs are entitled to any relief or damages from Defendants.

Having fully answered the allegations of the Complaint, Defendants rely upon the following separate and independent defenses, based on the Defendants' information and investigation to date:

110.    This Court has no personal jurisdiction over Defendants.

111.    Some or all of Plaintiffs' allegations fail to state a claim for relief upon which relief can be granted against Defendants.

112.    Defendants deny any liability, but, in any event, Plaintiffs' claims are not ripe and it is unclear what loss, if any, they may have suffered at this time.  Plaintiffs have not suffered any loss concerning some or all of Plaintiffs' transactions, and therefore Plaintiffs' claims are not ripe and should be barred.

113.    Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged damages (if any exist) were not proximately caused by any wrongdoing on Defendants' part. Instead, any alleged loss claimed may be caused by third parties outside the control and influence of Defendants, or by superseding or intervening causes, and therefore, Defendants cannot be held liable for any actions or inactions of those third parties or superseding or intervening causes.

114.    Plaintiffs' claims are barred in whole or in part because Defendants did not make any false or misleading statements or omissions of material facts relating to Plaintiffs' transactions.

115.    Defendants assert that Plaintiffs' claims are barred to the extent that they are based upon duties to and/or by Plaintiffs which cannot properly be assigned to Defendants.

116.    Defendants assert that if any breach of duty has occurred on the part of Defendants which is expressly denied, said breach of duty was waived by the conduct, actions and/or inaction of Plaintiffs.

117.    If proven applicable, Defendants assert that Plaintiffs are not entitled to recover because the fault attributable to Plaintiffs, is equal to or greater than the percentage of any fault attributable to Defendants, thus, no recovery can be had against Defendants.  Plaintiffs did not

act in accordance with their duties of care or fulfill their own obligations of due diligence with respect to the transactions made with Defendants.  Alternatively, if the fault of Plaintiffs is less than fifty percent (50%), any award against Defendants must be reduced in proportion to the amount of fault attributable to Plaintiffs.

118.   Defendants affirmatively allege comparative fault against Patrick Koroma and other individuals whose identities are unknown to Defendants at this time.  Mr. Koroma was the individual who forwarded information regarding various events which allegedly took place in Africa and supplied Defendants with other documents used in the course of Plaintiffs' transactions.  If fault exists, Defendants assert that fault is entirely attributable to Mr. Koroma and/or other individuals whose identities are unknown to Defendants at this time.

119.   Defendants rely on all applicable statutes of limitation and repose, if proven applicable by investigation and discovery.

120.   Defendants assert that Plaintiffs failed to mitigate their damages, if proven applicable by investigation and discovery.

121.   Defendants rely upon the defenses of waiver, unclean hands, estoppel and laches, if proven applicable by investigation and discovery.

122.   Defendants rely on any and all applicable limitations on damages provided by the Tennessee Civil Justice Act of 2011, Tenn. Code Ann. § 29-38-101, *et seq.*

123.   To the extent that Plaintiffs seek recovery of punitive damages from Defendants, their claim for punitive damages against Defendants cannot be sustained, because an award of punitive damages under Tennessee law without proof of every element beyond a reasonable doubt would violate Defendants' due process rights under the Fourteenth Amendment to the

United States Constitution and under the due process of law provisions of the Tennessee Constitution.

124.    To the extent that Plaintiffs seek recovery of punitive damages from Defendants, their claim for punitive damages against Defendants cannot be sustained, because an award of punitive damages under Tennessee law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury or court may impose would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and under the due process of law provisions of the Tennessee Constitution.

125.    To the extent that Plaintiffs seek recovery of punitive damages from Defendants, any award of punitive damages based on anything other than Defendants' conduct in connection with the transactions which are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Tennessee constitutional provisions providing for due process and guaranty against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendants against impermissible multiple punishment for the same wrong.

126.    To the extent that Plaintiffs seek recovery of punitive damages from Defendants, any award of punitive damages based on anything other than Defendants' conduct in connection with the transactions which are the subject of this lawsuit within the State of Tennessee would subject Defendants to extraterritorial punishment in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and the Tennessee constitutional provisions providing for due process of law.

127.    Defendants reserve the right to amend this Answer or assert additional defenses that may be revealed during the course of this proceeding.

WHEREFORE, having fully answered the Complaint against them, Defendants pray that Plaintiffs' Complaint be dismissed with prejudice and that all costs, including discretionary costs be assessed against Plaintiffs and that Defendants be granted any further relief that the Court deems necessary.

Respectfully Submitted,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

/s/ Lori H. Patterson
Bruce A. McMullen (#18126)
Lori Patterson (# 19848)
Mary Wu (#31339)
165 Madison Ave, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000
bmcmullen@bakerdonelson.com
lpatterson@bakerdonelson.com
mwu@bakerdonelson.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of January 2015, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

Darrell N. Phillips
Pietrangelo Cook PLC
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901-685-2662

/s/ Lori H. Patterson
Lori H. Patterson

14