UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| MARY PHILLIPA SLEDGE, <br> MARY JANE PIDGEON SLEDGE <br> TRUST, and PIDGEON SLEDGE <br> FAMILY LIMITED PARTNERSHIP <br><br>     Plaintiffs, <br><br> v. <br><br> INDICO SYSTEM RESOURCES, INC. and <br> CLEAL WATTS, III <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civ. 2:13-cv-2578 |

_____

## SCHEDULING ORDER
_____

    Pursuant to written notice, the parties conferred and agreed upon the matters set forth herein. Counsel for both parties also appeared before the Court for a scheduling conference on January 16, 2015. The following dates are established as the final deadlines for:

- INITIAL DISCLOSURES: No later than January 30, 2015.

- MOTIONS TO JOIN PARTIES: filed by March 17, 2015.

- MOTIONS TO AMEND PLEADINGS: filed by March 17, 2015.

- MOTIONS TO DISMISS: filed by April 16, 2015.

- EXPERT WITNESS DISCLOSURES (Rule 26(a)(2)):

    (a)     DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION: by September 14, 2015.

    (b)     DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION: by October 13, 2015.

- COMPLETING ALL DISCOVERY: by November 12, 2015.

    (a)     WRITTEN DISCOVERY: by October 13, 2015.

      (b)      DEPOSITIONS:  by November 12, 2015.

      (c)      EXPERT WITNESS DEPOSITIONS:  by November 12, 2015.

      (d)      SUPPLEMENTATION UNDER RULE 26(e)(2): by November 12, 2015.

- MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/<u>DAUBERT</u> MOTIONS: by November 27, 2015.

- MEDIATION:  December 15, 2015.

- FILING DISPOSITIVE MOTIONS:  by January 15, 2016.

- OTHER RELEVANT MATTERS:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have determined, as a preliminary matter, that the relevant electronic information may be discoverable in hard-copy or electronic form on disc in PDF, whichever is more practical, with costs borne by the disclosing party.  This determination does not preclude the provision of computers for inspection by either party.  Should the parties later determine that requests for the material sought are too cumbersome or too difficult to authenticate in this manner, they agree to modify the scheduling order to incorporate an e-discovery plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline.  All motions, requests for admissions, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection, which is the subject of the motion, if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection is waived.

This case is set for a non-jury trial.  The pretrial order date, pretrial conference date, and trial date will be set by the presiding judge.  The parties anticipate the trial will last from three to ten days.

Pursuant to Local Rule 16.2(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

*This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.*

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 16, 2015