# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.                                            Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

## PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO WITHDRAW AS COUNSEL

Come now Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs") and in response to the Motion to Withdraw as Counsel ("Motion") filed by Indico System Resources, Inc. and Cleal Watts, III ("Defendants" or "Watts"), would show unto the Court as follows:

As a threshold matter, <u>Plaintiffs do not oppose the withdrawal of Defendants' counsel</u>. Plaintiffs cannot consent to the Motion *however*, to the extent that it 1) <u>seeks a thirty (30) day litigation stay</u>; and 2) <u>that it does not require Defendants to either register for ECF notices or provide an address where service by ordinary U.S. Mail shall be deemed sufficient</u>. Accordingly, Plaintiffs would respectfully request that this Court grant Defendants' Motion only on condition that it does not carry with it any delay or stay in the litigation and that Defendants

1

be required to register with ECF or provide a service address deemed satisfactory for notice purposes.

1. *Defendants should not be granted any stay in the litigation.*

The Complaint in this matter was filed on July 29, 2013. (ECF No. 1). Defendants avoided service for three months. Although contacted by various process servers, investigators and counsel for Plaintiffs, Defendants would not acknowledge the filing of the Complaint or accept service until October 26, 2013. (ECF Nos. 7, 8). Upon receiving service, Defendants filed a Motion to Dismiss which, for various reasons, was not adjudicated until December of 2014. (ECF Nos. 34, 36). Defendants therefore were not required to answer the initial Complaint until January 2015, a year and a half after the commencement of the litigation.

Since the entry of the operative Scheduling Order in this matter, (ECF No. 41), Plaintiffs have issued a number of subpoenas to financial institutions and have scheduled depositions of SEVEN (7) individuals, including Defendants, to occur during the next three weeks (April 7, 14, 15, 16, 21, 22). While Plaintiffs are certainly willing to consider delaying the already scheduled depositions for thirty (30) days as an accommodation, Plaintiffs would request that they not be at all limited in their ability to continue conducting third-party discovery in the form of document requests from various financial institutions, etc. This litigation alleges the conversion and transfer of millions of dollars. Plaintiffs worry they have lost the benefit of time for various reasons and believe that further delays will only impede their right to trace the subject funds.

2. *Defendants must provide a means of accepting adequate service after Baker Donelson's withdrawal.*

In light of the lengths to which Defendants went to avoid service in the first instance, Plaintiffs would be severely prejudiced if Defendants' counsel were permitted to withdraw

without any requirement from this Court that Defendants themselves either enroll in ECF for the purpose of receiving electronic notice of filings or provide an address through which traditional service can be easily obtained. If the Court is not inclined to require Defendants to register with ECF, Plaintiffs would respectfully request that the Court, in its Order, require Defendants to provide a specific mailing address at which traditional service may occur. Although traditional service on *pro se* Defendants is provided for in both the federal rules and the local rules, Plaintiffs worry that, absent an Order, Defendants may claim that they never received particular filings, motions or pleadings and that they should not therefore be prejudiced by the failure to respond. This is particularly true for the corporate Defendant, Indico System Resources, Inc. which, pursuant to Sixth Circuit case law, cannot appear and defend without the assistance of counsel.[1] Plaintiffs require an adequate means of serving notice on both Defendants in the event they do not retain new counsel. The absence of this would work an injustice on Plaintiffs who are eager to continue discovery and proceed to trial.

## CONCLUSION

For the foregoing reasons, Plaintiffs pray that should this Court grant Defendants' Motion, it deny that portion of the Motion which seeks a thirty (30) day stay of litigation. Plaintiffs further request that this Court require Defendants to provide an adequate means of accepting service of notices and papers that Defendants will not later dispute.

---

[1] The Sixth Circuit has recognized that corporations must be represented by counsel; they cannot appear as *pro se* litigants. *Harris v. Akron Dep't of Pub. Health*, 10 F. App'x 316, 319 (6th Cir. 2001)(citing *Doherty v. Am. Motors Corp.,* 728 F.2d 334, 340 (6th Cir.1984); *Ginger v.. Cohn,* 426 F.2d 1385, 1386 (6th Cir.1970)).

Respectfully Submitted,


/s/ Darrell N. Phillips
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*jcook@pcplc.com*
**Attorneys for Plaintiffs**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of March 2015, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Bruce A. McMullen
165 Madison Ave., Suite 2000
Memphis, Tennessee 38103

/s/ Darrell N. Phillips