IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.                                                                        Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' AMENDED MOTION TO WITHDRAW COUNSEL**

Before the Court is the Defendants' Amended Motion to Withdraw Bruce A. McMullen, Lori Patterson, Mary Wu, and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, as Counsel of record for Defendants. (ECF No. 47). Defendants state that "they are in agreement that Baker Donelson has fulfilled its requirements to them, but Defendants do not have financial resources to continue forward with Baker Donelson as representing counsel." Along with withdrawal, the Defendants request a 30-day stay in litigation to obtain new counsel. Plaintiffs filed a Response to the Motion, indicating that they do not oppose the Motion to Withdraw but do oppose the Defendants' request for a 30-day stay in order for the Defendants to obtain new counsel. (ECF No. 46).

Attorney withdrawal issues are "committed to the court's discretion,"[1] and the Tennessee Rules of Professional Conduct are instructive. The Rules permit a lawyer to withdraw from representing a client if, among other reasons, "withdrawal can be accomplished without material adverse effect on the interest of the client," "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or "for other good cause."[2] The Rules also mandate that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."[3]

Although the Defendants have shown good cause under the Rules, the Court must deny the Motion to Withdraw for two reasons. First, Defendant Indico System Resources, Inc. is a corporation, and corporations cannot litigate pro se in federal courts.[4] Second, in this District, "[o]rdinarily, withdrawal will not be allowed if withdrawal will delay the trial action."[5] As the Plaintiffs point out in their opposition to the requested 30-day stay, this action has been pending since July 29, 2013, and the Plaintiffs have already scheduled numerous depositions. Granting the Defendants' Motion to Withdraw would substantially delay the action and prejudice the Plaintiffs. Thus, the Motion to Withdraw is **DENIED** without prejudice to refile when Plaintiffs have retained new counsel. The Court notes the Plaintiffs' concession that they "are certainly willing to consider delaying the already scheduled depositions for thirty (30) days as an

---

[1] *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009).

[2] *See* Tenn. R. Prof. Conduct 1.16(b)(1), (5), (7).

[3] Tenn. R. Prof. Conduct 1.16(c).

[4] *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984).

[5] Local Rule 83.5 (W.D. Tenn.).

accommodation," and the Court **ORDERS** the Plaintiffs to delay depositions as is reasonable to the Defendants.

    **IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**
                                              HON. S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT COURT

                                              Date: April 6, 2015