IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.                                            Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

## PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION TO BAKER DONELSON'S MOTION FOR IMPOSITION OF A WITHDRAWAL NOTICE PERIOD

Come now Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs") and in response to the Motion for Withdrawal Notice Period ("Motion") filed by Bruce McMullen, Lori Patterson, and Mary Wu of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson")[1] would show unto the Court as follows:

As a threshold matter, <u>Plaintiffs do not oppose the withdrawal of Baker Donelson</u>. Plaintiffs simply oppose any relief that would leave Defendants unrepresented. On April 6, 2015, after Baker Donelson first moved this Court to permit its withdrawal, this Court ruled that Baker Donelson may not withdraw until such time as new counsel has been substituted. (Order, ECF No. 52). In light of the long delays that have occurred to date (which were acknowledged

---

[1] The term "Defendants" in this Response refers to Defendants Cleal Watts, III and Indico Systems Resources, Inc.

1

by this Court in its Order), Plaintiffs would request that any relief granted in response to Baker Donelson's Motion be in the form of some sanction against Defendants for failure to comply with an ostensible substitution deadline, and <u>not</u> a backdoor mechanism for the withdrawal of Baker Donelson.

As the history of this case clearly illustrates, Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction, which delayed discovery for more than a year. (ECF No. 11). Although Baker Donelson now cites Defendants' financial hardship as its basis for requested withdrawal, recent subpoenas for Defendants' financial information have revealed that Defendants have paid Baker Donelson <u>at least</u> $34,000.00 to date in legal fees. As the bulk of Baker Donelson's participation in this litigation to date has been absorbed in their effort to seek dismissal on behalf of their clients, it seems unfair to permit Defendants to continue unrepresented now that those efforts have been unsuccessful.

Significantly, Defendants have continued to obstruct Plaintiffs' efforts to conduct discovery. For example, Plaintiffs have served deposition subpoenas by certified mail (return receipt requested pursuant to Fed. R. Civ. P. Rule 45) on at least three members of Defendant Cleal Watts' family at their current addresses, all of which have been returned unclaimed. Plaintiffs have been forced to hire personal process servers, who have recently reported that all of these would-be deponents are evading service. In addition to this in-person evasion, Defendants' discovery responses were woefully deficient. Defendants have refused to provide the most basic information (including contact information for people with knowledge) and have refused to permit access to critical electronic communication. To be clear, Plaintiffs would be severely prejudiced at this time if Defendants were permitted to proceed without counsel.

In support of its present Motion, Baker Donelson relies on Woods v. K.C. Masterpiece, 2006 WL 1875524, a civil rights case in the Eastern District of Missouri. Without conceding that this case is in any way controlling upon this Court, Plaintiffs would show that the citation provided by Defendants does not accurately reflect the ruling of that case, or its arguable application in the instant matter. Id., *at \*1*. In Woods, the Court sanctioned the Defendant corporation as a result of the Defendant corporation's failure to comply with an order to retain substitute counsel; specifically, the Woods Court struck the Defendant corporation's responsive pleadings. Id. The Woods Court went on to enter a default judgment against the Defendant corporation as a further result of the violation of its order. Id.[2]

As this Court noted in its Order Denying Without Prejudice Defendants' Amended Motion to Withdraw Counsel, every circuit to take up the issue of withdrawal for failure to pay fees has looked to the rules governing professional conduct for guidance. (ECF No. 52) (citing Brandon v. Blech, 560 F.3d 536, 538 (6th Cir. 2009). TENN. R. PROF'L. CONDUCT Rule 1.16(c) expressly provides that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." (emphasis added). The decision to permit or refuse attorney withdrawal is within the Court's discretion. Brandon v. Blech, at 538. Although the Brandon v. Blech Court recognized that there are policy reasons favoring the permission of withdrawal under the right circumstances, the Court expressly noted that a district court may forbid withdrawal if it would work severe prejudice on the client or third parties. Id. Such is the case in this matter: Permitting Defendants to proceed unrepresented

---

[2] Plaintiffs also cite to Top Sales, Inc. v. Designer Vans, Inc., 1997 WL 786254 (N.D. Tex. Dec. 11, 1997), but fail to articulate the ruling of that Court. Without conceding its applicability, Plaintiffs would point out that the Top Sales Court granted counsel's motion to withdraw and ordered defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it.

3

would severely prejudice Plaintiffs, who must be permitted to conduct discovery without facing claims of non-service or non-receipt of pleadings, motions or discovery requests.

Accordingly, if Baker Donelson requires a court order to "incentivize" its client to find new counsel, Plaintiffs would request that any new Order actually operate to "motivate" the Defendants to comply and not create an escape hatch for Baker Donelson. As counsel for Defendants, Baker Donelson has worked for more than a year to fight Plaintiffs efforts to move this litigation forward. While Plaintiffs do not oppose Baker Donelson's withdrawal in principle, Plaintiffs do respectfully request that this Court continue to require that Baker Donelson *only* be permitted to withdraw once Defendants have retained substitute counsel.

Respectfully Submitted,

/s/ Darrell N. Phillips
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*jcook@pcplc.com*
**Attorneys for Plaintiffs**

4

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 14th day of April 2015, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

      Bruce A. McMullen
      Baker Donelson Bearman Caldwell
      165 Madison Ave., Suite 2000
      Memphis, Tennessee 38103

                                 /s/ Darrell N. Phillips