IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARY PHILLIPA SLEDGE, MARY JANE PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY LIMITED PARTNERSHIP,<br>　　　　Plaintiffs, <br><br>v.<br><br>INDICO SYSTEM RESOURCES, INC. and CLEAL WATTS, III<br><br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Case No. 2:13-cv-2578<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DIRECTING DEFENDANTS TO OBTAIN SUBSTITUTE COUNSEL**

Before the Court is counsel for the Defendants' Motion for Imposition of Withdrawal Notice Period, filed April 14, 2015. (ECF No. 53). On April 6, 2015, the Court denied Defendants' Motion to Withdraw as Counsel without prejudice to refile once the Defendants obtain new counsel.[1] (ECF No. 52). Now, Baker Donelson, counsel for Defendants, requests that the Court impose a withdrawal notice period, effectively setting a deadline by which the Defendants—one of which is a corporation—must obtain new counsel. Baker Donelson requests that the Court's order allow counsel to withdraw after the deadline to obtain new counsel. In support of the Motion, Baker Donelson states that "Defendants have not and continue to substantially fail to fulfill their obligations to Baker Donelson."

The Plaintiffs responded in opposition to the Motion. (ECF No. 54). They do not oppose the withdrawal of Baker Donelson, but they "request that any new Order actually operate to

---

[1] The Court's full rationale in denying the Motion to Withdraw without prejudice is set forth in the Order (ECF No. 52), and the Court will not reproduce its reasoning here.

1

'motivate' the Defendants to comply and not create an escape hatch for Baker Donelson." They further note their rigorous but failed attempts to effect service by certified mail on several members of Defendant Watts's family. Consequently, the Plaintiffs request that a sanction be imposed for failure to comply with any Court order imposing a withdrawal period. They do not advocate for any specific sanction.

Counsel for the Defendants' Motion is well-taken, as is the Plaintiff's opposition. Therefore, the Court imposes a withdrawal period up to and including **May 14, 2015**. The Defendants are **ORDERED** to secure new counsel by that date.[2] If the Defendants have not filed a motion to substitute counsel by that date, Baker Donelson may file a renewed motion to withdraw. Then, the Court will set a hearing on the motion, at which the Court will consider what sanctions, if any, will be imposed on the Defendants. In this regard, **the Court hereby notifies the Defendants that if they do not file a motion to substitute counsel by May 14, 2015, they are subject to any and all sanctions under Rule 37**.[3]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
HON. S. THOMAS ANDERSON
UNITED STATES DISTRICT COURT

Date: April 16, 2015

---

[2] The Court recognizes that Defendant Cleal Watts, an individual, is not prohibited from proceeding pro se. If he wishes to proceed pro se, he should notify the Court by the same May 14, 2015 deadline. If he does not file such notice, he will be held to the same deadline to file a motion to substitute counsel and will face the same potential sanctions as his co-defendant. Defendant Indico System Resources, Inc., a corporation, generally may not proceed pro se, as discussed in the Court's previous order. (ECF No. 52).

[3] Counsel for the Defendants also filed a Motion for a Hearing on the instant Motion, which the Plaintiffs support. (ECF Nos. 55, 56). The Court has resolved the issue in this order, taking into account the positions of both parties. Therefore, the Motion for a Hearing is **DENIED**.