IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.                                                    Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL DEFENDANT TO PROVIDE
CONSENT TO RACKSPACE US, INC.**

---

Since the commencement of formal discovery in January 2015, Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs") have been working diligently to gather evidence, both through written discovery to Indico System Resources, Inc. and Cleal Watts, III ("Defendants" or "Watts"), as well as through Rule 45 discovery to third-party financial institutions and other entities in possession of relevant materials.  Of these third-parties, Rackspace US, Inc. ("Rackspace"), a non-party provider of email and hosting services, has refused to provide copies of critically important emails between the parties and between Defendants and other witnesses, absent the consent of Defendant Watts. *See Rackspace response,* Exhibit A hereto.  Despite requests for such consent, Defendant Watts has refused to provide it.  On April 8, 2015, Plaintiffs sent a Request for Production of

1

Documents, with an attached consent form. *See Plaintiffs Second Request for Production of Documents*, attached hereto as Exhibit B. Plaintiffs therefore seek an Order from this Court compelling Defendant Watts to provide his consent to Rackspace in substantially the form of the consent attached to Exhibit B.

## FACTUAL SUMMARY

This is a fraud action in which Plaintiffs specifically allege Defendants induced Plaintiffs to invest $5 million in a bogus scheme to purchase and import unrefined gold dust from Ghana between 2011 and 2013.[1] A significant amount of the alleged fraud occurred over email, while Defendants were using email addresses associated with the domain names "usisr.com" and "indicopublic.com" including but not limited to the following specific addresses: "sami@usisr.com", "clealiii@usisr.com", "isrdcw@usisr.com", and "clealiii@indicopublic.com". Defendants would routinely make representations to Plaintiffs from these email addresses. Often, Defendants would forward third-party communications to Plaintiffs from individuals alleged to exist in Africa using these email addresses. As part of this litigation, Plaintiffs intend to dispute the existence of some of these individuals, as well as Defendant Watts' assertions that he did not originate some of the fraudulent materials communicated to Plaintiffs over email.

On January 23, 2015, Plaintiffs issued a subpoena to Rackspace seeking all correspondence in these accounts featuring certain key words that were relevant in this litigation. The parties agreed that, as there was some risk that Defendants' counsel may have communicated with Defendants at one or more of these addresses, that Defendants would have

---

[1] Plaintiffs allege a number of additional causes of action, including conversion, trover, misrepresentation, negligent misrepresentation, violation of Tennessee Consumer Protection Act, violations of the Securities and Exchange Act of 1933 and 1934, breach of contract, breach of fiduciary duty, negligence, fraudulent conveyance, and for punitive damages. *See* Complaint, Dkt. no. 1.

the opportunity to review the materials <u>before</u> Plaintiffs, and to create a privilege log when appropriate redactions were made.  In addition to this Rackspace subpoena, Plaintiffs also sought original emails from Defendants pursuant to Fed. R. Civ. P. Rule 34.

On March 10, 2015, Rackspace responded to the subpoena.  In a letter from counsel for Rackspace, Rackspace asserted that it was precluded from providing the electronic communications by the Stored Communications Act, 18 U.S.C. §2701 *et seq* ("SCA"), <u>without consent from Cleal Watts</u>.  Separately, Defendants responded to discovery requests for similar materials that Defendant Watts' only computer "is in Dallas and its hard drive crashed."  Defendants provided <u>one single email</u> in their responses to requests for production of documents and neglected to provide the hundreds of others which will surely be relevant.

On March 26, 2015, Plaintiffs' counsel spoke with Defendants' counsel and requested the necessary consent for Rackspace.  On March 27, 2015, Plaintiffs' counsel sent Defendants' counsel a proposed consent form.  On March 30, 2015, Defendants' counsel indicated Defendant would not give consent because Defendants felt the request was too broad.

Accordingly, on April 8, 2015, Plaintiffs sent Defendants' counsel the Second Request for Production of Documents, which requested that Defendant Watts provide the necessary consent to Rackspace via the attached form.  <u>Exhibit B</u>.  More than thirty days have passed and Defendants have not provided any response to the Second Request for Production of Documents.  More specifically, they have not provided an executed consent form.

Absent voluntary consent from Defendants, Plaintiffs require this Court's intervention to compel Defendant Watts to issue the consent.  Plaintiffs would show that they are entitled to the Rackspace materials by virtue of Fed. R. Civ. P. Rule 34 and by application of case law.  In the

event Defendants fail to comply with an Order requiring same, Plaintiffs would ask that this Court order sanctions pursuant to FED. R. CIV. P. Rule 37 until such time as consent is provided.

