Darrell N. Phillips
Pietrangelo Cook PLC
6410 Poplar Avenue, Suite
Memphis, TN 38119

Via UPS delivery

March 4, 2015

Re: Subpoena to Produce Documents
Action: Mary Phillipa Sledge, et al v Cleal Watts, III, et al
Ref: 13-2578-STA

Mr. Phillips:

This letter constitutes Rackspace's responses and objections to the Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action.

Rackspace US, Inc. objects to this request on the basis that such request is prohibited by the Stored Wire and Electronic Communications Act ("Stored Communications Act" or SCA), 18 U.S.C. §2701 et seq. The Stored Communications Act is a federal law that prohibits a person or entity providing an electronic communications service to the public from divulging the contents of an electronic communication while in electronic storage. 18 U.S.C. § 2701(a)(1). The SCA also prohibits a person or entity providing a remote computing service (such as Rackspace) to the public from divulging the contents of any communication which is carried or maintained on that service. See 18 U.S.C. § 2702(a)(2). Disclosure in violation of the SCA can expose the record holder to civil liability to the subscriber or owner of the content disclosed. (*Theofel v. Farey-Jones* 359 F.3rd 1066 (9th Cir. 2004.). Therefore, before Rackspace can produce documents that constitute communications in response to a third-party subpoena, it must have the express written consent of the subscriber or a party to the communication. Without consent, Rackspace is barred from providing such records.

Please note that in addition to the above objection, Rackspace also objects to this subpoena on the basis that it seeks production of documents from a non-party which are equally, if not more readily available from a party to the litigation.

Please be further advised that Rackspace is not the owner of data stored on servers provided to its customers, and as a result, such data is not in Rackspace's care, custody or control. Rackspace is therefore unable to provide such data, and is not the appropriate party from whom to request such data.

Subject to and without waiving the foregoing objections:

1. All Documents Relating to the Creation or termination of the Accounts;

After a reasonable investigation, Rackspace is unable to identify any responsive documents as defined in the request. However a review of our internal system indicates services began on or about May 5, 2005, and continue to present.

2. All Documents reflecting payment for use of the Accounts;

After a reasonable investigation, Rackspace is unable to identify any responsive documents as defined in the request. However a review of our internal system indicates payment is made via credit card.

---

*experience fanatical support*

RACKSPACE US, INC.   |   PH: 210.312.4000   |   FX: 210.312.4100   |   WWW.RACKSPACE.COM



3. All Documents created by You reflecting unusual activity in the Accounts; and

After a reasonable investigation, Rackspace is unable to identify any responsive documents.

4. All Documents in the Accounts which include any of the Criteria during the Period, and for each Document, please include original header information.

Rackspace objects to this request as previously detailed in this letter.

Sincerely,

Perry Robinson
Vice President and Associate General Counsel