UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
_____

**MARY PHILLIPA SLEDGE, MARY JANE
PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY
LIMITED PARTNERSHIP**

**Plaintiffs,**

v.

**INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III**

**Defendants.**
_____

Civ. 2:13-cv-2578

**PLAINTIFF MARY PHILLIPA SLEDGE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CLEAL WATTS III**
_____

COMES NOW, Mary Phillipa Sledge ("Sledge"), by and through her attorneys, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby propound the following Requests for Production of Documents upon Cleal Watts, III ("Watts").

DEFINITIONS

All words used herein have their ordinary English meaning except for the following words which in the context of these discovery requests are defined as follows:

1. The term "Plaintiffs" as used herein, means Plaintiffs, Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership, their attorneys, agents, representatives and/or any person acting by, through or for the Plaintiffs.

2. The term "Defendants" as used herein, means the Defendants Indico System Resources, Inc. and Cleal Watts, III, their attorneys, agents, representatives and/or any person acting by, through or for the Defendants.

3. The term "person", as used herein, means any natural person, partnership,

1

association, corporation, governmental unit/entity, organization, or other entity (including nonprofit organizations) and all present and former officers, directors, managers, agents, employees, attorneys, and others acting or purporting to act on behalf of such natural person, partnership, association, corporation, governmental unit/entity, organization, or other entity.

4.  The term "You", "Your" and "Watts" shall refer to Defendant Cleal Watts, III, his attorneys, agents, representatives and/or any person acting by, through or for Defendant Cleal Watts, III.

5.  The terms "Document", "Report", and "Record" as used herein, mean the original and any non-identical copies of any electronically stored, electronically generated, written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in the possession, custody or control of Watts or known by Watts to exist, including but not limited to:

    a.  All contracts, agreements, letter agreements, representations, warranties, certificates and opinions;

    b.  All letters or other forms of correspondence or communication (as correspondence and communication are defined below), including cables, telex messages and messages, in addition to all notes, memoranda or other tangible things relating to any telephone conversations, conferences, or other verbal communications;

    c.  All memoranda, test results, test data, financial statements, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements compilations, and opinions of any person (as person is defined above);

d. All minutes, notes, transcripts, or any other tangible thing relating to any meetings or conferences, in addition to any lists or other tangible thing which may provide the names of any person (as person is defined above) who attended such meetings or conferences;

e. All desk calendars, appointment books and diaries;

f. All books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals (whether published or unpublished);

g. All motion pictures and photographs (whether developed or undeveloped), tape recordings (regardless of the medium), microfilms, phonographs, tapes, punch cards, magnetic tapes, discs, data cells, drums, printouts and other data compilations from which information can be obtained;

h. All drafts of any documents and revisions of drafts of any documents, in addition to any original or preliminary notes which are in any way related to such documents (as documents are defined herein);

i. All tangible things derived from any work done by any person (as person is defined above) which are in any way related to this action.

6. The terms "Communications" and "Correspondence," as used herein, mean all statements, admissions, denials, inquiries, discussions, conversations, negotiations, letters, memoranda, agreements, documents (as document(s) is defined above), contracts, understandings, meetings, telephone conversations, notes, telegrams, telexes, advertisements or any other form of written or oral intercourse.

3

7. The words "Identify" or "Identity" when used in any discovery request in reference to a natural person, means to state his full name, present business and home addresses, present employer and position with employer, and the relationship, business or otherwise, between such person and the person answering the discovery request, when used in reference to a document, means to state the type and/or title of the document, the name(s) of its author(s) and/or the person(s) who signed it, its date, and its present location and/or custodian.

8. The terms "Complaint" as used herein refers to the Complaint filed by Plaintiffs in the United States District Court for the Western District of Tennessee on July 29, 2013 and assigned case number Civ. 2:13-cv-2578.

9. The term "Native File Format" means the default file format that an application uses to create or save files.

10. The term "Period" shall mean the period between January 1, 2008 and January 16, 2015.

## RULES OF CONSTRUCTION

In construing these discovery requests:

1. The singular shall include the plural and the plural shall include the singular.

2. A masculine, feminine or neutral pronoun shall not exclude the other genders.

3. The tense (present, past or future) used in a particular request to denote a particular point in time is not to be construed to exclude any other tense.

## INSTRUCTIONS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Sledge requests that Watts produce for inspection and copying the documents requested below, at the offices of Pietrangelo Cook PLC, International Place – Tower II, 6410 Poplar Avenue, Suite 190, Memphis, Tennessee, 38119, within thirty (30) days of receipt of this document or at another place mutually agreed between the parties.

REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:   Take all steps necessary, *including but not limited to signing and producing the attached Consent and Authorization Form and any other forms reasonably necessary*, to permit Plaintiff to inspect a copy of each and every email in Native File Format (as defined herein) to or from any email account on the domain <u>usisr.com</u> during the Period (as defined herein) containing any of the words listed below.

