IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.                                              Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT FOR FAILURE TO APPEAR AT DEPOSITION AND FOR PLAINTIFFS' COSTS RESULTING THEREFROM OR, IN THE ALTERNATIVE, FOR AN ORDER COMPELLING DEFENDANTS TO APPEAR FOR DEPOSITION IN MEMPHIS[1]**

Plaintiffs Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs") move this Court for relief stemming from Defendant Cleal Watts III's failure to appear for his timely-noticed deposition on June 11, 2015 in Dallas, Texas. Specifically, Plaintiffs seek the following relief:

1. An Order Granting Plaintiffs a Default Judgment against Cleal Watts III and Indico Systems Resources, Inc. ("Defendants) for failure to appear for a deposition pursuant to Fed. R. Civ. P. Rule 37(d)(1)(a)(i), Rule 37(d)(3) and Rule Rule 37(b)(2)(A)(vi);

---

[1] In the latter case, Plaintiffs would also seek the costs associated with their June 2015 trip to Dallas, Texas.

1

2. An Order requiring Defendants to pay Plaintiffs their reasonable costs, including attorney's fees, caused by Defendants' failure, pursuant to Fed. R. Civ. P. Rule 37(d)(3); *or, in the alternative,*

3. An Order requiring Defendant Cleal Watts III to appear in Memphis at the offices of Plaintiffs' counsel for a *pending* duly-noticed deposition to occur in July 2015.

## FACTUAL BACKGROUND

This is a fraud action, commenced on June 29, 2013, in which Plaintiffs specifically allege Defendants induced Plaintiffs to invest $5 million in a bogus scheme to purchase and import unrefined gold dust from Ghana between 2011 and 2013.[2] (ECF No. 1). Plaintiffs repeatedly attempted to serve Defendants over a three month period, but Defendant Watts evaded and Plaintiffs were only able to get personal service on October 26, 2013. (See attached affidavits of due diligence, Ex. A hereto; See also ECF Nos. 7-8). Defendants then hired Memphis-area law firm Baker Donelson, who filed a motion to dismiss based on jurisdictional issues. (ECF No. 11). For various reasons, this jurisdictional question was not determined until an evidentiary hearing on December 2, 2014. (ECF No. 34). Notably, Watts did not appear for this hearing, but three lawyers appeared on Defendants' behalf to argue against a finding of jurisdiction in Tennessee. *Id.* This Court ruled in favor of Plaintiffs on the jurisdictional question. (ECF No. 36). Defendants filed their answer and discovery commenced.

On April 6, 2015, Plaintiffs filed and sent a Notice of Deposition of Cleal Watts, III to Watts through his counsel, effectively giving Watts more than two months advanced notice of a pending deposition. (ECF. No. 48). Plaintiffs intended to depose Watts both in his individual

---

[2] Plaintiffs allege a number of additional causes of action, including conversion, trover, misrepresentation, negligent misrepresentation, violation of Tennessee Consumer Protection Act, violations of the Securities and Exchange Act of 1933 and 1934, breach of contract, breach of fiduciary duty, negligence, fraudulent conveyance, and for punitive damages. *See* Complaint, ECF No. 1.

2

capacity and as an officer, agent and director of the corporate Defendant. Watts gave no indication during this period that he intended *not* to appear, either through counsel or directly.[3] Accordingly, Plaintiffs, as well as their own counsel, traveled to Dallas, Texas and appeared ready to take Defendant Watts' deposition. In fact, as the record reflects, Plaintiffs' counsel was in Dallas all week to take the depositions of other non-party witnesses. (ECF No.'s 49-51, 59, 60). Watts did not, at any time, file a motion to limit his deposition in any way. Watts similarly did not give Plaintiffs or Plaintiffs' counsel notice that he did not intend to appear or seek an alternative date. Instead, Watts called the court reporting service approximately forty (40) minutes prior to the designated start time and, without offering any explanation, notified the court reporter that he could not make the deposition. (ECF No. 70).

Also during the discovery period, Plaintiffs subpoenaed many of Defendants' bank accounts in the United States. The materials provided pursuant to the subpoena show approximately $5 million in wire transfers by Defendants to an overseas bank account controlled by the Defendants. During depositions of non-party witnesses on June 9 and June 10, 2015, Plaintiffs further learned that Defendant during the pendency of this case had accepted more than $250,000 from other alleged investors and sent those monies to the overseas account as well. Further, Plaintiffs learned that Defendant Watts has been, directly and through his girlfriend, non-party witness Debra Koper, routinely making cash withdrawals from his Bank of America account and sending them overseas via Western Union. This occurred as recently as last Friday night (June 5, 2015).

Although not directly applicable to this motion, Plaintiffs have pending a separate Motion to Compel Discovery relating to Defendants' failure to provide access to critical emails relevant to this litigation.

