# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

---

MARY PHILLIPA SLEDGE, MARY JANE
PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY
LIMITED PARTNERSHIP

Plaintiffs,

v.

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III

Defendants.

Civ. 2:13-cv-2578

---

## NOTICE OF INTENT TO SERVE SUBPOENA TO
## SEA WEST COAST GUARD FEDERAL CREDIT UNION

---

     In compliance with FRCP 45(a)(4), Plaintiffs MARY PHILLIPA SLEDGE, MARY JANE PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY LIMITED PARTNERSHIP, by and through counsel, hereby give notice of their intent to serve a subpoena (copy attached hereto) for production of records upon SEA WEST COAST GUARD FEDERAL CREDIT UNION, Attn: Custodian of Records, P.O. Box 4949, Oakland, CA 94605-6949.

Respectfully Submitted,

/s/ Darrell N. Phillips
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*jcook@pcplc.com*
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of June 2015, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

        Cleal Watts III and Indico Systems Resources, Inc.
        8926 Forest Hills Blvd.
        Dallas, Texas 75281-4001

        /s/ Darrell N. Phillips

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Tennessee

| MARY PHILLIPA SLEDGE, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13-2578-STA |
| CLEAL WATTS, III, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     SEA WEST COAST GUARD FEDERAL CREDIT UNION
Attn: Custodian of Records, P.O. Box 4949, Oakland, CA 94605-6949

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED
EXHIBIT A

| Place: Talty Court Reporters Inc., 2131 The Alameda, Suite D, San Jose, CA 95126 | Date and Time: 07/31/2015 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/16/15

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*
CLERK OF COURT                 OR

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MARY PHILLIPA SLEDGE, ET AL. , who issues or requests this subpoena, are:

DARRELL N. PHILLIPS, PIETRANGELO COOK PLC, 6410 POPLAR AVE., SUITE 190, MEMPHIS, TN 38119

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

901-685-2662

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-2578-STA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A" TO SUBPOENA OF
# SEA WEST COAST GUARD FEDERAL CREDIT UNION
## Definitions

1. "Document" means any handwritten, printed, mimeographed, lithographed, microfilmed, magnetically or electronically taped or stored, duplicated, typed or other graphic, photographic or electronic matter of any kind or nature, whether original or copy, and shall include, without limiting the generality of the foregoing, all letters, telegrams, correspondence, contracts, agreements, purchase orders, instructions, audio and video tapes, notes, recordings or transcripts thereof, recordings, transcripts, or memoranda of telephone or personal conversations or of meetings or conferences, minutes, analyses, interoffice communications, emails, deleted emails, computer printouts, computer files of any kind, including deleted files, voice mail messages, receipts, cancelled checks, money orders, invoices and bills, signature cards, bank statements, deposit tickets, items deposited, credit and debit memos, wire transfers, Fed Wire transfer of message documents, CHIPS transfer of message documents, SWIFT transfer of message documents, applications for credit, credit reports, CTRs (Forms 4789) and CMIRs (Form 4790) filed with the Department of Treasury, Internal Revenue Service or the United States Customs Service, any documents created pursuant to Know Your Customer and similar policies, and any other document or thing otherwise discoverable.

2. "Person" or "Persons" includes, without limitation, individuals, associations, partnerships, corporations, and governmental or other legal entities of any kind, including all members, officers, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates, and subsidiaries thereof.

3. "Communication," "Communicate" and "Communicated" are used herein in their broadest sense and means any oral, written or electronic exchange of any sort between or among two or more Persons, including without limitation, in-person or telephone conversations, written or electronically transmitted correspondence or messages, and voice mail or other recorded messages.

4. "Period" shall mean the period January 1, 2008 to June 16, 2015.

5. "Accounts" shall mean any accounts opened by any of the Account Holders during the Period.

6. "Account Holders" shall mean Mike Byrd or Michael Byrd, residing at 6316 Rincon Way, Dallas, Texas 75214.

7. "Relate" or "relating to" shall mean relating, reflecting, describing, referring, supporting, confirming, constituting, evidencing, discussing, concerning, or comprising.

8. "You" or "Your" means **SEA WEST COAST GUARD FEDERAL CREDIT UNION, and its subsidiaries, agents, and affiliates.**

9. If you object to any Request on the basis of an assertion of privilege or protection, then state what privilege or protection is being asserted and the basis for the assertion of the privilege.

## Documents to Produce

*MARY PHILLIPA SLEDGE, MARY JANE PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY LIMITED PARTNERSHIP*

*v.*

*INDICO SYSTEM RESOURCES, INC. and CLEAL WATTS, III*

*Case No. 13-2578-STA*
*United States District Court*
*Western District of Tennessee*
*Western Division*

YOU ARE COMMANDED to send to the attention of Talty Court Reporters Inc., 2131 The Alameda, Suite D, San Jose, CA 95126 at the time, date, and place set forth on the subpoena, the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**All Documents relating in any way to *any and all* of the Accounts or *any and all* Account Holders during the Period, as all such terms are defined herein.**

2

## CERTIFICATE OF AUTHENTICITY OF RECORDS

I, _____(Print Name), the undersigned, do hereby certify that I am the _____(Title or Position) for _____ of _____ (Address) (the "Company") and that I have reviewed the records attached hereto.

In compliance with Rule 45 of the Federal Rules of Civil Procedure, I certify as follows:

1. I have authority to certify the subject records, I have knowledge of and a business duty to record or transmit these matters on behalf of the Company;
2. The copies, consisting of ____ pages (or other format, please list: _____) are true and correct copies and comply with the request for records described in the *subpoena duces tecum* regarding *Sledge v. Watts et al.*, U.S. District Court of Western Tennessee, Case No. 13-2578-STA;
3. The attached records constitute a certified record of regularly conducted activity of this Company and were prepared by me or someone acting under my control and under the control of the Company, in the ordinary course of business;
4. My signature on this Certification constitutes an understanding of the intention of the parties hereto to use this record as evidence provided the records herewith are made available for inspection in advane of any such offer into evidence.

Further Affiant sayeth not.

_____
Signature

STATE OF _____ }
                          } ss:
COUNTY OF _____ }

The foregoing Certification was subscribed and sworn to before me by _____ on this _____ day of _____, 2015.

_____
Notary Public

My Commission Expires: _____