UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

MARY PHILLIPA SLEDGE, MARY JANE
PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY
LIMITED PARTNERSHIP,

    Plaintiffs,

vs.                                                                                                                    Civ. 2:13-cv-2578

INDICO SYSTEM RESOURCES, INC. and,
CLEAL WATTS, III

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENAS ISSUED AND SERVED UPON JP CHASE MORGAN, SEA WEST COAST GUARD FEDERAL CREDIT UNION, AND WELLS FARGO BANK, N.A., AND IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

       COME NOW Movants Michael Byrd (hereinafter also referred to as "Byrd", "Movant", or collectively as "Movants") and Byrd's Eye Enterprises, Inc. (hereinafter also referred to as "Byrd's Eye", "Movant", or collectively as "Movants"), by and through counsel, and hereby submit the instant Memorandum of Law In Support of Motion to Quash Subpoenas Issued to JP Morgan Chase, Sea West Coast Guard Federal Credit Union, and Wells Fargo Bank, N.A., and in the alternative, For Protective Order. In support, Movants would show unto this Honorable Court as follows:

**FACTS**

       Plaintiffs, Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership (hereinafter referred to collectively as "Plaintiffs"), filed the Complaint in this cause against Indico System Resources, Inc. (hereinafter also referred to as "Defendant", "Indico", or collectively as "Defendants") and Cleal Watts, III (hereinafter also

referred to as "Defendant", "Watts", or collectively as "Defendants") on July 29, 2013. By and through their Complaint, Plaintiffs allege thirteen (13) various causes of action against Defendants and seek a judgment in their favor in the minimum amount of $5,293,500.00 as a result of the alleged deceit and failure of Defendants to be forthright with Plaintiffs in a gold dust refining investment endeavor allegedly spearheaded by Defendants and partially funded by Plaintiffs. According to their Complaint, Plaintiffs first became involved with Defendants in November of 2011.

On or before June 16, 2015, Plaintiffs caused to be filed and issued a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* upon Sea West Coast Guard Federal Credit Union (hereinafter also referred to as "Sea West Subpoena"). The Sea West Subpoena directs the Custodian of Records of Sea West Coast Guard Federal Credit Union to produce and to permit inspection and/or copying of "All Documents relating in any way to *any and all* of the Accounts or *any and all* Account Holders during the Period, as all such terms are defined herein." Sea West Subpoena. Effectively, the terms of the Sea West Subpoena direct the Custodian of Records of Sea West Coast Guard Federal Credit Union to produce any and all documentation related to any accounts held by Byrd at Sea West Coast Guard Federal Credit Union, its subsidiaries, agents, and/or affiliates from January 1, 2008 through June 16, 2015. On June 22, 2015, Plaintiffs also caused to be filed and issued a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* upon Wells Fargo Bank, N.A. (hereinafter also referred to as "Wells Fargo Subpoena") and a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* upon JP Morgan Chase (hereinafter also referred to as "Chase Subpoena"). Both the Wells Fargo Subpoena and Chase Subpoena direct the respective custodian of records to produce or permit inspection

and/or copying of "All Documents relating in any way to *any and all* of the Accounts during the Period, as all such terms are defined herein." Like the Sea West Subpoena, these subsequent subpoenas also direct the respective custodians of records to produce any and all documentation related to any accounts held by Byrd and/or Byrd's Eye at JP Morgan Chase and Wells Fargo Bank, N.A. from January 1, 2008 through June 16, 2015.

Neither Byrd nor Byrd's Eye are parties to the above-styled and numbered cause; rather, Byrd and Byrd's Eye are each a non-party. Plaintiffs' Complaint fails to mention either Movant and/or any account held by either Movant at Sea West Coast Guard Federal Credit Union, JP Morgan Chase, and/or Wells Fargo Bank, N.A. In fact, Plaintiffs' Complaint is silent with regard to Movants and their accounts. Having analyzed the facts set forth in Plaintiffs' Complaint and having also analyzed the subpoenas issued to Movants' banks, Movants move this Honorable Court to quash the subpoenas issued to Sea West Coast Guard Federal Credit Union, JP Morgan Chase, and Wells Fargo Bank, N.A. on the basis that the subpoenas seeks privileged information, protected information, private information, irrelevant information, and commercial information of Movants as contemplated by Fed. R. Civ. P. 45(d)(3)(A)(iii), Fed. R. Civ. P. 45(d)(3)(B)(i), Fed. R. Civ. P. 26(b)(1), and Fed. R. Civ. P. 26(c)(1).

