IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

---

MARY PHILLIPA SLEDGE, MARY JANE PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY LIMITED PARTNERSHIP,
Plaintiffs,

v. Case No. 2:13-cv-2578

INDICO SYSTEM RESOURCES, INC, and CLEAL WATTS, III,
Defendants.

---

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT FOR FAILURE TO APPEAR AT DEPOSITION AND FOR PLAINTIFFS' COSTS RESULTING THEREFROM OR, IN THE ALTERNATIVE, FOR AN ORDER COMPELLING DEFENDANTS TO APPEAR FOR DEPOSITION IN MEMPHIS

---

COME NOW the Defendants, Indico System Resources, Inc. ("ISR") and Cleal Watts, III ("Watts"), by and through counsel, and in opposition to Plaintiffs' Motion for Default Judgment (Doc. 72) would state and show as follows:

Procedural Facts. Plaintiffs noticed Mr. Watts' deposition for June 11, 2015, in Dallas, Texas. Said notice was filed with the Court and properly served on Mr. Watts' previous counsel. (Doc. 48). Mr. Watts' previous counsel withdrew from the case on or about May 28, 2015. Mr. Watts did not have actual notice or contemporaneous explicit personal knowledge of the date, time and place of the deposition until approximately June 10, when he was informed of same by another deposed fact witness. (See Affidavit of Watts, filed contemporaneously herewith as Ex. "A"). Mr. Watts was unable to appear for the deposition at the scheduled date and time. (See id.). Mr. Watts' nonappearance at the noticed deposition was, admittedly, the result of a failure to keep himself

adequately informed on the status of the litigation while attempting to retain new counsel. (See id.). Such failure constitutes excusable neglect rather than intentional and wilful conduct, and accordingly the extreme discovery sanction of default judgment in not warranted in this instance.

Law & Argument. Discovery sanctions must be "narrowly tailored to serve only their necessary function." FDIC V. Conner, 20 F.3d 1376, 1383 (5th Cir. 1994). The Rules provide for sanctions where "a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). Sanctions range from payment of fees and expenses, Rule 37(d)(3), to default judgment, Rule 37(b)(2)(A)(vi). Discovery sanctions must be reasonable in light of the circumstances, and must be proportionate to the character and magnitude of the violation. Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1453 (11th Cir. 1985); Crown Life Ins. Co. v. Craig, 995 F.2d 1376, 1382 (7th Cir. 1993). Courts consider a combination of factors in determining what sanctions if any to impose under Rule 37:

> (1) the willfulness of the noncompliant party or the reason for the noncompliance;
> (2) the efficacy of lesser sanctions;
> (3) the duration of the period of noncompliance;
> (4) whether the noncompliant party had been warned of the consequences of noncompliance;
> (5) the need for deterrence of the particular sort of noncompliance; and
> (6) the amount of prejudice noncompliance caused the adversary.

World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (citations omitted); Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (citations omitted). The granting of default judgment as a discovery sanction is generally deemed appropriate only as a last resort, or when less drastic sanctions would not ensure compliance with a court's orders. Wouters v. Martin County, 9 F.3d 924, 933-34 (11th Cir. 1993) (reversing sanction

of dismissal). Generally, a showing of bad faith, willfulness, or substantial fault is necessary before a default sanction may be properly imposed. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009).

In this case, the conduct of Defendant Watts constitutes excusable neglect in the form of failing to keep himself adequately informed on the status of the litigation after his previous counsel withdrew but before he retained new counsel. Excusable neglect is an elastic concept that includes "both simple, faultless omissions to act and omissions caused by carelessness." United States v. Thompson, 82 F.3d 700, 702 (6th Cir. 1996). By contrast, willfulness contemplates a deliberate, "conscious and intentional" noncompliance. Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995). See also Zhengfang Liang v. Cafe Spice SB, Inc., 911 F. Supp. 2d 184, 216 (E.D.N.Y. 2012) ("[n]oncompliance with a discovery order is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control") (citation and internal quotations omitted). Defendants submit that Plaintiffs have not made a showing of willfulness sufficient to justify the extreme sanction of default judgment.

With respect to Plaintiffs' prayer for fees and costs, Defendants would submit that the same analysis applies: because the failure to appear was the result of excusable neglect rather than intentional or willful conduct, an award of fees and costs is not warranted. In the event this Court does see fit to award fees and costs, Defendants would note that there were other fact witnesses deposed in Dallas in the days preceding June 11, and Defendants would submit that an award of fees and costs should be limited only to what was directly incurred with respect to Mr. Watts' deposition, not what was incurred for the entire Dallas trip.

Plaintiffs in their motion for default judgment have also asked for alternative relief including an order compelling Mr. Watts to appear and be deposed in Memphis, Tennessee. Mr. Watts hereby consents to this particular alternative relief and agrees to produce himself for a deposition in Memphis at a date, time, and place mutually agreeable to counsel. Defendants would further submit that because Mr. Watts has consented to Plaintiffs' alternative prayer for relief, the severe sanction of default judgment is both unnecessary and unwarranted.

WHEREFORE, PREMISES CONSIDERED, your Defendants respectfully pray that Plaintiffs' Motion for Default Judgment be denied, and for such further relief to which Defendants may be entitled.

Respectfully Submitted,

BALLIN, BALLIN & FISHMAN, P.C.

/s/ Richard S. Townley, Esq.
Randall J. Fishman (#7097)
Richard S. Townley (#28164)
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103
(901) 525-6278
Email: ecfcivil@bbfpc.com

Attorney for Defendants

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been served upon the following this the 14th day of July, 2015:

Darrell N. Phillips
Anthony C. Pietrangelo
John J. Cook
Pietrangelo Cook, PLC
6410 Poplar Avenue, Suite 190
Memphis, TN 38119

/s/ Richard S. Townley, Esq.