IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARY PHILLIPA SLEDGE, MARY JANE PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY LIMITED PARTNERSHIP,<br>      **Plaintiffs**,<br>v.<br><br>INDICO SYSTEM RESOURCES, INC. and CLEAL WATTS, III<br><br>      **Defendants**. | Case No. 2:13-cv-2578 |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND
GRANTING MOTION FOR SANCTIONS**

Before the Court is the Plaintiffs' Motion for Default Judgment and Costs as a Sanction for Defendant Cleal Watts III's failure to appear at a scheduled deposition, filed June 15, 2015. (ECF No. 72). In the alternative, the Plaintiffs seek an order compelling the Defendant to appear for a deposition in Memphis. The Defendants responded in opposition on July 14, 2015. (ECF No. 90). They do not oppose the alternative relief.

This case has a tortured history. The Court denied the Defendants' Motion to Dismiss on December 18, 2014. (ECF No. 36). The Defendants answered on January 15, 2015, and the Court entered the Scheduling Order. (ECF Nos. 40, 41). On March 31, 2015, the Defendants' previous counsel filed a motion to withdraw, stating that the Defendants did not have financial resources to continue with representation. (ECF No. 47). The Court denied that Motion but later allowed the Defendants to refile their motion to withdraw if the Defendants—one of which is a corporation—did not have counsel within 28 days. (ECF Nos. 52, 57). Meanwhile, the Plaintiffs

1

filed a notice of deposition of Watts on April 6, 2015, stating that Plaintiffs' counsel would take Watts's deposition on June 11, 2015, in Dallas, Texas, where Watts resides. (ECF No. 48).

When the Defendants did not retain new counsel, the Court held a hearing on the Defendants' previous counsel's renewed motion to withdraw on May 28, 2015, and granted the motion. (ECF No. 67). The Court then ordered the Defendants to show cause why they had not retained counsel and gave notice that a failure to respond by June 11, 2015, would require Watts to proceed pro se and would result in entry of default against the corporate Defendant. (ECF No. 66). On June 11, Watts filed a pro se response to the show-cause order, stating that while the Defendants had not found new counsel to that point, they were still attempting to do so. (ECF No. 68). On June 12, yet again, the Court directed the Defendants to obtain new counsel by June 30, 2015. (ECF No. 69).

Meanwhile, Watts failed to appear for his June 11, 2015 deposition. The Motion for Default Judgment before the Court was filed the next day. (ECF No. 72). One day past the Court's imposed deadline, on July 1, 2015, the Defendants' current counsel appeared and asked for more time to respond to the pending Motion for Default Judgment. (ECF No. 84). The Court granted that request (ECF No. 85), and the Defendants filed their response on July 14, 2015. (ECF No. 90).

## DISCUSSION

### I. Sanctions

The Defendants do not dispute that Watts failed to appear at his scheduled deposition. Instead, they argue that Watts's failure to appear "constitutes excusable neglect rather than intentional and willful conduct, and accordingly the extreme discovery sanction of default

judgment is not warranted in this instance."[1]  Rule 37(d)(1)(A) provides that if "a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition," the Court may impose sanctions.[2]  Sanctions for failure to appear can include default judgment.[3]  In addition to or instead of other sanctions, the Court "*must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[4]

Generally, Rule 37 gives courts broad discretion in imposing sanctions for failure to comply with discovery.  Default judgment, although permitted by the rules, is a "sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault."[5]  The only reason that the Court does not impose a default judgment today is the circumstances of previous defense counsel's withdrawal and the compliance of current counsel.  Default judgments are simply not preferred, and with the prompt responses and actions of Defendants' new counsel, the Court must allow the action to continue.  Nevertheless, this shall serve as the Defendants' last warning:  *any* attempt to circumvent the Federal Rules or evade discovery will result in a finding of bad faith and a default judgment entered against both Watts and Indico.  The Court will not tolerate any further delay.

---

[1] Defs.' Resp. in Opp'n 2, ECF No. 90.

[2] Fed. R. Civ. P. 37(d)(1)(A)(i).

[3] *See* Fed. R. Civ. P. 37(b)(2)(A)(vi).

[4] Fed. R. Civ. P. 37(d)(3) (emphasis added).

