# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.                                                Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS MOTION TO SET AMOUNT OF SANCTIONS

COME NOW, Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs"), by and through counsel, and in support of its Motion to Set Amount of Sanctions would show the Court as follows:

On August 4, 2015, this Court ordered Defendants to pay Plaintiffs sanctions deriving from Defendant Cleal Watts' failure to appear for a duly-noticed deposition in Dallas, Texas on June 11, 2015. (ECF No. 104). Specifically, the Court imposed sanctions in the form of the "costs of the missed deposition (court-reporter and videographer fees, cost of renting deposition space), as well as reasonable attorney's fees for the deposition." *Id*. Plaintiffs would show that the described sanctions should include the following amounts:

1

| | |
|---|---:|
| Legal fees for Anthony C. Pietrangelo (8 hours @ $325/hr)[1] | $2,600.00 |
| Videographer minimum (non-appearance) | $345.00 |
| Court reporter minimum (certificate of non-appearance) | $332.16 |
| **TOTAL** | **$3,277.16** |

On August 24, 2015, Plaintiffs sent the above accounting to Defendants' counsel for their review. Counsel for Defendants have indicated that they cannot consent to the amount sought, but shall not object. As the Court has acknowledged, FED. R. CIV. P. Rule 37(d)(3) requires the Court to Order the "party failing to act" to pay the reasonable expenses, including attorney's fees "caused by the failure." The Court has, in fact, already ordered the imposition of sanctions in its August 4, 2015 Order Denying Motion for Default Judgment and Granting Motion for Sanctions. (ECF No. 104). The amounts described above, totaling $3,277.66, comprise the costs and reasonable attorney's fees associated with Defendant Watts' non-appearance on June 11, 2015.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs move this Court to order Defendants to pay sanctions to Plaintiffs in the amount of $3,277.66 and to do so within a reasonable amount of time not to exceed fifteen (15) days.

---

[1] Please note that this accounting does NOT include the legal fees incurred on this date by Darrell N. Phillips, who also traveled to Dallas and participated in preparation of the deposition (which did not occur).

Respectfully Submitted,

/s/ Darrell N. Phillips
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*jjcook@pcplc.com*
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of August 2015, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Randall Fishman
Richard Townley
Ballin, Ballin & Fishman
200 Jefferson Ave., Suite 1250
Memphis, TN 38103

/s/ Darrell N. Phillips

## **CERTIFICATE OF CONSULTATION**

       The undersigned hereby certifies that on August 24, 2015, he sent the accounting of fees and expenses described above to Richard Townley, counsel for Defendants. On Tuesday, August 25, 2015, Mr. Townley called and said that while he cannot consent to the foregoing motion, he does not object.

                                                           /s/ Darrell N. Phillips