IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.                                                       Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL DEFENDANTS
TO PRODUCE REQUESTED DISCOVERY MATERIALS**

On a number of occasions since the commencement of formal discovery in this matter in January 2015, Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs") have requested three categories of documents from Defendants Cleal Watts III ("Watts") and Indico System Resources, Inc. ("ISR"). To wit, these include the following:

1) Tax returns and tax-related documents;

2) Information related to a particular bank account (Guaranty Trust) in which Defendants have articulated an interest; and

3) Information withheld from certain Rackspace email accounts.

With respect to each of the above-categories, Defendants have either claimed not to have possession of responsive materials or claimed to have provided responsive materials (when, in fact, they did not). Plaintiffs therefore seek an Order from this Court compelling Defendants to provide the requested materials within 15 days or to face sanctions for non-compliance with same.

1. **Tax returns and tax-related documents**.

In February 2015, Plaintiff served the following requests for production upon Defendants:

> REQUEST NO. 37:   Produce copies of all state and federal tax returns filed by you on behalf of yourself between 2005 and 2015.
>
> REQUEST NO. 38:   Produce copies of all state and federal tax returns filed by you on behalf of Defendant Indico System Resources, Inc. between 2005 and 2015.
>
> REQUEST NO. 39:   Produce copies of all state and federal tax returns filed by you on behalf of Secured Assets Management, Inc. between 2005 and 2015.
>
> REQUEST NO. 40:   Produce copies of all state and federal tax returns filed by you on behalf of <u>any other entity</u> between 2005 and 2015.
>
> REQUEST NO. 41:   Produce copies of all W-2's or 1099's received by you from any third-party between 2005 and 2015.
>
> REQUEST NO. 42:   Produce copies of all forms 1099-MISC received by you from any third-party between 2005 and 2015.
>
> REQUEST NO. 43:   Produce copies of all forms 1099-DIV received by you from any third-party between 2005 and 2015.

To each, Defendants' responded as follows:

> Defendants object to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' Complaint alleges a cause of action against Defendants in relation to her gold dust transactions. Discovery on income tax return information is premature at best. *Cook v. Caywood,* No. 04-2139-M1 V, 2004 WL 3142221 (W.D. Tenn. Dec. 15, 2004). Defendants further object to this Request as overbroad and unduly burdensome as the Request seeks information predating the events giving rise to this lawsuit.

On July 31, 2015, Plaintiff's Counsel sent Defendants a deficiency notice dealing with, among other things, Defendants' failure to produce the above-mentioned tax documents. *See Exhibit* A. On September 10, 2015, Defendants supplemented their responses with the following statement about tax documents:

> All tax documents were held by Richard Winton and Associates and drawn up by Mr. Richard Winton himself, who was also made secretary of lndico Systems Resources not long before he died. His death was totally unexpected, he fell, broke his arm and died a little over a week later. Mr. Winton's office was taken over by a gentleman named Ben. Defendant does not remember Ben's last name. Ben was to file for 2013 for Indico System Resources and Defendant Watts. Defendant Watts spoke with Ben on the phone several times but never got the time to meet in person. Ben closed out the office without any notification to Indico System Resources or to Defendant Watts. Defendant Watts has not been able to find what happened to the files, nor does he know what was filed or for whom. Mr. Winton kept all the files in his office.

*See Exhibit* B.

Although readily available from the Internal Revenue Service, Defendants have not to date produced any materials to Plaintiffs relative to these requests.

### 2) **Information related to the Guaranty Trust Bank (SL) Limited account in which Defendants have articulated an interest.**

Defendant Watts has admitted that Defendants have wired the vast majority of Plaintiffs' funds to a Guaranty Trust Bank (SL) Limited bank account ("GTBank account"). *See* Watts Deposition Transcript, pp. 158:14-25; 159:9-10; 251:22-25; 252:1-3; 344:16-17, *Exhibit* C. In total, discovery has revealed Defendants have wired more than $5m of Plaintiffs' funds to this account (and substantial funds belonging to other non-party "investors").

In their initial discovery requests to Defendants, Plaintiffs asked Defendants to "[i]dentify all bank accounts, brokerage or trading accounts owned by you, or owned by any entity in which you have an interest, whether held inside or outside the United States, since 2011 and for each, provide the account number." Defendants responded:

> Defendant Watts does not have any bank, brokerage, or trading accounts. Defendant ISR has had bank accounts with Chase (2064030419), Bank of America (4880 3913 1096), and BBVA Compass (6714288707). Defendant ISR has had a brokerage account with Rosenthal Collins, LLC and Stifel Nicolaus since 2011.

*See Exhibit* D.

