# EXHIBIT

# A

Affidavit of Cleal Watts

November 22, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARY PHILLIPA SLEDGE, MARY JANE PIDGEON SLEDGE TRUST, and PIDGEON SLEDGE FAMILY LIMITED PARTNERSHIP,<br>      Plaintiffs,<br><br>v.<br><br>INDICO SYSTEM RESOURCES, INC. and CLEAL WATTS, III<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:13-cv-2578<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF CLEAL WATTS, III

STATE OF TENNESSEE     )
COUNTY OF SHELBY       )

Comes now, CLEAL WATTS, III, being first duly sworn, deposes and says:

1. I am an adult resident and citizen of Dallas, Texas. I am competent to testify to the matters herein.

2. The facts in this declaration are based on my personal knowledge and are true and correct to the best of my knowledge, information, and belief.

3. I am the President of Indico System Resources, Inc., ("ISR"), a company in the business of consigning unrefined, raw gold ore, dust.

1

4. I also serve as the Registered Agent for Indico System Resources, Inc. ("ISR") in Texas.

5. Mary Phillipa Sledge approached me, via telephone, with an interest in engaging in the business of consigning unrefined, raw gold ore, dust.

6. William Hamilton, a resident of Texas, Ms. Sledge's friend, referred Ms. Sledge to me.

7. At no time did I meet with Ms. Sledge in Tennessee. Instead, Ms. Sledge came to Dallas, Texas to meet with me.

8. However, I did speak to Ms. Sledge via telephone and via e-mail as negotiations were ongoing.

9. When I first spoke with Ms. Sledge, she was not a resident of Tennessee at the time. She was a resident of Kentucky when we first spoke. In fact, she requested that I call her back and communicate with her at a phone number with the area code 502, an area code serving the state of Kentucky.

10. I have never come to the State of Tennessee in my lifetime as a destination prior to this lawsuit.

11. I do not conduct business in the State of Tennessee.

12. I have never paid state or local taxes in the State of Tennessee, and I do not own, use, lease, or possess any real property in the State of Tennessee. I do not have a bank account or any other known asset in the State of Tennessee.

13. I do not perform any work or provide any services in the State of Tennessee in my individual capacity or in a professional capacity.

2

14. I do not have an office in the State of Tennessee nor do I have any employees or agents in the State of Tennessee.

15. Any connection I might have to Tennessee exists solely to my role as President of ISR.

16. I have never appointed a personal agent for service of process in Tennessee.

17. ISR is a Texas corporation with its principal place of business located at 8926 Forest Hills Blvd., Dallas, Texas.

18. ISR is not registered to do business in the State of Tennessee, nor does it maintain a registered agent in the State of Tennessee.

19. ISR does not own, use, lease, or possess any real property in the State of Tennessee.

20. ISR does not have an office in the State of Tennessee nor does it have any employees or agents in the State of Tennessee.

21. ISR does not conduct business or perform any work or provide any services in the State of Tennessee.

22. ISR does not directly target or solicit business from any market in Tennessee.

23. In November of 2011, Mary Phillipa Sledge contacted me via telephone with an interest in engaging in the business of consigning unrefined, raw gold ore, dust. At that time, she was a resident of Kentucky.

24. I emailed her six different "Soft Corporate Offer" contracts, but Ms. Sledge did not execute any of these contracts or send them back to me.

25. No written contracts between Plaintiffs and ISR were executed in Tennessee.

26.     Instead, Plaintiffs initiated the agreement with ISR to supply Plaintiffs with raw gold ore, dust, by wiring money to ISR's accounts in Dallas, Texas.

27.     I wired money to the Plaintiffs' bank accounts in Tennessee only upon request of Ms. Sledge.

28.     At no time did I, on behalf of ISR, ever send Plaintiffs any packages in the mail or any correspondence through the mail.

29.     The transaction between Plaintiffs and ISR was not intended to be continuous or ongoing, but was understood to terminate when the gold dust was brought to America and the Plaintiffs took possession, after paying the remainder of their balance.

Further the Affiant sayeth not.

_____
CLEAL WATTS, III

Sworn to and subscribed before me this 22nd day of November, 2013.

_____
Pamela A. Key
NOTARY PUBLIC

MY COMMISSION EXPIRES: April 6, 2014

