# EXHIBIT R

Watts' Responses to Requests for Admission

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

Case No. 2:13-cv-2578-STA-cgc

---

## DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

---

Comes now Defendants, Indico System Resources, Inc. and Cleal Watts, III ("Defendants" or "Watts"), by and through its counsel of record, and answers Plaintiffs' First Request for Admissions as follows:

**Request for Admission No. 1:** Admit that you expressly told Sledge that you had experience importing unrefined gold dust into the United States.

**Answer:** Admitted.

**Request for Admission No. 2:** Admit that you told Sledge that prior investors with you had enjoyed a thirty (30) percent return on their investments.

**Answer:** Denied as stated. Sledge was told that other purchasers of raw gold dust through ISR as the intermediary had seen an increase in the value of their raw gold dust purchase after it was refined by a refinery.

**Request for Admission No. 3:** Admit that you told Sledge that you owned a refinery in Texas.

**Answer:** Denied.

**Request for Admission No. 4:** Admit that you sent Sledge articles appearing to derive from certain Ghanain publications.

**Answer:** Admitted.

**Request for Admission No. 5:** Admit that Exhibit A hereto is comprised of true and correct copies of these articles sent by you to Plaintiffs.

**Answer:** Admitted.

**Request for Admission No. 6:** Admit that these articles were falsified.

**Answer:** Defendants can neither admit nor deny Request for Admission No. 6 as neither Defendant authored or altered these articles.

**Request for Admission No. 7:** Admit that you falsified these articles.

**Answer:** Denied.

**Request for Admission No. 8:** Admit that you made no inquiry to determine whether these articles reflected true events.

**Answer:** Denied.

**Request for Admission No. 9:** Admit that you made no inquiry to determine whether these articles were real.

**Answer:** Denied.

**Request for Admission No. 10:** Admit that you personally crafted some of the language that appeared in the articles sent by you to Sledge.

**Answer:** Denied.

**Request for Admission No. 11:** Admit that you have never successfully imported gold dust into the United States.

**Answer:** Denied.

2

**Request for Admission No. 12:**   Admit that you do not own a refinery of any sort in the United States.

**Answer:**   Admitted.

**Request for Admission No. 13:**   Admit that you sent Sledge a document purporting to reflect an insurance policy issued by Ince & Co.

**Answer:**   Admitted.

**Request for Admission No. 14:**   Admit that Exhibit B hereto is a true and correct copy of the alleged Ince & Co. document you sent to Plaintiffs.

**Answer:**   Admitted.

**Request for Admission No. 15:**   Admit that this alleged insurance document was falsified.

**Answer:**   Defendants can neither admit nor deny Request for Admission No. 15 as neither Defendant authored or altered these documents.

**Request for Admission No. 16:**   Admit that you falsified this document.

**Answer:**   Denied.

**Request for Admission No. 17:**   Admit that you knew at the time you sent this document to Sledge that it was falsified.

**Answer:**   Denied.

**Request for Admission No. 18:**   Admit that at the time you sent this document to Sledge you had taken no steps to verify its authenticity.

**Answer:**   Denied.

**Request for Admission No. 19:**   Admit that you sent Sledge a series of documents purporting to represent judicial rulings from courts in Ghana.

**Answer:**   Admitted.

3

**Request for Admission No. 20:** Admit that Exhibit C hereto is comprised of true and correct copies of these documents sent by you to Plaintiffs.

**Answer:** Admitted.

**Request for Admission No. 21:** Admit that these documents were falsified.

**Answer:** Defendants can neither admit nor deny Request for Admission No. 21 as neither Defendant authored or altered these documents.

**Request for Admission No. 22:** Admit that you falsified these documents.

**Answer:** Denied.

**Request for Admission No. 23:** Admit that you knew at the time of sending that these alleged court documents were falsified.

**Answer:** Denied.

**Request for Admission No. 24:** Admit that you took no steps to determine whether the documents were falsified.

**Answer:** Denied.

**Request for Admission No. 25:** Admit that you transferred at least $717,000.00 for the benefit of Sheku Kondeh in May of 2012.

**Answer:** Denied as stated. Funds were not transferred "for the benefit of Sekou Conde. Indico Resource Systems sent funds to Sekou Conde's account in Sierra Leone for him to pay for insurance, taxes, shipping, lawyers' fees, and other expenses related to getting the gold shipment to the United States on behalf of Indico Resource Systems.

**Request for Admission No. 26:** Admit that you did not graduate from the American University of the Carribean.

**Answer:** Admitted.

**Request for Admission No. 27:** Admit that you did not receive a Bachelor of Applied Science from NMMI.

4

**Answer:** Denied as stated. Defendant Watts received an Associate's Degree from NMMI.

**Request for Admission No. 28:** Admit that you are not a licensed vendor of Microsoft or Intel products.

**Answer:** Denied.

**Request for Admission No. 29:** Admit that you paid John Chu funds received by you from Sledge.

**Answer:** Denied.

**Request for Admission No. 30:** Admit that you have opened bank accounts with non-domestic financial institutions.

**Answer:** Denied.

**Request for Admission No. 31:** Admit that you have never met Sheku Kondeh (or Secou Condeh identified by you in your initial disclosures) in person.

