**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.                                        Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO BALLIN, BALLIN & FISHMAN P.C.'S
MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

Plaintiffs Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs") oppose the Motion to Withdraw filed by Ballin, Ballin & Fishman, P.C. ("BBFPC"), counsel for Defendants, on December 29, 2015. (ECF No. 134). The reasons for Plaintiffs' opposition are numerous:

1. There is a Motion for Summary Judgment pending;[1]
2. There is an operative scheduling order and a trial date set in this cause;[2]
3. BBFPC's withdrawal would leave a corporate defendant unrepresented;[3]
4. Defendants are delinquent in their discovery obligations despite notice to BBFPC;
5. Defendants are in contempt of a consent order negotiated by BBFPC;[4]

---

[1] (ECF No. 138).
[2] (ECF Nos. 43, 128).
[3] (ECF No. 104)

1

6. BBFPC's motion for withdrawal is untimely and without adequate explanation; and

7. Any further delays in the litigation will unfairly prejudice Plaintiffs.

The last of these provides the primary basis for this Motion; Plaintiffs have already lost too much time as a result of Defendants' dilatory conduct, non-responsiveness and lawyer-juggling. This case is ready for adjudication. In the event this Court is inclined to permit the withdrawal of BBFPC despite the factors listed above, Plaintiffs would ask the Court to retain the operative scheduling deadlines, particularly the deadline by which Defendants must file a response to Plaintiffs' Motion for Summary Judgment under the Local Rules, as well as the established trial date. Furthermore, in the event this Court is inclined to grant a default judgment against Defendants as a result of their failure to timely retain counsel, Plaintiffs would ask that this Court reserve such determination until *after* it rules on Plaintiffs' pending summary judgment motion.

## FACTUAL BACKGROUND

This case arises from a fraudulent gold scheme and was commenced by Plaintiffs in July 2013. Trial is scheduled for May 16, 2016. (ECF No. 43). Since the commencement of this action, Defendants have evaded service, ignored their discovery obligations and have generally failed to participate in the litigation. In fact, this Court adequately summarized the procedural history in its Order of August 4, 2015. (ECF No. 104). To wit:

> This case has a tortured history. The Court denied the Defendants' Motion to Dismiss on December 18, 2014. (ECF No. 36). The Defendants answered on January 15, 2015, and the Court entered the Scheduling Order. (ECF Nos. 40, 41). On March 31, 2015, the Defendants' previous counsel filed a motion to withdraw, stating that the Defendants did not have financial resources to continue with representation. (ECF No. 47). The Court denied that Motion but later allowed the Defendants to refile their motion to withdraw if the Defendants—one of which is

---

[4] (ECF No. 126).

> a corporation—did not have counsel within 28 days. (ECF Nos. 52, 57). Meanwhile, the Plaintiffs filed a notice of deposition of Watts on April 6, 2015, stating that Plaintiffs' counsel would take Watts's deposition on June 11, 2015, in Dallas, Texas, where Watts resides. (ECF No. 48).
>
> When the Defendants did not retain new counsel, the Court held a hearing on the Defendants' previous counsel's renewed motion to withdraw on May 28, 2015, and granted the motion. (ECF No. 67). The Court then ordered the Defendants to show cause why they had not retained counsel and gave notice that a failure to respond by June 11, 2015, would require Watts to proceed pro se and would result in entry of default against the corporate Defendant. (ECF No. 66). On June 11, Watts filed a pro se response to the show-cause order, stating that while the Defendants had not found new counsel to that point, they were still attempting to do so. (ECF No. 68). On June 12, yet again, the Court directed the Defendants to obtain new counsel by June 30, 2015. (ECF No. 69).
>
> Meanwhile, Watts failed to appear for his June 11, 2015 deposition. The Motion for Default Judgment before the Court was filed the next day. (ECF No. 72). One day past the Court's imposed deadline, on July 1, 2015, the Defendants' current counsel appeared and asked for more time to respond to the pending Motion for Default Judgment. (ECF No. 84). The Court granted that request (ECF No. 85), and the Defendants filed their response on July 14, 2015. (ECF No. 90).
>
> The only reason that the Court does not impose a default judgment today is the circumstances of previous defense counsel's withdrawal and the compliance of current counsel. Default judgments are simply not preferred, and with the prompt responses and actions of Defendants' new counsel, the Court must allow the action to continue. **Nevertheless, this shall serve as the Defendants' last warning: any attempt to circumvent the Federal Rules or evade discovery will result in a finding of bad faith and a default judgment entered against both Watts and Indico. The Court will not tolerate any further delay.**

*See Order Denying Motion for Default Judgment and Granting Motion for Sanctions*, (ECF No. 104), August 4, 2015 (emphasis added).

As indicated in the above Order, Defendants' new counsel, BBFPC, appeared in this cause on July 1, 2015. BBFPC knew – or had the opportunity to know – of the case's procedural history as set forth above. BBFPC knew, from the already-lengthy docket and case history, that this matter involved a long and complicated series of allegations and would likely require significant legal involvement.

