# EXHIBIT 8

# TO PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR INJUNCTIVE RELIEF, INCLUDING ASSET FREEZE, ACCOUNTING AND REPATRIATION OF ASSETS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

MARY PHILLIPA SLEDGE, MARY JANE
PIDGEON SLEDGE TRUST, AND PIDGEON
SLEDGE FAMILY LIMITED PARTNERSHIP,
    Plaintiffs,

v.                                                               Case No. 2:13-cv-2578

INDICO SYSTEM RESOURCES, INC,
AND CLEAL WATTS, III,
    Defendants.

## DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

COME NOW the Defendants, Indico System Resources, Inc. and Cleal Watts, III, by and through counsel, and supplement its Responses and Objections to Plaintiffs' First Set of Requests for Production as follows:

### GENERAL OBJECTIONS

1.    Defendants object to Plaintiff's discovery requests to the extent that they seek information that does not appear reasonably calculated to lead to discovery of admissible evidence and, thus, are not within the scope of permissible discovery under Rule 26 of the Federal Rules of Civil Procedure.

2.    Defendants will respond to discovery requests based upon its current understanding of the facts of the case and the investigation it has conducted to date. Defendant specifically reserves the light to revise, correct, supplement or clarify any of these responses at any time during the

discovery and trial preparation processes. Defendants object to these discovery requests to the extent that they are inconsistent with these conditions.

3. Defendants object to Plaintiffs discovery requests to the extent that the requests seek information and documents subject to the attorney-client privilege, the work-product doctrine, and applicable accountant client privileges.

4. Defendants object to the definitions and instructions accompanying requests to the extent definitions and instructions contradict, are inconsistent with, or impose any obligations beyond those required by applicable provisions of the Rules of Civil Procedure, the local rules, or orders of this Court.

5. Defendants object to the definitions to the extent that they are overbroad and unduly burdensome.

6. Defendants are providing responses herein without waiver of, or prejudice to, their right at any later time to raise objections to the competence, relevance, materiality, privilege, or admissibility of the response, or the subject thereof.

7. Defendants' specific objections to each request are in addition to the General Objections set forth in this section. These General Objections form a part of each discovery response, and they are set forth here to avoid the duplication and repetition of restating them for each discovery response. The absence of a reference to a General Objection in response to a particular request does not constitute a waiver of any General Objection with respect to that discovery request. All responses are made subject to and without waiver of Defendants' general and specific objections.

8. Defendants reserve all objections at any hearing, trial, or other proceeding to the admissibility of any information provided in these responses to Plaintiff's discovery requests. By

providing these responses, Defendants do not admit that such information is relevant to this or any other action. Defendants reserve the right to object to further inquiry into any subject matter.

9. For discovery requests that incorporate a prior discovery request, Defendants incorporate the corresponding prior objections and response without waiving objections.

10. In formulating its responses, Defendants have tried to identify the information supplied by the discovery requests that most closely corresponds to that information. Defendants, however, adopt into each and every response the information supplied in response to other requests for information.

11. Defendants reserve the right to amend its responses as appropriate as Defendants receive further information through ongoing discovery.

## REQUESTS

**REQUEST NO. 11:** Produce all Documents reflecting the payment or transfer of any funds by you to Lawrence Watts between January 2007 and January 2015.

**RESPONSE:** Defendant Watts has no recollection of any payments to his brother from 2007 to 2015, nor has he located any documents to remind of such. Lawrence Watts went with Defendant Watts to Guinea as additional back up and support. He was not paid any wages, and his per diem for the trip was the only thing paid and was paid directly by Defendant Watts to the restaurant, driver or hotel, unless Defendant Watts could not be there to pay. The facts referred to have to do with Guinea trip and the problems with the aircraft on that trip.

**REQUEST NO. 12:** Produce for inspection all computers used by you during the period of January 1, 2011 through July 1, 2014.

