IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.                                              Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTIVE RELIEF, INCLUDING ASSET FREEZE, ACCOUNTING
AND REPATRIATION OF ASSETS AND TAKING UNDER ADVISEMENT
PLAINTIFFS' MOTION FOR PERMANENT INJUNCTIVE RELIEF**

This cause came before the Court upon Plaintiffs Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs") motion for preliminary and permanent injunctive relief freezing the assets of Defendants Cleal Watts, III ("Watts") and Indico System Resources, Inc. ("Indico" or "ISR") (together "Defendants"), requiring Defendants to provide an accounting of the current location of Plaintiffs' funds and any other assets of Defendants, and to repatriate and transfer foreign assets and other assets subject to Defendants' control, which could be available to satisfy a judgment entered in favor of Plaintiffs (the "Motion"). (ECF No. 147.)  Upon considering Plaintiffs' Motion and in consideration of the record as a whole, this Court finds that preliminary injunctive relief is appropriate and warranted and that Plaintiffs' request for permanent injunctive relief shall be taken under advisement pending the final disposition of this matter.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiffs shall have a preliminary injunction, effectively immediately,

(1) restraining and prohibiting Defendants and their agents from dissipating or otherwise transferring any assets[1] held (a) by a Defendant; (b) for the benefit of a Defendant; and/or (c) under a Defendant's direct or indirect control, jointly or singly;

(2) requiring Defendants within ten (10) days following service of this Order to provide Plaintiffs and the Court a full accounting along with supporting documentation verified under oath of all assets held (a) by a Defendant; (b) for the benefit of a Defendant; and/or (c) under a Defendant's direct or indirect control, jointly or singly;

(3) requiring Defendants within ten (10) days following service of this Order to take all steps reasonably necessary as requested by Plaintiffs to obtain all available bank statements and other documentation relating to the Foreign Account and any other accounts held (a) by a Defendant; (b) for the benefit of a Defendant; and/or (c) under a Defendant's direct or indirect control, jointly or singly, with such steps to include without limitation Defendants' submitting appropriate written documentation to GT Bank and any other financial institution necessary to obtain such information for the benefit of Plaintiffs;

(4) requiring Defendants within ten (10) days following service of this Order to take all steps reasonably necessary as requested by Plaintiffs to transfer and deposit with the Clerk of this Court all assets inside or outside the United States held, (a) by a Defendant; (b) for the benefit of a Defendant; and/or (c) under a Defendant's direct or indirect control, jointly or singly, with such steps to include without limitation Defendants' submitting appropriate written

---

[1] For the purposes of this Order, "assets" shall be defined to include all real and personal property of any Defendant, or held for the benefit of any Defendant, including, but not limited to "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), and all cash, wherever located.

instructions to GT Bank and any other financial institution, person or entity holding any such assets, directing them to effect such transfers;

(5) requiring Defendants within ten (10) days following service of this Order to provide Plaintiffs with all written agreements, and descriptions of all oral agreements, by and between any Defendant and Sheku Kondeh and any other person or entity holding funds or other assets for the benefit of a Defendant; and/or under a Defendant's direct or indirect control, jointly or singly;

(6) enjoining and prohibiting Defendants, their successors and assigns, and their officers, agents, servants, employees, affiliates, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of any foreign or domestic assets held, (a) by a Defendant; (b) for the benefit of a Defendant; and/or (c) under a Defendant's direct or indirect control, jointly or singly, or in the hindrance of the repatriation and transfer required by Paragraph (4) above; and

(7) requiring that any financial institution, or other entity or person served with a copy of this Order to hold and retain any and all assets within such financial institution's, other entity's or person's control, and to prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any assets held by or under such financial institution's, other entity's or person's control: (a) on behalf of, or for the benefit or use of, any Defendant; (b) in any account maintained in the name of, or subject to withdrawal by, any Defendant; or (c) that are subject to access or use by, or under the signatory power of, any Defendant.

**IT IS SO ORDERED**.

                                    **s/ S. Thomas Anderson**

                                    S. THOMAS ANDERSON
                                  UNITED STATES DISTRICT JUDGE

                                  Date:   February 5, 2016