IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARY PHILLIPA SLEDGE,
MARY JANE PIDGEON SLEDGE TRUST,
and PIDGEON SLEDGE FAMILY LIMITED PARTNERSHIP,
Plaintiffs,

v.

Case No. 2:13-cv-2578-STA-cgc
INDICO SYSTEM RESOURCES, INC.
and CLEAL WATTS, III,
Defendants.

---

### DEFENDANTS' RESPONSE TO ORDER
### GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY
### INJUNCTIVE RELIEF

---

Defendants respond to Plaintiffs' Motion for Preliminary and Permanent Injunctive Relief as follows:

Plaintiffs' require an accounting of the current location of Plaintiffs' funds and any other assets of Defendants, and to repatriate and transfer foreign assets and other assets subject to Defendants' control, which could be available to satisfy a judgment entered in favor of Plaintiffs. Let it be known that

1. Defendants have been rendered destitute by Plaintiffs' actions;
2. There are no assets subject to Defendants' control, directly or indirectly, foreign or domestic, with the exception of two Bank of America Checking Accounts, two BBVA Compass accounts and one brokerage account, the combined value less than $1,000;
3. At no time were Plaintiffs' funds under Defendants' control, or implied control after being transferred to the owners of the gold ore dust;
4. Plaintiffs were at no time purchasing gold. They were funding the export for refining and sale of a large shipment of gold dust ore owned by West Africans. The ore was to remain in the ownership and control of the same owners until refined and sold. The ore was to come under the control of Defendants for the final 2 steps of the export and sale process: refining and sale.
5. Plaintiffs' funds were wired to the gold dust ore owners' accounts to fund the export process, not to purchase any gold as frequently misrepresented throughout this action. Most of those funds were disbursed to the export process, yet some funds

1

were embezzled and stolen from the gold dust ore owners. Investigations are in progress to support continuing litigation in Sierra Leone, Ghana and Guinea. It was reported to Defendants approximately 8 months ago that the subject shipment of gold dust ore remains in the custody of Ghanaian authorities pending payment of taxes and demurrages, and approval of final shipping arrangements.

Specific answers to the preliminary injunction follow.

The following are answers to page 2 of Motion for Injunctive Relief:

(1) There are no assets under the direct or indirect control of Defendants or their agents that could be dissipated or transferred.

(2) The following bank and brokerage accounts, represented by the attached statements, are the only assets owned or controlled by Defendants, and these are already known to Plaintiffs, or have already been frozen by this action:
- Bank of America Checking Account No.: 4880 3139 1096 (Corporate)
- Bank of America Checking Account No.: 4880 3139 1106 (Corporate)
- BBVA Compass Bank Account No.: 671 428 8707 (Corporate Account)
- BBVA Compass Bank Account No.: 673 436 7492 (Personal Account)
- Stifel (brokerage account) No.: TX251617-8517 (Corporate)

(3) Defendants have no direct or indirect control, jointly or singly, to any foreign accounts. Defendants have no authority to access GT Bank accounts, but have requested cooperation from the account owners. To date, ongoing investigations and litigation in West Africa have prevented the owners from making the requested disclosures.

(4) There are no other assets inside or outside the United States held, (a) by a Defendant; (b) for the benefit of a Defendant; and/or (c) under a Defendant's direct or indirect control, jointly or singly. Defendants have no legal authority to instruct GT Bank, or any other financial institution where they do not hold accounts, nor do Defendants have legal authority to instruct any other parties to comply with this order. The parties that received Plaintiffs' funds were the owners of the gold dust ore, or their authorized representatives. They were legally entitled to the use of those funds, which were expensed to the export process, with the exception of a part of those funds that were embezzled and/or stolen. The current investigation and litigation has to do with the embezzled and stolen funds.

(5) Neither Sheku Kondeh, nor any other person or entity is holding funds or other assets for the benefit of a Defendant, or under a Defendant's direct or indirect control, jointly or singly.

(6) There are no foreign or domestic assets held by a Defendant, for the benefit of a Defendant, or under a Defendant's direct or indirect control, jointly or singly. However, Defendants are hereby enjoined to take no action that would interfere with a possible repatriation and transfer as required by Paragraph 4.

Defendants hereby swear that the foregoing statements are true and complete to the best of their recollection and knowledge.

Respectfully Submitted,

Cleal Watts III  _[signature]_   February 12, 2016

3

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of February 2016, a copy of the foregoing document was served on the parties listed below via first class mail, or FedEx, postage prepaid.

US District Court
Western District of Tennessee
Attn: S. Thomas Anderson
167 N. Main Street, Ste 242
Federal Building
Memphis TN 38103

Pietrangelo Cook PLC
Darrell N. Phillips
6410 Poplar Avenue, Suite 190
Memphis, TN 38119

Debbie Koper

4