IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' Motion for Summary Judgment (Dkt. No. 138) should be granted because Plaintiffs have shown that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Moreover, Defendants' Response in Opposition ("Defendants' Response", Dkt. No. 152), is legally and procedurally deficient. Specifically, this Court should disregard Defendants' Response for at least the following reasons:

1. Indico System Resources, Inc., as a corporate party, may not appear before this court unrepresented; and

2. Defendants have completely failed to point to any evidence in the record to support their incomprehensible statements of dispute. Significantly, and by way of example, Defendants have shown no dispute that:

    a. Watts was not "ready and able" to supply the millions in raw gold dust; and

  b. Watts had perpetrated the same fraud upon at least ten other victim investors prior to meeting Plaintiffs.

## SUMMARY

On January 8, 2016, Mary Phillipa Sledge, Mary Jane Pidgeon Sledge Trust, and Pidgeon Sledge Family Limited Partnership ("Plaintiffs") filed a comprehensive Motion for Summary Judgment and a FED. R. CIV. P. Rule 56(c) Statement of Undisputed Material Facts, heavily supported by direct citation to sworn testimony and reliable evidence in the record. (Dkt No. 138). In support of each of their asserted facts, Plaintiffs cited "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. Rule 56(c)(1)(A). Critically, a significant portion of Plaintiffs' citation is to Defendant Cleal Watts' own sworn testimony. In so doing, Plaintiffs clearly showed the absence of any genuine disputes as to the material facts critical to their motion for summary judgment. FED. R. CIV. P. Rule 56(c)(1)(B).

In response, Defendants Cleal Watts, III and Indico System Resources, Inc. ("Defendants"), both now ostensibly appearing *pro se*,[1] filed a wholly deficient and largely incomprehensible response in opposition. (Dkt. No. 152). Defendants' Response does not directly cite to a single portion of the record, is frequently difficult to follow, and purports to raise claims for the very first time that are not even before this Court (and would not be before the Court at a trial of this matter). For these reasons and for the reasons set forth in Plaintiffs'

---

[1] Plaintiffs would direct the Court's attention to the pro se litigant guide, available on the Court's web site, which states, "The fact that you have chosen self-representation does not excuse you from complying with the Federal Rules of Civil Procedure (Fed.R.Civ.P.) and the Federal Rules of Evidence, both of which are found in Title 28 of the United States Code, or this district's Local Rules."

Motion for Summary Judgment, and as explained more fully herein, this Court should grant Plaintiffs' Motion for Summary Judgment.

## LEGAL ARGUMENT

When faced with a properly-supported motion for summary judgment, the non-movant must provide "significant probative evidence" to defeat the motion. *Drumbarger v. Crosby*, 2014 WL 5846371, at *10 (M.D.Tenn. 2014). Once the movant has met its burden under FED. R. CIV. P. Rule 56, the burden then shifts to the non-moving party to set forth specific facts showing a genuine issue of triable fact. *Rebel Motor Freight, Inc. v. Freeman Drywall Co.,* 914 F.Supp. 1516, 1520 (W.D.Tenn. 1994). To defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Bishop v. JP Morgan Chase Bank, N.A.*, 2015 WL 4603859, at *7 (W.D.Tenn. 2015)(quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)). Defendants have utterly failed to put forward even a "scintilla" of evidence in support of its position. Accordingly, summary judgment is appropriate.

1. *This Court should disregard the response of the corporate defendant*.

As a threshold matter, this Court should disregard Defendants' Response, to the extent it purports to assert the position of Defendant Indico System Resources, Inc. ("Indico"). Defendant Indico is a corporation, and this Court has already admonished Defendants that corporations cannot litigate *pro se* in federal courts. (*See* Order, Dkt. No. 52). The Sixth Circuit has recognized that corporations must be represented by counsel; they cannot appear as *pro se* litigants. *Harris v. Akron Dep't of Pub. Health*, 10 F. App'x 316, 319 (6th Cir. 2001)(citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir.1984); *Ginger v. Cohn*, 426 F.2d 1385,

3

1386 (6th Cir.1970)).[2] Accordingly, to the extent Defendants' Response seeks to offer argument on behalf of Defendant Indico, it should be disregarded entirely and this Court should find that Indico has not responded at all to Plaintiffs' motion.