## LEGAL ARGUMENT

As a threshold matter, Plaintiffs are entitled to an Order compelling consent because FED. R. CIV. P. Rule 34 provides that Defendants are required to "<u>permit</u> the requesting party" to "inspect, copy, test, or sample . . . any designated documents or<u> electronically stored information</u>" that are "in the responding party's possession, custody, or<u> control</u>." FED. R. CIV. P. Rule 34(a)(1)(emphasis added).  The materials sought from Rackspace are within Defendants' control.  Moreover, courts have held that, when faced with refusals from non-party entities under the Stored Communications Act (such as in this case), it is appropriate to compel consent from the account holder to permit inspection of the requested materials.  For these reasons, this Court should compel Defendants to execute the consent form attached hereto and permit Plaintiffs to inspect Defendants' emails which relate to the allegations in this litigation.

To provide context for the necessity of this Motion, Rackspace has cited 18 U.S.C. §2701(a)(1) and §2702(a)(2) ("SCA") in its refusal to provide materials pursuant to subpoena, and argued that Rackspace cannot "intentionally accesses <u>without authorization</u> a facility through which an electronic communication service is provided" or "divulge the contents" of these communications. (emphasis added).  Rackspace has further stated that "before Rackspace can produce documents that constitute communications in response to a third-party subpoena, it must have the express written consent of the subscriber or a party to the communication." *See Rackspace response,* <u>Exhibit A</u>.

4

Courts both in and outside the 6th Circuit have held that a party to civil litigation may seek a court order compelling an opposing party to provide sufficient consent under the SCA. In Flagg v. City of Detroit, 252 F.R.D. 346 (E.D. Mich. 2008), the Court was similarly asked, *inter alia*, to order the Defendant City of Detroit to consent to the release of relevant, non-privileged electronically stored communications held by a non-party service provider. The Court, through its analysis of FED. R. CIV. P. Rule 34, held that it had authority to order such consent.

> It is a necessary and routine incident of the rules of discovery that a court may order disclosures that a party would prefer not to make. As illustrated by the survey of Rule 34 case law earlier in this opinion, this power of compulsion encompasses such measures as are necessary to secure a party's compliance with its discovery obligations. In this case, the particular device that the SCA calls for is "consent," and Defendant Kilpatrick has not cited any authority for the proposition that a court lacks the power to ensure that this necessary authorization is forthcoming from a party with the means to provide it. Were it otherwise, a party could readily avoid its discovery obligations by warehousing its documents with a third party under strict instructions to release them only with the party's "consent."

Flagg v. City of Detroit, 252 F.R.D. 346, 363 (E.D. Mich. 2008)

As to the application of Rule 34, the Flagg Court observed that "[t]he Sixth Circuit and other courts have held that documents are deemed to be within the "control" of a party if it "has the legal right to obtain the documents on demand." Flagg v. City of Detroit, 252 F.R.D. 346, 353 (E.D. Mich. 2008)(citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.1995); *see also* Mercy Catholic Medical Center v. Thompson, 380 F.3d 142, 160 (3d Cir.2004); Searock v. Stripling, 736 F.2d 650, 653 (11th Cir.1984).[2]

---

[2] Other courts have found this procedure to be appropriate, even in the face of challenges alleging "judicial coercion." Negro v. Superior Court, 179 Cal. Rptr. 3d 215, 228-29 (2014)(citing Romano v. Steelcase, Inc., supra, 30 Misc.3d 426, 435, [907 N.Y.S.2d 650, 657]; Al Noaimi v. Zaid (D.Kan.2012) 2012 WL 4758048; In re Subpoena Duces Tecum to AOL, LLC, 550 F.Supp.2d 606, 612-13 (E.D.Va.,2008); Glazer v. Fireman's Fund Ins. Co., 2012 WL 1197167, at *3 (S.D.N.Y.2012)).

5

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court Order that, within 15 days from the date of its ruling on this motion, Defendant Watts shall deliver to Counsel for Plaintiffs a properly executed consent and authorization as may be required by the operators of Rackspace, permitting said Plaintiffs to gain access to Defendants' Rackspace records, including any records previously deleted or archived by said operators. Plaintiffs further request that this Court order sanctions be assessed against Defendants for their failure to comply.

Respectfully Submitted,

/s/ Darrell N. Phillips
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*jcook@pcplc.com*
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 15st day of May 2015, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

      Bruce A. McMullen
      165 Madison Ave., Suite 2000
      Memphis, Tennessee 38103

      /s/ Darrell N. Phillips