    Sledge;
    Phillipa;
    Gold;
    Refinery;
    Sheku;
    Kondeh;
    Condeh;
    Secou;
    Commerzbank;
    mpsjazzman@aol.com;
    sekoucondela200@yahoo.com;
    gemproductsltd@yahoo.com;
    Ince;
    Ghana;
    Koroma;
    Kamara;
    Kamra;
    Ambassador;
    Emissary;
    Sinclair;
    Dickey;
    Darrow;

    Bristol;
    Wagner;
    Dutzman;
    Chu;
    Carey;
    Legacy;
    Hudson;
    Kells;
    Pritzkau; or
    Otoo.

Response:

REQUEST NO. 2. Take all steps necessary, *including but not limited to signing and producing the attached Consent and Authorization Form and any other forms reasonably necessary*, to permit Plaintiff to inspect a copy of each and every email in Native File Format (as defined herein) to or from any email account on the domain indicopublic.com during the Period (as defined herein) containing any of the words listed below.

    Sledge;
    Phillipa;
    Gold;
    Refinery;
    Sheku;
    Kondeh;
    Condeh;
    Secou;
    Commerzbank;
    mpsjazzman@aol.com;
    sekoucondela200@yahoo.com;
    gemproductsltd@yahoo.com;
    Ince;
    Ghana;
    Koroma;
    Kamara;
    Kamra;
    Ambassador;
    Emissary;
    Sinclair;
    Dickey;

      Darrow;
      Bristol;
      Wagner;
      Dutzman;
      Chu;
      Carey;
      Legacy;
      Hudson;
      Kells;
      Pritzkau; or
      Otoo.

RESPONSE.

                Respectfully Submitted,

                /s/ Darrell N. Phillips
                PIETRANGELO COOK PLC
                Anthony C. Pietrangelo BPR # 15596
                John J. Cook BPR # 17725
                Darrell N. Phillips BPR #30299
                6410 Poplar Avenue, Suite 190
                Memphis, TN 38119
                901.685.2662
                901.685.6122 (fax)
                *jcook@pcplc.com*
                **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of April 2015, a copy of the foregoing document was served on the parties listed below via first class mail, postage prepaid.

        Bruce A. McMullen
        165 Madison Ave., Suite 2000
        Memphis, Tennessee 38103

                /s/ Darrell N. Phillips

**CONSENT AND AUTHORIZATION**
**TO PRODUCE RACKSPACE ACCOUNT INFORMATION**

RE:  Subpoena to Produce Documents
Action:  Mary Phillipa Sledge, et al. v. Cleal Watts, III et al.
Ref: 13-2578-STA

I, the undersigned, am the holder of a series of accounts with Rackspace US, Inc. ("Rackspace") in the name set forth below associated with the email addresses also set forth below ("Accounts").  I understand that information related to my accounts is being sought in connection with the subpoena served by the Plaintiff in the above-referenced matter ("Subpoena").

I hereby certify that I am the owner of the Accounts for which records are requested.

I consent and authorize Rackspace to produce to the issuer of the Subpoena any and all information related to the Accounts including but not limited to information about my identity, address, telephone number, alternative email addresses, my billing information, my online activities, my connections, my postings, my communications and the contents of all other electronic files maintained by Rackspace related to me and/or my Accounts.

I have read and understand the contents of this Consent and Authorization to Produce Rackspace Account Information.

I agree to hold harmless and do forever hold harmless Rackspace for the disclosure of such information and do forever waive on my behalf, and on behalf of my heirs and assigns, any and all claims resulting from Rackspace's disclosure of any information related to me or my Account pursuant to this consent.

Section 1542 Waiver.  I UNDERSTAND THAT THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.  Furthermore, in giving the releases set forth in this Agreement, which include claims which may be unknown to me at present, I acknowledge that I have read and understand Section 1542 of the California Civil Code which reads as follows: "**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**"  I hereby expressly waive and relinquish all rights and benefits under that section and any law or legal principle of similar effect in any jurisdiction with respect to my release of claims herein, including but not limited to the release of unknown and unsuspected claims.

Account Holder Name:  **Cleal Watts, III**
Email Addresses Associated with Rackspace Accounts ("Accounts"):  **usisr.com, indicopublic.com, sami@usisr.com, clealiii@usisr.com, isrdcw@usisr.com, and clealiii@indicopublic.com**.

Account Holder Signature: _____  Date: _____

Acknowledgement

State of _____
County of _____

On _____ before me, _____ (insert name and title of officer) personally appeared <u>Cleal Watts, III</u> who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I declare under PENALTY OF PERJURY under the laws of the state of _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
My commission expires: _____