---

[3] Defendants' counsel has since withdrawn. (ECF No. 66).

The records received by Plaintiffs from various financial institutions clearly show that Defendants are wiring funds to particular foreign individuals employed by Defendants and particular foreign accounts with the intention of avoiding this Court's reach. Because of Defendants failure to appear for deposition, Plaintiffs' seek a Default Judgment, ordering that all of the facts and claims asserted in Plaintiffs' Complaint are accepted as true, so that Plaintiffs may proceed with post-judgment efforts to reach the funds Watts continues to send overseas. Moreover, Plaintiffs seek an Order compelling Defendants to reimburse Plaintiffs for their costs, including attorney's fees, associated with their trip to Dallas. In the alternative, Plaintiffs seek an Order compelling Watts to appear in Memphis at Plaintiffs' counsel's offices for a duly-noticed deposition to occur in July 2015.

## LEGAL ARGUMENT

This Court has the authority to grant Plaintiffs a default judgment against both Defendants as a result of Defendant Watts' failure to appear for a party deposition, without providing notice or an adequate excuse for his non-appearance. Furthermore, the applicable rules mandate that Defendants pay Plaintiffs' costs, including attorney's fees, resulting from Defendant Watts' non-appearance (both individually and as an officer of Defendant Indico Systems Resources, Inc.). If the Court is not inclined to enter a default judgment, this Court can and should compel Defendant Watts to appear for a deposition at Plaintiffs' counsel's office in Memphis during July 2015 (in addition to awarding Plaintiffs their costs for the June 2015 Dallas trip).

1. *This Court should grant a default judgment against both Defendants as a result of Watts' failure to appear for a party deposition.*

Rule 37(d) provides for sanctions for the failure of a party to attend his own deposition. FED. R. CIV. P. Rule 37(d)(1)(a)(i). If the <u>party</u> or a <u>party's officer, director, or managing agent</u> fails "to appear before the officer who is to take the deposition, after being served with a proper notice," the Court may take any action authorized by subparagraph (b)(2)(A), (B), or (c) which includes default judgment. *Wheatley v. 6224 Macon, Inc.*, 2010 WL 3359466, at *1-2 (W.D.Tenn.,2010).[4] The Sixth Circuit has described the sanction of default judgment as a "sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Id*. (quoting *Bank One of Cleveland, N.A. v.. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990)).

Critically, this rule authorizes sanctions against both Defendant Watts <u>and</u> the corporate Defendant Indico Systems Resources, Inc. Watts is the President of Indico Systems Resources, Inc. (*See* Affidavit of Cleal Watts, III, ECF No. 11-2, 3). Watts has authority to act on behalf of the corporation. (*See* Response to court order to 'Show Cause', ECF No. 68). FED. R. CIV. P. Rule 37(d)(1)(a)(i) expressly provides that the Court may take action against a party when that party's "officer, director, or managing agent" fails to appear for a party deposition. Watts is, in fact, the corporate Defendant's <u>only</u> officer. In *Knowledge A-Z, Inc. v. Jim Walter Resources, Inc.*, the Court noted that "KAZ's argument that Rule 37(d)(1)(A)(i) applies only when the deponent is to testify in 'his corporate 30(b)(6) capacity' is belied by the plain language of the rule itself, which clearly recognizes three categories of deponents to which it applies: 'a party' 'a party's officer, director, or managing agent'; and 'a person designated under Rule 30(b)(6) or 31(a)(4)." *Knowledge A-Z,* 2008 WL 2600167, at *2 (S.D.Ind. 2008); *See also U.S. v. One Parcel of Real Property Located at 66 Branch Creek Drive, Jackson, Tenn.*, 2014 WL 6471883,

---

[4] FED. R. CIV. P. Rule 37(d)(3) now describes the available sanctions as those appearing in FED. R. CIV. P. Rule 37(b)(2)(A)(i)—(vi).

5

at *2 (W.D.Tenn. 2014)("Moreover, the Magistrate Judge recommends a finding that Safa's defiance of the Court's Orders should also be attributed to his related corporate claimants. He is not only the individual who verified each of the corporate claims, but also, as Plaintiff describes in the government's motion for summary judgment, he is an officer, director, and majority shareholder of each corporate entity."). Because Defendant Indico Systems Resources, Inc. is a party to this action and because Defendant Watts is an admitted officer and agent of that party, his failure to appear may result in sanctions against both Defendants.