## STANDARD OF REVIEW

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, a subpoena must be quashed or modified if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). The movant who seeks protection under Rule 45 "bears the burden of persuasion on [his] motion to quash the subpoenas." *Black v. Kyle-Reno*, No. 1:12-cv-503, 2014 WL 667788, at *1 (S.D.Ohio Feb. 20, 2014). Further, Rule 45(d) must be viewed in the same lens as Rule 26. Therefore, "the Court must determine whether

the subpoena requests are overly broad or seek irrelevant information under the same standards set forth in Rule 26(b) and Fed.R.Civ.P. 34, which governs requests for production." *Black v. Kyle-Reno*, No. 1:12-cv-503, 2014 WL 667788, at *1 (S.D.Ohio Feb. 20, 2014) (citing *Hendricks*, 275 F.R.D. at 253 (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D.Kan.2003)). If the movant establishes that the information sought by the subpoena is protected information for which no exception applies and/or that the subpoena seeks irrelevant information and/or the request is overly broad, the Court is vested with the power to quash said subpoena.

**ARGUMENT**

Plaintiffs are not entitled to the information sought by the filing and service of the subpoenas in this cause. The Sea West Subpoena, the Chase Subpoena, and the Wells Fargo Subpoena all seek identical information: "All Documents relating in any way to *any and all* of the Accounts or *any and all* Account Holders during the Period, as all such terms are defined herein." Each subpoena includes an exhibit that defines certain words or phrases. For purposes of this memorandum, the term "Document" means any type of document, whether tangible or intangible and/or whether electronic or hardcopy that is in the possession of the Custodian of Records relating to the Accounts or Account Holders. By the definition of "Document" as established by Plaintiffs, any item in the possession of the Custodian of Records related to Byrd or Byrd's Eye constitutes a "Document". Plaintiffs go further to define "Period" as "the period January 1, 2008 to June 16, 2015", a period of time that extends far beyond Plaintiffs claims in the pending litigation before this Honorable Court. Additionally, in the Wells Fargo Subpoena and the Chase Subpoena, Plaintiffs define "Account Holders" as "Mike or Michael Byrd and Byrd's Eye Enterprises, Inc., both residing at 6316 Rincon Way, Dallas, Texas 75214, (972) 680-2993"; and in the Sea West Subpoena, Plaintiffs define "Account Holders" as "Mike Byrd or Michael Byrd, residing at 6316

Rincon Way, Dallas, Texas 75214". Plaintiffs go on to define "Accounts" as "any accounts opened by any of the Account Holders during the Period." As constructed, each subpoena seeks any item in the possession of the Custodian of Records related to Byrd or Byrd's Eye dating back to January 1, 2008.

Pursuant to Rule 45(d)(3)(A)(iii), "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Since Plaintiffs served three subpoenas on three separate banking institutions where Movant has accounts, his protected information – of which Movant holds a privacy interest – will be exposed to third parties. Movant asserts that his entire file with each bank will be turned over to Plaintiffs as a result of this subpoena. Further, Movant asserts that his financial activity is activity that should be considered protected in the context of Rule 45. Even if Movant's financial activity is not protected, Movants' private information, such as account balances, social security number, authorized users, and any other personal statistical data not ordinarily available to the public, is certainly protected information as contemplated by Rule 45.

This cause of action is between Plaintiffs and Defendants, not between Plaintiffs and Movants or Defendants and Movants. Stated differently, the cause of action filed by Plaintiffs fails to implicate Movants for any wrong doing. At best, Plaintiffs are simply trying "to 'follow the money'" which should not "outweigh the [Movants'] privacy interests or his interest in the protection against claims filed as a 'pretext for the discovery of unknown wrongs'". *Peskoff v. Faber*, 230 F.R.D. 25, 30 (D.D.C. 2005) *order clarified,* 233 F.R.D. 207 (D.D.C. 2006). Since Movants enjoy a privacy interest in their financial and personal records with Sea West Coast Guard Federal Credit Union, JP Morgan Chase Bank, N.A., and Wells Fargo Bank, N.A., such

information constitutes a "protected matter" as contemplated by Rule 45. Accordingly, this Honorable Court should quash all three subpoenas in order to preserve Movants' protected information and matters.