[5] *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Unlike the general grant of discretion in imposing other discovery sanctions, Rule 37(d)(3) gives this Court little discretion in imposing costs for a party or officer's failure to appear at a scheduled deposition. It *requires* the imposition of "reasonable expenses, including attorney's fees" unless the failure to appear was "substantially justified or other circumstances make an award of expenses unjust." The Defendants have not given the Court a persuasive justification for Watts's failure to appear, nor would an award of reasonable expenses be unjust. Watts was in Dallas—the place of the deposition—on the scheduled date and knew about the deposition. The Defendants do not rebut the Plaintiffs' assertion that

> Watts similarly did not give Plaintiffs or Plaintiffs' counsel notice that he did not intend to appear or seek an alternative date. Instead, Watts called the court reporting service approximately forty (40) minutes prior to the designated start time and, without offering any explanation, notified the court reporter that he could not make the deposition.[6]

The Defendants' only response is that "Watts did not have actual notice or contemporaneous explicit personal knowledge of the date, time and place of the deposition until approximately June 10, when he was informed of same by another deposed fact witness."[7] Watts received notice of the deposition on April 6, 2015, through his previous attorney.[8] Although Defendants' previous counsel had asked to withdraw from representation of Watts and Indico one week earlier, the Court denied that request without prejudice on April 6, 2015.[9] The Court ultimately granted counsel's request to withdraw, but this did not occur until May 28, 2015, after Watts failed to heed a court order directing him to obtain new counsel or notify the Court that he would

---

[6] Pls.' Mem. in Supp. Mot. Default J. or Sanctions 3, ECF No. 72-1.

[7] Defs.' Resp. in Opp'n 1, ECF No. 90.

[8] *See* Notice of Deposition of Cleal Watts, III, ECF No. 48.

[9] *See* Order Denying Without Prejudice Mot. Withdraw, ECF No. 52.

proceed pro se. The order also directed Watts—the sole officer of Indico—to retain new counsel for Indico, as a corporation may not proceed pro se. Watts failed to act, even though his most basic duty was to keep himself informed as to the status of the case.

Watts overnighted a response to the Court's most recent show-cause order the night before his deposition. His brother and girlfriend were being deposed the same day he was—June 11. Watts called the court-reporting service rather than Plaintiffs' counsel, and he offered no explanation of why he could not appear. He did not request that the deposition be rescheduled to later in the day, later in the week, or anytime. This behavior, which the Defendants claim is "excusable neglect," approaches bad faith. It is not "substantial justification" under the Rule. Thus, Watts and Indico—of which Watts is the only known officer—must pay reasonable expenses, including attorney's fees, caused by Watts's failure to appear.

## II. Costs and Fees

The Plaintiffs seek "costs including, but not limited to, Plaintiffs' costs for . . . June 2015 travel to Dallas, lodging, attorney's fees, court reporter and videographer fees and the cost to rent the deposition space."[10] The Defendants argue that "there were other fact witnesses deposed in Dallas in the days preceding June 11" and therefore "an award of fees and costs should be limited only to what was directly incurred with respect to Mr. Watts' [sic] deposition, not what was incurred for the entire Dallas trip."[11] On this limited point, the Court agrees with the Defendants.

---

[10] Pls.' Mem. in Supp. Mot. Default J. 8.

[11] Defs.' Resp. in Opp'n 3.

The Defendants also state that Watts "agrees to produce himself for a deposition in Memphis at a date, time, and place mutually agreeable to counsel."[12] Thus, the Court imposes the following condition: Watts must appear for his deposition in Memphis, Tennessee, as already scheduled by the parties. Because Plaintiffs' counsel had to travel to Dallas to take the depositions of other fact witnesses but will not have to travel to Dallas a second time for Watts's deposition, the Court will not impose the costs of travel to Dallas on the Defendants. The Court does impose, however, the costs of the missed deposition (court-reporter and videographer fees, cost of renting deposition space), as well as reasonable attorney's fees for the deposition. Finally, the Defendants are warned that Watts's failure to appear at his second scheduled deposition will result in default judgment against both Defendants under Federal Rules of Civil Procedure 37(d)(3) and 37(b)(2)(A)(vi).

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
HON. S. THOMAS ANDERSON
UNITED STATES DISTRICT COURT

Date: August 4, 2015.

---

[12] *Id.* at 4.