Although sworn, this Interrogatory response was not truthful (Defendant Watts had two accounts with Chase that were not disclosed). Additionally, Plaintiffs requested that Defendants "[p]roduce copies of all bank statements reflecting the transfer of funds from Plaintiffs to you (individually or on behalf of Indico System Resources, Inc.) and from you to third-parties." Plaintiffs also asked Defendants to "[p]roduce copies of monthly bank statements for each account held by you or Defendant Indico System Resources, Inc. between January 2007 and January 2015 at . . . [a]ny foreign financial institution." Plaintiffs asked Defendants to "[p]roduce all Documents which reflect the current location of Plaintiffs' funds transferred to you." Defendants did not produce a single document from the GTBank account.

Discovery has revealed numerous documents and statements by Watts in which he articulates Defendants' ownership interest in the GTBank account. In August of 2012, Watts sent a letter to Bank of America, in response to a "Know Your Customer" demand about the large sums he was wiring to the GTBank account in Africa. *See Exhibit* E. In this letter, Watts tells the bank:

> "[O]ur corporate US Dollar Account for ISR, is titled as our managers name, Sheku Kondeh for security reasons. He is the signatory.

4

> Only he with his passport can access the account there without me. This will change next trip and accounts will be titled in ISR's name with appropriate security measures setup there in Freetown. So we can wire to same name accounts."

*Id.*

This letter clearly and expressly asserts that the GTBank account is the "corporate US Dollar Account" for Defendant Indico Systems Resources, Inc. *Id.* It also asserts that Watts has access to the account, and that he intended, in 2012, that the account be titled in the name of ISR. *Id.* Moreover, this statement is consistent with other statements made by Watts to third parties in written correspondence. In numerous emails, attached hereto, Watts refers to the GTBank account as "our bank." *See* emails, *Exhibit* F. During his deposition, Watts testified that he himself communicated with a GTBank agent named Desmond regarding the use of the account. *See* Transcript, pp. 159:16-20; 160: 12-19; 161:10-17; 166: 5-17, *Exhibit* C. In other emails, Watts communicates about getting banking information *to* Desmond. *See Exhibit* G. In yet other emails, Watts communicates **directly** with Andrew Sesay at gtbank.com. *See Exhibit* H. When asked at his deposition about why he suggested to Bank of America that ISR had an ownership interest in the GTBank account, Watts claimed he had lied to Bank of America. *See* Transcript, pp. 230:5-25; 231: 1-14, *Exhibit* C. His direct communications about and **with** agents of GTBank, including "Desmond" and "Andrew Sesay", suggest however that Defendants *do* have an interest in the GTBank account to which most of Plaintffs' funds were sent. At the very least, they suggest that Defendants are in the position to provide more information about the advent, management or control of that account.

3) **Information withheld from certain Rackspace email accounts**.

5

Plaintiffs have been trying to discover Defendants' emails since the very start of discovery, specifically because many of the alleged fraudulent representations made to Plaintiffs were communicated via email. They are also critical because it has become clear that much of Defendants' communication with individuals alleged to be operating at Defendants' behest in Africa allegedly occurred over email. In February 2015, Plaintiffs sent Defendants an interrogatory asking Defendants to "identify all email accounts used by you between 2010 and July 2014." Defendants responded under oath on March 27, 2015, that "Defendant Watts has one email account: Sami@usisr.com. *See Exhibit* D. In fact, Plaintiffs discovered that this is not true.

Defendant Watts has a number of email accounts including, but not limited to, usisr.com, indicopublic.com, sami@usisr.com, clealiii@usisr.com, isrdcw@usisr.com, and clealiii@indicopublic.com. *See, for example, Exhibit* I. Recently, Plaintiffs discovered Defendant Watts also used the account clealiii@gmail.com. *Id.* Critically, Plaintiffs also discovered that Defendants created and used an account called sk@usisr.com, allegedly for the shared use of Defendants and a third-party in Africa named Sheku Kondeh (to whom Plaintiffs' funds were allegedly transferred). *Id.* In the latter instance, Plaintiffs' believe the existence of an email account for the individual named Sheku Kondeh, on Defendants' corporate domain, suggests a level of conspiracy that will likely be critically relevant to Plaintiffs' case.

On April 8, 2015, Plaintiff sent their second requests for production of documents, specifically asking Defendants to take all steps to produce a copy of each and every email to or from any email account on the domain usisr.com or indicopublic.com containing certain relevant keywords. On May 15, 2015, after Defendants failed to produce the requested materials, Plaintiffs filed their Motion to Compel Defendants to take whatever steps were necessary to

6

affect the production of these emails. (ECF No. 62). On July 24, 2015, the Motion was withdrawn by Order of the U.S. Magistrate after Defendants agreed to produce the materials requested. (ECF No. 98). During a conference call on this date regarding this matter, the Magistrate advised counsel for Plaintiffs' that they could renew their motion if Defendants' production was deficient. On September 15, 2015, Defendants produced emails related only to the sami@usisr.com account, but did not produce emails related to the other accounts, despite clearly articulated requests for same. *See Motion; See also* Email from Counsel, *Exhibit* J.

To date, Defendants have not produced emails related to the other accounts used by them or the other email accounts set up on Defendants' usisr.com or indicopublic.com domains as requested.