**Answer:** Denied.

**Request for Admission No. 32:** Admit that you have never met John Acheopon in person.?

**Answer:** Admitted.

**Request for Admission No. 33:** Admit that you have never met Chief Alimany Kamara in person.

**Answer:** Admitted.

**Request for Admission No. 34:** Admit that you have never met Ibrahim Kamara in person.

**Answer:** Admitted.

M MXW01 2585618 v1
2928352-000001

**Request for Admission No. 35:** Admit that you have never met Patrick Koroma in person.

**Answer:** Admitted.

**Request for Admission No. 36:** Admit that you have never met Mr. Komba in person.

**Answer:** Admitted.

**Request for Admission No. 37:** Admit that you have never met Saliu Jah in person.

**Answer:** Admitted.

**Request for Admission No. 38:** Admit that you have never met Alagi Kuyateh in person.

**Answer:** Admitted.

**Request for Admission No. 39:** Admit that you never took any steps to confirm that John Acheopon is a real person.

**Answer:** Denied.

**Request for Admission No. 40:** Admit that you never took any steps to confirm that Chief Alimany Kamara is a real person.

**Answer:** Denied.

**Request for Admission No. 41:** Admit that you never took any steps to confirm that Ibrahim Kamara is a real person.

**Answer:** Denied.

**Request for Admission No. 42:** Admit that you never took any steps to confirm that Patrick Koroma is a real person.

**Answer:** Denied.

M MXW01 2585618 v1
2928352-000001

**Request for Admission No. 43:**   Admit that you never took any steps to confirm that Mr. Komba is a real person.

**Answer:**   Denied.

**Request for Admission No. 44:**   Admit that James Wagner is not an officer of Indico System Resources, Inc.

**Answer:**   Admitted.

**Request for Admission No. 45:**   Admit that James Wagner has never provided services to Indico System Resources, Inc.

**Answer:**   Denied.

**Request for Admission No. 46:**   Admit that you have never sent James Wagner a W-2 on behalf of Indico System Resources, Inc.

**Answer:**   Admitted.

**Request for Admission No. 47:**   Admit that you have never sent James Wagner a 1099 on behalf of Indico System Resources, Inc.

**Answer:**   Admitted.

**Request for Admission No. 48:**   Admit that you did not disclose to Plaintiff Mary Phillipa Sledge that a portion of her investment would be placed in the Indico System Resources account at Rosenthal Collins Group LLC.

**Answer:**   Denied as stated. Plaintiff Mary Phillipa Sledge's funds were not an "investment" but a down payment towards the purchase of raw gold dust.

**Request for Admission No. 49:**   Admit that you do not own a hotel anywhere in the world.

**Answer:**   Admitted.

7

**Request for Admission No. 50:** Admit that you have never owned a hotel anywhere in the world.

**Answer:** Admitted.

**Request for Admission No. 51:** Admit that you own bank accounts outside the United States.

**Answer:** Denied.

**Request for Admission No. 52:** Admit that you are in possession of Plaintiffs' funds.

**Answer:** Denied.

**Request for Admission No. 53:** Admit that you have communicated with Sheku Kondeh (or Secou Condeh identified by you in your initial disclosures) while he was in London.

**Answer:** Admitted.

**Request for Admission No. 54:** Admit that you have communicated with Sheku Kondeh (or Secou Condeh identified by you in your initial disclosures) while he was in Germany.

**Answer:** Admitted.

**Request for Admission No. 55:** Admit that the investments in the gold dust are securities.

**Answer:** Defendants object to Request for Admission No. 55 as it is not a permissible Request for Admission within the scope of Rule 36 of the Federal Rules of Civil Procedure. *See Long v. Howard University*, 561 F.Supp.2d 85, 94 (D.D.C. 2008). Request No. 55 does not ask for an admission with respect to facts, the application of law to facts, or opinions about facts of the application of law to facts. Instead, this Request compels Defendants to admit or deny an issue of law which is for the Court to decide. For the foregoing reasons, Defendants cannot admit or deny Request for Admission No. 55.

**Request for Admission No. 56:** Admit that you have never registered the sale of any security with any state or federal agency, either individually or on behalf of an entity.

**Answer:** Admitted.

Respectfully Submitted,
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

_____
Bruce A. McMullen (#18126)
Lori Patterson (# 19848)
Mary Wu (#31339)
165 Madison Ave, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000
bmcmullen@bakerdonelson.com
lpatterson@bakerdonelson.com
mwu@bakerdonelson.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded via e-mail and United States Mail this 26 day of March to:

Darrell N. Phillips
Pietrangelo Cook PLC
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901-685-2662

_____

9

M MXW01 2585618 v1
2928352-000001