3

Since BBFPC made its appearance, Plaintiffs have had to file two motions deriving from discovery violations: a motion for sanctions, which this Court granted (ECF Nos. 106, 107) and a Motion to Compel discovery, which this Court also granted. (ECF Nos. 110, 126). Defendants have completely flouted the latter order and are in contempt thereof. Plaintiffs also separately served additional discovery requests on Defendants on October 9, 2015 which were returned by Defendants one month late (pursuant an extension by Plaintiffs) but which were, and which remain, unsworn (in violation of Fed. R. Civ. P. Rule 33(b)(3)) and woefully deficient. Defendants have not served any written discovery requests upon Plaintiffs and only took a single short deposition (of Plaintiff Mary Phillipa Sledge). Simply put, Defendants – by and through counsel - have done nothing in this litigation but delay and obfuscate Plaintiffs' efforts.

On November 5, 2015, Defendants – through BBFPC – filed an unopposed motion to amend the scheduling order; Plaintiffs agreed to give them several extra weeks to take a deposition. (ECF No. 127). Accordingly, the Court entered its amended scheduling order by consent. (ECF No. 128). This Order, which is currently operative, did not alter the summary judgment deadline of January 8, 2016, nor did Defendants motion seek a change of this date. *Id*.

In early December 2015, Defendants' counsel, BBFPC, attempted to *negotiate* a consent judgment with Plaintiffs. Because Plaintiffs were (and are) particularly concerned about securing a judgment that accurately reflects their damages and which is not dischargeable in bankruptcy, Plaintiffs could not agree to the proposal tendered by Defendants. On December 9, 2015, Defendants – through BBFPC – filed an Offer of Judgment with the Court which, while procedurally inappropriate, among other things, provided that "Defendants stipulate that there is a factual basis for the allegations and causes ofaction set forth in Plaintiffs' Complaint filed with this Court on or about June 29,2013." (ECF No. 132). Defendants' ostensible Offer of Judgment

4

was (and is) inconsistent with the relief sought by Plaintiffs and did not contain language satisfactorily setting forth Defendants' fraudulent acts; accordingly, Plaintiffs could not accept Defendants' offer.[5] Contemporaneous with conversations about this, Counsel for Plaintiffs told BBFPC of their intention to file a motion for summary judgment.

On December 29, 2015, just nine days before the deadline for summary judgment filings, BBFPC filed its Motion to Withdraw. (ECF No. 134). In its Motion, BBFPC does not articulate "good cause" and does not articulate the "reasons requiring withdrawal and the name and address of any substitute counsel." Local Rule 83.5. To the contrary, BBFPC merely asserts that it has reached an impasse in the case and that Defendants are not participating in the defense thereof. Plaintiffs note that BBFPC's claim of "impasse" comes just three weeks after its service of Defendants' (deficient) discovery responses on Plaintiffs; the alleged impasse is evidently a recent development, but *evaluating* the impasse is impossible because BBFPC does not describe the nature of the impasse or when it arose. Its timing however, articulated for the first time nine (9) days before the summary judgment motion deadline, *after* BBFPC was notified by Plaintiffs' counsel that a summary judgment motion was forthcoming, is troublesome. Plaintiffs oppose BBFPC's present withdrawal to the extent it will affect or further delay the relief sought in their summary judgment motion.

## LEGAL ARGUMENT

Ordinarily, withdrawal will not be allowed if withdrawal will delay the trial of the action. *Local Rule 83*.5. Likewise, a district court may forbid withdrawal if it would work severe prejudice on the client or third parties. *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009)(citing *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541

---

[5] Plaintiffs further believe Defendants' filing of an Offer of Judgment prior to trial and adjudication is inconsistent with the procedural requirements of Fed. R. Civ. P. Rule 68.

(7th Cir.2002) (dictum)). Attorney withdrawal issues are "committed to the court's discretion," and the Tennessee Rules of Professional Conduct are instructive. *See Order Denying Without Prejudice Defendants' AmendedMotion to Withdraw as Counsel* ("Order", ECF No. 52) (quoting *Brandon*, 560 F.3d at 537). The Rules permit a lawyer to withdraw from representing a client if, among other reasons, "withdrawal can be accomplished without material adverse effect on the interest of the client," "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or "for other good cause."*Id.* (quoting TENN. R. PROF'L CONDUCT Rule 1.16(b)(1), (5), (7)). The Rules also mandate that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." *Id.*(citing TENN. R. PROF'L COND. Rule 1.16(c)).

The holding of the 6th Circuit in *Brandon v. Blech* is authoritative:

> There are, of course, several occasions when a district court ought to prohibit counsel from withdrawing. For example, attorneys may forfeit the right to withdraw when they engage in strategically-timed or coercive behavior, like waiting until a client is "over a barrel" before demanding payment. To avoid such tactics, Model Rule 1.16(b)(5) requires counsel to give "reasonable warning." But Proskauer gave reasonable notice—over three weeks—and did not coerce in any regard; the case remained inactive, with no impending deadlines.
>
> Likewise, a district court may forbid withdrawal if it would work severe prejudice on the client or third parties. But neither party identified any prejudice—no one opposed Proskauer's motion, either before the district court or on appeal. And while the district court correctly noted that withdrawal would leave Blech without counsel, this does not amount to severe prejudice. The case remained inactive, with no imminent deadlines and ample time for Blech to retain new counsel.The low risk of prejudice contrasts with weighty policy reasons to allow withdrawal. As other circuits recognize, compelling attorneys to continue representing clients who refuse to pay imposes a severe burden:It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement.Here, where the district court identified no countervailing prejudicial concerns, the court abused its

discretion in denying Proskauer's motion to withdraw. *Brandon v. Blech*, 560 F.3d at 538-39.