**RESPONSE:** Defendant Watts had some backed up and captured files on thumb drives,

most of which came by email, and all of which he found and put into the dropbox provided to Plaintiffs.

REQUEST NO. 30: Produce all Documents related to Mr. Condeh's involvement with the gold dust transactions which are the subject of this lawsuit.

RESPONSE: Defendant Watts believes the documents to be in the dropbox.

REQUEST NO. 34: Produce all documents reflecting any correspondence received by you from the following addresses:

    a.    Johnbuhl St. #3, Freetown, Sierra Leone;

    b.    26 Yardu Rd., Koidutown, Sierra Leone;

    c.    Cartier Yimbaya, Conakry 2, Guinea;

    d.    The Sierra Leone Embassy in Ghana; and

    e.    #3 Sawie St. King Hammer Rd., Freetown, Sierra Leone.

RESPONSE: Defendant Watts believes the documents to be in the dropbox. Further, please see documents produced via attached DVD.

REQUEST NO. 37: Produce copies of all state and federal tax returns filed by you on behalf of yourself between 2005 and 2015.

RESPONSE: All tax documents were held by Richard Winton and Associates and drawn up by Mr. Richard Winton himself, who was also made secretary of Indico Systems Resources not long before he died. His death was totally unexpected, he fell, broke his arm and died a little over a week later. Mr. Winton's office was taken over by a gentleman named Ben. Defendant does not remember Ben's last name. Ben was to file for 2013 for Indico System Resources and Defendant Watts. Defendant Watts spoke with Ben on the phone several times but never got the time to meet in person. Ben closed out the office without any notification to Indico System Resources or to

Defendant Watts. Defendant Watts has not been able to find what happened to the files, nor does he know what was filed or for whom. Mr. Winton kept all the files in his office.

REQUEST NO. 38: Produce copies of all state and federal tax returns filed by you on behalf of Defendant Indico System Resources, Inc. between 2005 and 2015.

RESPONSE: See Response to Request No. 37.

REQUEST NO. 39: Produce copies of all state and federal tax returns filed by you on behalf of Secured Assets Management, Inc. between 2005 and 2015.

RESPONSE: See Response to Request No. 37.

REQUEST NO. 40: Produce copies of all state and federal tax returns filed by you on behalf of any other entity between 2005 and 2015.

RESPONSE: See Response to Request No. 37.

REQUEST NO. 41: Produce copies of all W-2's or 1099's received by you from any third-party between 2005 and 2015.

RESPONSE: See Response to Request No. 37.

REQUEST NO. 42: Produce copies of all forms 1099-MISC received by you from any third-party between 2005 and 2015.

RESPONSE: See Response to Request No. 37.

REQUEST NO. 43: Produce copies of all forms 1099-DIV received by you from any third-party between 2005 and 2015.

RESPONSE: See Response to Request No. 37.

REQUEST NO. 47: Produce copies of all Documents reflecting the transfer of funds to Celene Dutzman between January 2005 and January 2015.

RESPONSE: Ms. Dutzman was paid for block time, for monitoring and research asked of

her, as to monitor the state of affairs with respect to West Africa and the countries dealt with at the time. Plaintiffs have the bank records for money to Ms. Dutzman, and the agreement was verbal. (See No. 47.)

REQUEST NO. 48: Produce copies of all Documents reflecting the transfer of funds to John Chu between January 2005 and January 2015.

RESPONSE: Mr. Chu has not been paid back any monies for his investment.

Respectfully Submitted,

BALLIN, BALLIN & FISHMAN, P.C.

_____
Randall J. Fishman (#7097)
Richard S. Townley (#28164)
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103
(901) 525-6278
Email: ecfcivil@bbfpc.com
Attorneys for Defendants

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been served upon the following, via United States Mail regular post, this the 9th day of September, 2015:

Darrell N. Phillips
Anthony C. Pietrangelo
John J. Cook
Pietrangelo Cook, PLC
6410 Poplar Avenue, Suite 190
Memphis, TN 38119

_____