  2. *Defendants have utterly failed to meet their burden under FED. R. CIV. P. Rule 56.*

Regardless of the foregoing, Defendants' Response is legally and procedurally deficient. A party asserting that a fact is "genuinely disputed must support the assertion by . . . (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. Rule 56(c)(A). To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *David S. Pittington, Plaintiff, v. Great Smoky Mountain Lumberjack Feud, LLC, Defendant.*, 2016 WL 526250, at *3 (E.D.Tenn., 2016)(*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Statements by a party with no citation to the record in response to properly supported facts will not be considered. *Turner v. Young Touchstone Co.*, 2010 WL 2598194, at *2 (W.D.Tenn. 2010) (citing *Perkins v. Scwappach*, 2010 WL 1558697, at *1 n. 1 (E.D.Pa. Apr.16, 2010) (nonmovant's failure to cite to the record in disputing the movant's statement of facts on summary judgment resulted in finding that the movant's facts were undisputed); *Royal Am. Managers, Inc. v. Int'l Surplus Lines Ins. Co.*, 760 F.Supp. 788, 791 (W.D.Mo. 1991)). If a party "fails to properly address another party's assertion of fact as required

---

[2] In fact, although not directly applicable to this motion, this Court has already issued a show-cause order, requiring that Defendant Indico put forth some reliable evidence as to why a corporate representative did not appear for a hearing on January 15, 2016. (Dkt. No. 145). Defendants have ignored this Order entirely.

by Rule 56(c), the court may" consider the fact undisputed for purposes of the motion and grant summary judgment if the motion and supporting materials show that the movant is entitled to it. FED. R. CIV. P. Rule 56(e). Facts not disputed by evidentiary support are also considered undisputed for the purposes of summary judgment in accordance with Local Rules 56.1(b) and 56.1(d), which expressly require the nonmoving party to demonstrate that a fact stated by the movant is disputed by providing a specific citation to the record. *Springfield v. Rich Products Corp.*, 2013 WL 3973085, n. 2 (W.D. Tenn. 2013). The non-moving party may not merely rest upon allegations or denials in pleadings but must, by affidavit or other evidentiary showing, set out specific facts showing a genuine issue remains for trial. *Id.*, at *3; FED. R. CIV. P. 56(c)(1)(A).

More particularly, the non-movant may not rely solely on conclusory allegations, but rather must come forward with affirmative evidence which establishes its claims and raises an issue of genuine material fact. *Jennings v. Prolabor Services, Inc.*, 2010 WL 3338528, at *3 (M.D.Tenn. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* The "mere possibility" of a factual dispute is not enough. *Cruz v. McIntosh Const. Co. Inc.*, 2010 WL 3220093, at *4 (M.D.Tenn. 2010) (citing *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir.1986). A genuine issue of material fact is one which, if proven at trial, would lead a reasonable fact finder to find in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 247–48). The substantive law involved in the case will underscore which facts are material and only disputes over outcome-determinative facts will bar a grant of summary judgment. *Id.*

Defendants' Response does not contain a single citation to the record. It is replete with conclusory assertions (some articulated for the very first time) and completely ignores Plaintiffs'

citations (many of which were attached as exhibits to Plaintiffs' motion). In at least six instances, Defendants ignore Plaintiffs' assertions of fact altogether. In myriad others, Defendants appear to "deny" the facts, but then go on to admit them. At least once, Defendants claim that they have not had time to finish gathering information in support of their position, despite the fact that Defendants have not sent a single discovery request to Plaintiffs and have not issued a single subpoena during the nearly three years this litigation has been pending.[3] Critically, discovery has been closed for two months.

Defendants have simply failed to satisfy their legal burden of showing any genuine issues of fact. Defendants do not even offer an affidavit from Watts in support of their response. The response is therefore entirely comprised of unfettered and scattered narrative and bereft of any reference to the evidence in the record or the legal argument before the Court. Importantly, Defendants have failed to show genuine disputes as to two key facts: 1) that Defendants were never "ready and able" to supply the gold; and 2) that Defendants had previously run their "scam" on ten other innocent "investors" and did not disclose this to Plaintiffs. For the reasons set forth in Plaintiffs' motion, summary judgment should therefore be granted.