The factors a court should consider when deciding whether to order a default judgment for failure to cooperate in discovery include whether the failure was due to an inability to comply rather than the willful bad faith or fault of the party, whether the adversary was prejudiced, whether the party was warned that failure to cooperate could lead to dismissal, and whether less drastic sanctions are available. *Id.*

Federal Courts in Tennessee have granted default judgments when a Defendant fails to appear. *Id.*; *See also LandDesign, Inc. v. Norman*, 2012 WL 1655811, at *2 (M.D.Tenn. 2012). In fact, these courts have *inferred* the existence of the necessary elements needed to justify the imposition of a default judgment. In *Smith v. MPIRE Holdings, LLC*, 2011 WL 3841676, at *2 (M.D.Tenn. 2011), for example, the Court reviewed the Defendants' prior behavior in order to infer intent and prejudice. To wit:

> First, these defendants' repeated refusals to obey orders requiring them to make discovery permit no reasonable conclusion other than their behavior is due to wilfulness, bad faith or fault. Second, their failure to produce pertinent documents and to give meaningful deposition testimony has materially prejudiced plaintiffs' ability to discover and prove relevant facts relating to the transactions involved in this case. Third, these defendants have been expressly warned in a prior order of the Court that their failure to comply "may subject them to additional sanctions, including but not limited to entry of judgment by default."

*Smith v. MPIRE Holdings, LLC*, 2011 WL 3841676, at *2.

As in *Smith*, in *this* case, Defendants' prior behavior reflects willful bad faith and has prejudiced (and continues to prejudice) Plaintiffs. As asserted elsewhere herein, Defendants evaded service for three months. Defendants' Answer was filed two weeks late. (ECF No. 40). Defendants' discovery responses were served late. Additionally, Defendants have failed to meaningfully comply with at least two court orders requiring them to retain new counsel or properly appear *pro se*. (ECF No. 57 and 66). Plaintiffs further contend that Defendants have failed to properly and fully respond to discovery requests and, in fact, Plaintiffs have a Motion to Compel pending arising from Defendants' refusal to consent to third-party Rackspace, Inc.'s provision of emails critical to this litigation. (ECF No. 62). As reflected in numerous papers filed with this Court, Plaintiffs' have suffered damages exceeding five million ($5m) and, as a result of Defendants' evasive and dilatory conduct are still aggressively seeking discoverable information during the second year of litigation. On June 10, 2015, the very day *before* Defendant Watts was scheduled to appear for a deposition (and after receiving three months' notice to the Court), he overnighted a letter purporting to *show cause* why he should not be penalized for failing to appear *pro se*. Despite the fact that his brother and girlfriend were being deposed in Dallas by Plaintiffs that very day, he did not call Plaintiffs' counsel to notify them of his pending non-appearance at his own deposition.[5] Even on the day of the scheduled deposition, Defendants did not call Plaintiffs' counsel (whose contact information appears prominently on the Notice of Deposition), but instead called the court reporter to notify of his non-appearance. (ECF No. 70). Defendant Watts did not even bother to explain his failure, saying only "he could not make it." *Id.* He did not claim to be ill; he did not attempt to delay the start time because of traffic; he did not request that the deposition venue be changed in any way.

---

[5] To the contrary, his girlfriend assured Plaintiffs' counsel that he would appear.

7

He merely called the court reporter and stated that he could not make it. Taken together, these facts clearly show the willful bad faith required to warrant the entry of default judgment against Watts and Indico Systems Resources, Inc. as a result of Watts' non-appearance.[6]

Furthermore, Defendants' dilatory actions have and will continue to cause substantial prejudice to Plaintiffs. In addition to causing Plaintiffs to incur costs and other setbacks by delay and non-compliance, Defendants are exploiting these proceedings by attempting to move monies outside of this Court's jurisdiction so as to deny Plaintiffs any recovery.

Accordingly, Plaintiffs' motion for default judgment should be granted.

2. *This Court should compel Defendants to pay Plaintiffs' costs.*

In addition to the foregoing, this Court should exercise its discretion under Rule 37(d)(3) and sanction Defendants in the amount of Plaintiffs' costs associated with their trip to Dallas. FED. R. CIV. P. Rule 37(d)(3), which deals directly with sanctions for non-appearance, provides that "in addition to these sanctions, the court <u>must</u> require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." It is therefore appropriate for this Court to award Plaintiffs their costs including, but not limited to, Plaintiffs' costs for its June 2015 travel to Dallas, lodging, attorney's fees, court reporter and videographer fees and the cost to rent the deposition space.

3. *This Court should compel Defendant Watts to appear for a new deposition in Memphis in July 2015.*

In the event this Court is not inclined to enter a judgment by default at this time against Defendants, Plaintiffs move this Court to compel Defendant Watts to appear for a deposition at the offices of Plaintiffs' counsel in Memphis, Tennessee in July 2015. District courts are vested

---

[6] Notably, Plaintiffs seek this default judgment against the corporate defendant as well resulting from Watts' non-appearance. As Rule 37(d)(1)(a)(i) makes clear, the sanction is equally applicable when a party's officer, director or managing agent fails to appear for a deposition. Watts is all three to Indico Systems Resources, Inc.