Moreover, the information sought by Plaintiffs in the three subpoenas should be viewed in the same terms as the scope of discovery pursuant to Rule 26(b) of the Federal Rules of Civil Procedure. See *Black v. Kyle-Reno*, No. 1:12-cv-503, 2014 WL 667788, at *2 (S.D. Ohio Feb. 20, 2014). Although "[d]iscovery under the federal rules is generally broad and liberal", this Honorable Court must still make a determination "whether the subpoena requests are overly broad or seek irrelevant information under the same standards set forth in Rule 26(b) and Fed.R.Civ.P. 34, which governs requests for production." *Black v. Kyle-Reno*, No. 1:12-cv-503, 2014 WL 667788, at *2 (S.D. Ohio Feb. 20, 2014) (citing *Hendricks*, 275 F.R.D. at 253 (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D.Kan.2003)). As stated in *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011), "Rule 26(b)(1) provides in relevant part that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" Hence, the information sought by the issuance of a subpoena must be nonprivileged and relevant in order for it to comply with Rule 45 and the standards as set forth by Rule 26.

In the instant cause, Plaintiffs seek bank records for Movants dating back to January 1, 2008 – a total of 2 years and 10 months prior to Plaintiffs ever meeting Defendants according to Plaintiffs' own Complaint. Further, Plaintiffs seek every piece of information in Movants' banking files held by each respective bank. Considering Plaintiffs failed to aver one allegation in their Complaint that Movants have acted inappropriately or committed a wrong against Plaintiffs, the

subpoenas issued to Movants' banks seek irrelevant information, and therefore, should be quashed. Alternatively, the subpoenas at issue seek information beyond the time frame the alleged incidences and transactions described in the Complaint occurred, which make the subpoenas overreaching and overly broad in nature. Based on these principles, the Sea West Subpoena, the Chase Subpoena, and the Wells Fargo Subpoena should all be quashed.

## CONCLUSION

The subpoenas filed by Plaintiffs and issued to Sea West Coast Guard Federal Credit Union, JP Morgan Chase Bank, N.A., and Wells Fargo Bank, N.A., should be quashed because each subpoena seeks Movants' protected information. Further, the information sought by each subpoena is irrelevant to the issues and causes of action raised in Plaintiffs' Complaint. Since the information sought by the subpoenas is overly broad and irrelevant, this Honorable Court should quash the Sea West Subpoena, the Chase Subpoena, and the Wells Fargo Subpoena. In the alternative, this Honorable Court should issue a protective order that limits the information to be released by the banks; that requires the information released by the banks be held confidential by the parties; and that requires the destruction of such information by the parties and this Honorable Court upon the final disposition of this cause.

Respectfully submitted,

McDONALD KUHN, PLLC

/s/Joseph B. Baker
Loys A. "Trey" Jordan, III (16766)
Joseph B. Baker (28046)
5400 Poplar Avenue, Suite 330
Memphis, Tennessee 38119
(901) 526-0606
*Attorneys for Movants*

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing pleading has been served on the following, via electronic mail and US Mail First Class, postage pre-paid, on this the 2<u>nd</u> day of <u>July</u>, 2015:

Darrell N. Phillps, Esq.     (dphillips@pcplc.com)
Anthony C. Piertrangelo     (apietrangelo@pcplc.com)
John J. Cook     (jcook@pcplc.com)
Pietrangelo Cook PLC
6410 Poplar Avenue, Suite 190
Memphis, Tennessee 38119

Randall J. Fishman, Esq.     (ecfcivil@bbfpc.com)
Richard S. Townley, Esq.     (ecfcivil@bbfpc.com)
200 Jefferson Avenue, Suite 1250
Memphis, Tennessee

                                                        /sJoseph B. Baker
                                                        Loys A. "Trey" Jordan, III
                                                        Joseph B. Baker