## BRIEF LEGAL ARGUMENT

Plaintiffs are entitled to an Order compelling discovery because FED. R. CIV. P. Rule 34 provides that Defendants are required to "permit the requesting party" to "inspect, copy, test, or sample . . . any designated documents or electronically stored information" that are "in the responding party's possession, custody, or control." FED. R. CIV. P. Rule 34(a)(1)(emphasis added). The materials sought are within Defendants' control.

Material is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." *Id.; see also United Oil Co. v. Parts Assocs., Inc.,* 227 F.R.D. 404, 410 (D.Md.2005) ("[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes."). If the discovery request seeks relevant information, the party resisting discovery bears the burden of demonstrating why the request is irrelevant, unduly burdensome, or otherwise not discoverable under the Federal Rules. *United Oil,* 227 F.R.D. at 411; *MJS*

*Janitorial v. Kimco Corp.,* No. 03–2102MaV, 2004 WL 2905409, at *6 (W.D.Tenn. Apr. 19, 2004). The court need not compel discovery of relevant material if it concludes that the request is "unreasonably cumulative or duplicative ... [or] the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(i), (iii).

    1)  <u>The tax returns and other tax-related documentation</u>.

The Sixth Circuit has held that tax returns are not privileged under either Tennessee law or federal common law. *Kumar v. Hilton Hotels Corp.*, No. 08-2689 D/P, 2009 WL 3681837, at *3 (W.D. Tenn. Oct. 30, 2009) (citing *Medtronic Sofamor Danek, Inc. v. Michelson,* No. 01–2373 (W.D.Tenn. Oct. 25, 2002)). Federal common law is consistent with Tennessee's law. *Id.* The Sixth Circuit made clear in *DeMarco v. C & L Masonry, Inc.,* 891 F.2d 1236 (6th Cir.1989) that tax returns and other financial information enjoy no special privilege from disclosure. *Id.*

Federal courts "have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or <u>has the legal right to obtain the documents on demand</u>." *Craig v. Bridges Bros. Trucking LLC*, No. 2:12-CV-954, 2014 WL 3809786, at *4 (S.D. Ohio Aug. 1, 2014)(quoting *In re Bankers Trust Co. .,* 61 F.3d 465, 469 (6th Cir.1995)) (emphasis added). <u>It is not possible for a defendant to claim that they do not have "possession, custody or control" over their tax returns because they can obtain their tax returns from the I.R.S</u>. *MedChoice Fin., LLC v. ADS Alliance Data Sys., Inc.*, 2013 WL 1694829, at *7 (S.D. Ohio Apr. 18, 2013).

Defendants' reliance on *Cook v. Caywood*, 2004 WL 3142221, at *2 (W.D. Tenn. Dec. 15, 2004), is misplaced, as that opinion involved a determination of whether discovery relating specifically to *punitive damages* was timely. ("While the plaintiff's requests are proper with

respect to Caywood and Blanton's potential liability for punitive damages, the court finds that discovery on punitive damages is unnecessary at this time.").

    2) <u>Information related to GTBank account.</u>

Plaintiffs are entitled to an Order compelling discovery of information related to the GT Bank account because they have asked for it, it is clearly relevant to the allegations of the Complaint and because Defendants have made numerous statements that they have possession, custody or control over this account. To wit, Defendants represented to Bank of America that the account was a corporate account. Defendants told Plaintiffs at deposition, under oath, that they had communicated with an agent for GTBank. <u>Defendants have emailed directly with agents of GTBank</u>. Finally, Defendants have emailed to other third-parties and described the GTBank account as "our bank" account in Sierra Leone. At the very least, it appears undisputed that Defendants have contacts at GTBank. Plaintiffs are entitled to all information in Defendants' possession, custody or control related to creation, management or control over the GTBank account, to which most of Plaintiffs funds were wired.

    3) <u>Information withheld from certain email accounts</u>.

Despite Defendants' agreement to provide materials related to all of the various email accounts, Defendants only produced emails related to the sami@usisr.com account. This production is deficient, both in terms of the scope of the initial request and the scope of Plaintiffs' initial Motion to Compel related thereto. (ECF No. 62). For this reason, Plaintiffs renew their Motion to Compel the production of materials related to all email accounts on Defendants' domains usisr.com and indicopublic.com and would ask that this Court either

compel Defendants' to produce the requested materials or sanction them as a result of their failure to do so.

## CONCLUSION

For the foregoing reasons, Plaintiffs request an Order from this Court compelling Defendants to provide the requested materials within 15 days or to face sanctions for non-compliance with same.

Respectfully Submitted,

/s/ Darrell N. Phillips
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*jcook@pcplc.com*
**Attorneys for Plaintiffs**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th day of October 2015, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Randall Fishman
Richard Townley
Ballin, Ballin & Fishman
200 Jefferson Ave., Suite 1250
Memphis, TN 38103

/s/ Darrell N. Phillips