An important factor for the Court to consider is whether the case is in a critical or "non-critical" stage. *See Silva v. Perkins Mach. Co.*, 622 A.2d 443, 444 (R.I.1993) (permitting withdrawal because the "case is clearly in the noncritical stage—the case has not yet proceeded beyond discovery"). The 6th Circuit has acknowledged this factor when approving an attorney's withdrawal. *King v. Curtis*, 610 Fed.Appx. 534, 538 (6th Cir. 2015)(citing *Brandon,* 560 F.3d at 538). It follows that a motion forwithdrawal at a "critical" stage may be a *good* basis for its denial. "[A]n attempt to withdraw when discovery deadlines [a]re looming might [be] seen as "opportunistic."*Id.* (Citing see *Fidelity*, 310 F.3d at 541).

Permitting BBFPC to withdraw at this stage would severely prejudice Plaintiffs. This case is in its third year and is set for trial in May 2016. Despite several discovery issues, both resolved and unresolved, discovery is essentially over.[6] There is an operative scheduling order setting forth dispositive motion deadlines. Plaintiffs have suffered through issues with Defendants avoiding service, switching counsel mid-stream, skipping depositions, ignoring discovery requests, and disdaining court orders.[7] This litigation may finally be in its home stretch: Plaintiffs have recently filed a lengthy Motion for Summary Judgment, (ECF No. 138), and Defendants have a fixed period to respond (as set forth by the Local Rules).The parties are required to participate in ADR before trial. Regardless of the disposition of the summary judgment motion or the result of ADR, trial is scheduled to occur in four months. *See Notice of Setting*, (ECF No. 43).

---

[6] Defendants' responses to Plaintiff Mary Jane Pidgeon Sledge Trust's first discovery requests were deficient and untimely. Moreover, Defendants are currently in contempt of this Court's [Consent] Order Granting Motion to Compel, ECF No. 126, requiring certain production by January 1, 2016.
[7] All of these are reflected in the docket entries for this case.

BBFPC now seeks to withdraw without offering any statement of good cause, without explaining the "impasse" it has allegedly reached with Defendants, and without any indication that it has given Defendants the "reasonable notice" of withdrawal that is required. Moreover, in the event BBFPC is permitted to withdraw, Plaintiffs will be forced to attempt pre-trial communication with a traditionally non-responsive Defendant and an unrepresented corporation. Defendant Indico System Resources, Inc. is a corporation and, as this Court has previously noted, corporations cannot litigate pro se in federal courts. *See Order* (ECF No. 52) (citing *Rowland v. California Men's Colony,* 506 U.S. 194, 201-201 (1993); *Doherty v. Am. Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984).

In light of the foregoing, Plaintiffs worry that BBFPC's withdrawal will result in two severely prejudicial outcomes. First, the withdrawal threatens to create delay at a critical stage in the litigation. Second, in light of this Court's prior rulings, Defendants now appear willing to accept the sanction of default judgment; this inference is strongly suggested by Defendants' recent total and brazen failure to comply with the Court's November 2, 2015 *Order Granting Motion to Compel* (ECF No. 126) and Defendants' apparent willingness to part with counsel (without substitute counsel) despite the Court's prior admonishment regarding same. (ECF No. 104). A default judgment would be a decidedly *better* result for Defendants than would the granting of summary judgment (and the express findings of fraud sought therein) or a trial verdict in favor of Plaintiffs. While Plaintiffs have no interest in burdening BBFPC with the challenge of representing a difficult client, Plaintiffs cannot endorse a motion (BBFPC's motion for withdrawal) that could offer Defendants a *better* outcome (a default judgment) at Plaintiffs' expense, and particularly, after Plaintiffs have worked so aggressively to develop the proof necessary to sustain the explicit relief they seek.

**CONCLUSION**

For the foregoing reasons, Plaintiffs oppose BBFPC's motion to withdraw at this critical stage in the litigation.  In the event this Court is inclined to grant BBFPC's motion however, Plaintiffs pray this Court not extend any operative deadlines and reserve any award of default judgment (resulting from Defendants' conduct or BBFPC's withdrawal) until *after* this Court has ruled on Plaintiffs' pending motion for summary judgment.

Respectfully Submitted,

/s/  Darrell N. Phillips_____
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN38119
901.685.2662
901.685.6122 (fax)
*dphillips@pcplc.com*
**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 11th day of January 2016, a copy of the foregoing electronically submitted document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Randall Fishman
Richard Townley

Ballin, Ballin & Fishman
200 Jefferson Ave., Suite 1250
Memphis, TN 38103


                          /s/ Darrell N. Phillips