3. *Defendants' new arguments should be disregarded.*

For the first time in a pleading in this matter, Defendants appear to suggest that their failure to consummate the alleged gold transactions was the result of Plaintiffs' failure to satisfy some contractual obligations. Notwithstanding the absolute falsity of this proposition (and the sheer enormity of evidence to the contrary in the record), it is not properly before the Court, either at summary judgment or at the trial of this matter. Although some Courts have found that the doctrine of "first material breach" is an affirmative defense, they have similarly held that it is

---

[3] Moreover, Defendants have not properly sought additional time under FED. R. CIV. P. Rule 56(d).

waived if not timely raised. *See Bash v. Laikin*, 2014 WL 3842884, at *14 (N.D.Ohio 2014) ("Because defendant did not raise this issue until just prior to the commencement of trial, defendant waived any argument in this regard.").[4] Moreover, Defendants have not articulated a counterclaim in this action. Accordingly, Defendants' apparent eleventh-hour effort to cloud the issues and to distract the Court from the record and argument at issue should be disregarded.

4. *Defendants' Response Offers Further Evidence of Spoliation.*

Defendants, in their Response, appear to suggest, without complying with the requirements of FED. R. CIV. P. Rule 56(d), that they are presently unable to show the Court certain supporting materials because of a "yet unresolved computer crash." (*Defendants' Response*, Dkt. No. 152, p.3). This assertion defies credulity, contradicts Watts' earlier sworn statements and offers further evidence of spoliation. As set forth in Plaintiffs' Motion for Injunctive Relief, granted on February 5, 2016, Plaintiffs had repeatedly sought inspection of Defendants' computers during discovery. (Dkt. No. 147-1, p. 7-9). Defendants, in their discovery responses, stated that the relevant computer hard drive had crashed.[5] During his deposition however, Watts testified that he had given the computer to Goodwill.[6] Now, Defendants boldly assert that "Defendants do not currently have access to emails, documents, or any pertinent citations, due to a yet unresolved computer crash." (*Defendants' Response*, Dkt.

---

[4] *See Bash v. Laikin*, 2014 WL 3842884, at *14 (N.D.Ohio 2014)("[T]he Court finds that case law supports the conclusion that the doctrine is an affirmative defense.")(citing *BKCAP, LLC v. Captec Franchise Trust 2000–1*, 2010 WL 1222187 (N.D.Ind. March 23, 2010) (applying Indiana law and allowing amendment to answer to allow defendant to assert the affirmative defense of first material breach); *Norfolk Southern Railway Co. V. E.A. Breeden*, 287 Va. 456, 756 S.E.2d 420 (Va.2014) (noting that parties raised affirmative defense of "first material breach"); *Fraser Trebilcock Davis & Dunlap PC v. Boyce Trust 2350*, 304 Mich.App. 174, ––– N.W.2d –––, 2014 WL 485919 (Mich.App.2014) (same); *Mathews v. PHH Mortg. Corp.*, 283 Va. 723, 724 S.E.2d 196 (Va.2012) (noting that "first material breach" doctrine operates as an affirmative defense)).

[5] This request was included in the discovery requests propounded upon Defendants on February 10, 2015, to which Defendants responded on September 10, 2015. A copy of the request and the response may be found at Docket No. 147-9.

[6] *See* Watts Depo., Dkt. No. 147-6, pp. 193-95.

No. 152, p.3). Based on Defendants' prior sworn testimony, it seems unlikely that "resolution" of the computer crash is within the scope of Defendants' control or ever likely to occur at any time in the future. Again, these statements should be disregarded.

## CONCLUSION

Defendants have failed to meet their burden under FED. R. CIV. P. Rule 56 and have failed to show the existence of genuine issues of material fact. For the reasons set forth in Plaintiffs' motion, this Court should grant Plaintiffs summary judgment.

Respectfully Submitted,

/s/  Darrell N. Phillips_____
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*dphillips@pcplc.com*
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of February, 2016, a copy of the foregoing electronically submitted document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

| | |
|---|---|
| Cleal Watts, III | Indico Systems Resources, Inc. |
| 8926 Forest Hills Blvd. | 8926 Forest Hills Blvd. |
| Dallas, TX 75218 | Dallas, TX 75218 |

/s/ Darrell N. Phillips