8

with great discretion in designating the location of a deposition. *See Lomax v. Sears, Roebuck & Co.,* 238 F.3d 422 (6th Cir.2000). A motion to compel a deposition in a particular location, is considered by reviewing the three factors of the cost, convenience, and litigation efficiency of the designated locations. *Cassidy v. Teaching Co., LLC*, 2014 WL 4377843, at *1 (S.D. Ohio Sept. 4, 2014)(internal citations omitted). Each of these factors is best-served by compelling Defendant Watts to appear in Memphis for a deposition.

As a threshold matter, Defendant Watts is a party to this action and this Court has determined that it has personal and subject matter jurisdiction over his person. He has hired Memphis counsel to appear on his behalf and has communicated with the Court directly since the withdrawal of his counsel. Rule 37(a) clearly contemplates that one party may move the Court to compel the other to perform its discovery obligations under the Rules. In addition to the foregoing however, an evaluation of the cost, convenience and litigation efficiency, the factors considered by district courts in the 6th Circuit, militates in favor of compelling Watts to appear in Memphis.

First, the "cost" factor weighs in favor of conducting the deposition in Memphis. While it is true that Defendant Watts resides in Dallas, he has indicated an intent to proceed *pro se*, and will presumably not be traveling with counsel. (ECF No. 69). Plaintiffs, by contrast, will be traveling with counsel, and will have to assume the additional costs of procuring litigation support services and a deposition location in a foreign city. More importantly, Plaintiffs have already traveled to Dallas once, and incurred these costs, in reliance on Defendant Watts' expected compliance with the Federal Rules of Civil Procedure. It would be inequitable to require Plaintiffs to travel to Dallas again without any assurances that Watts would appear.

9

Second, for many of the same reasons, a consideration of the "convenience" factor supports a Memphis-based deposition of Watts. The Plaintiffs, their lawyers and the Court where this matter is pending are all located in West Tennessee. While, under ordinary circumstances, Plaintiffs would expect to travel to depose a non-resident Defendant, these are not ordinary circumstances and Plaintiffs <u>have already done that</u> to their detriment. It is certainly more convenient for Defendant Watts, a *pro se* party to this action, to travel to Memphis to be deposed, than for Plaintiffs and their lawyers to again ferry their boxes of deposition materials to Dallas and to rent deposition space, a court reporter and a videographer without any assurances that Watts would appear. Notably, in his letter to the Court, Defendant Watts represents that he is presently searching for Memphis-area counsel to represent Co-Defendant Indico Systems Resources, Inc. (ECF No. 68). If Defendant Indico Systems Resources, Inc. does, in fact, retain Memphis counsel, it would presumably be more convenient for that counsel as well to defend a deposition occurring in Memphis.

Finally, requiring Defendant Watts to appear in Memphis would satisfy the "litigation efficiency" factor. In *Scooter Store, Inc. v. Spinlife.com, LLC*, 2011 WL 2118765, at *4 (S.D. Ohio May 25, 2011), the Court held that "[w]ith respect to the third factor of 'litigation efficiency,' the Court is advised to examine (1) its own ability to intervene to resolve disputes during depositions and (2) the ease or difficulty of the parties and witnesses in bringing relevant documents to the site." In light of these two considerations, it is indisputable that holding the deposition of Defendant Watts would promote litigation efficiency. Any disputes or matters that arise before or during the taking of the deposition could be timely addressed by the District Court in which the action is pending, namely, the Court located in the Western District of Tennessee. Furthermore, as Defendant Watts not been asked to bring any materials to the deposition site and

as substantially all of Plaintiffs' direct evidence relating to the allegations of the Complaint is with Plaintiffs' Memphis counsel, it would certainly be "easier" for such a deposition to occur in Memphis.

As shown, this Court is vested with the authority to sanction Defendant Watts for non-appearance at his timely-noticed deposition and to compel him to appear for a deposition in Memphis in July 2015 at a date and time duly-noticed by Plaintiffs; failure to appear for a second deposition should result in the sanction of default judgment against both Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be granted and judgment by default should be entered against both Defendants, along with an award of Plaintiffs' fees associated with Defendant Watts' failure to appear in Dallas, Texas for his deposition. In the alternative, if the Court is not inclined to grant Plaintiffs a default judgment, this Court should award Plaintiff its costs associated with the Dallas trip and compel Defendant Watts to travel to Memphis for a duly-noticed deposition in July 2015.

Respectfully Submitted,

/s/ Darrell N. Phillips
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*jcook@pcplc.com*
**Attorneys for Plaintiffs**

11

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of June 2015, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

        Cleal Watts III and Indico Systems Resources, Inc.
        8926 Forest Hills Blvd.
        Dallas, Texas 75281-4001

                                      /s/ Darrell N. Phillips