# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

      Plaintiffs,

v.                                            Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

      Defendants.

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION FOR ATTORNEY'S FEES

Plaintiffs file this Memorandum of Law in Support of their Motion for Attorney's Fees pursuant to TENN. CODE ANN. § 47–18–109(e)(1) and hereby incorporate herein the Declarations of attorneys Darrell Phillips and Robert L. Crawford filed contemporaneously herewith. Plaintiffs seek an award of attorney's fees in the amount of $215,580.83 and for the reasons set forth herein, would show that they are entitled to recover same and that such award is fair and reasonable in light of the circumstances of this litigation.

### BACKGROUND

This litigation – arising from a gold fraud - has been going on since July 2013. [Dkt. No. 1]. Since the filing of this suit, Defendants have created numerous obstacles and caused significant delay. Moreover, because many of the critical fact witnesses were located around the country and would not communicate with Plaintiffs' counsel absent subpoena, Plaintiffs' counsel

was forced to travel to Dallas (twice), Pittsburgh and New Jersey to take depositions.[1] The following is a list of some of Defendants' conduct and litigation events that have caused Plaintiffs to incur significant attorneys' fees:

- Defendant Watts avoided numerous attempts at service for three months requiring Plaintiffs to hire and communicate with Dallas-based private investigators;
- Defendants hired the law firm of Baker Donelson, who filed a motion to dismiss for lack of personal jurisdiction and which, because of administrative issues, was not adjudicated for twelve months;
- Defendants produced late and deficient discovery responses;
- Because of Defendants' deficient and inadequate participation in discovery, Plaintiffs filed two motions to compel (which were granted);
- Plaintiffs also moved for sanctions twice based on Defendants' conduct (both were granted);
- Defendants' counsel Baker Donelson filed its motion to withdraw nearly immediately after the commencement of discovery, as well as a partial motion for judgment on the pleadings, both of which required significant responsive materials;
- Discovery was substantial:
  - Plaintiffs' counsel took twelve depositions of fact witnesses (some of whom were other victims);
  - Plaintiffs' counsel conducted significant background research to identify and obtain declarations from other victims of Defendants;

---

[1] Other deponents, elsewhere in Texas, California and Florida, agreed to be deposed telephonically.

- - o Plaintiffs' counsel communicated with individuals located in Africa in efforts to determine the veracity of Defendant Watts' representations to Plaintiffs;
- In addition to the foregoing, Plaintiffs prepared motions and appeared at hearings dealing with the withdrawal of Defendants' second law firm (Ballin Ballin Fishman PC), Plaintiffs' request for injunctive relief, and Plaintiffs' motions to compel and for sanctions.

Because of the nature of the fraud and the geographic locations of many witnesses, financial institutions and other involved parties, this litigation involved enormous amounts of background research by Plaintiffs' counsel.  It was only through this extensive and diligent research, discovery and travel that Plaintiffs' were able to identify the scope and breadth of Defendants' fraudulent conduct.

During the entirety of the litigation, Plaintiffs relied on three attorneys with the law firm of Pietrangelo Cook PLC:  Anthony Pietrangelo, John Cook, and Darrell Phillips, each playing pre-determined and distinct roles.[2]  Mr. Pietrangelo was primary trial counsel and was generally responsible for oversight of the litigation and all pleadings, participation in key witness depositions, argument at critical hearings and, had this matter gone to trial, would have served as lead counsel.  Mr. Cook, who is both an attorney and a certified public accountant, was primarily tasked with conducting the broad financial analysis necessary to identify Defendants' various banking maneuvers and overseas transfers of Plaintiffs' funds, initial preparation of the case, research and drafting of the original complaint, research regarding bank liability and civil forfeiture, and drafting of Plaintiffs' motions to repatriate and for summary judgment (both of which were ultimately granted).  Mr. Phillips, as associate, prepared and handled both incoming

---

[2] Mr. Pietrangelo and Mr. Cook each have more than twenty years of litigation experience.  Mr. Phillips has been in practice for nearly five years, and was previously a broadcast journalist for ten years and brought his background in investigative journalism to bear in this case.

3

and outgoing discovery, researched and prepared initial drafts of all motions, conducted a majority of background research and witness interviews, traveled for – and took most – of the out-of-town depositions, and appeared in court to argue many of the motions at hearing (including the motion to repatriate).

From May 2013 through January 2015, the attorneys billed Plaintiffs at the following rates. Anthony Pietrangelo billed $315 per hour. John Cook billed $290 per hour. Darrell Phillips billed $180 per hour. In January 2015, in light of the growing volume of necessary discovery and motion practice, Pietrangelo Cook PLC negotiated new engagement terms with Plaintiffs. Accordingly, from January 2016 to present, Anthony Pietrangelo and John Cook dropped their hourly rate to $145 per hour and Darrell Phillips dropped his rate to $90 per hour. In exchange for these reduced rates, Plaintiffs agreed in writing to give Pietrangelo Cook PLC a sixteen percent (16%) interest in any ultimate recovery.

On January 8, 2016, Plaintiffs filed their Motion for Summary Judgment against both Defendants. (Dkt. No. 138). This Motion was granted in Plaintiffs' favor on February 29, 2016. (Dkt. No. 155). In its Order Granting Plaintiffs' Motion for Summary Judgment and For Permanent Injunctive Relief, the Court found, as a matter of law, that Defendants had willfully violated the Tennessee Consumer Protection Act and that Plaintiffs' should be entitled to recover a reasonable attorney's fee as a result thereof.

Accordingly, and pursuant to Local Rule 54.1(1), Plaintiffs attach hereto the declarations of Darrell Phillips (Ex. A hereto), Robert L. Crawford (Ex. B hereto), and a spreadsheet setting out in detail the number of hours spent on each aspect of the case.[3]

---

[3] Plaintiffs' counsel has compiled this spreadsheet from the original bills that were sent to – and paid for by – Plaintiffs. These original bills, although voluminous, are available upon request by the Court.

## **LEGAL AUTHORITY**

Tenn. Code Ann. §47–18–109(e)(1) provides that "[u]pon a finding by the court that a provision of this part has been violated, the court may award to the person bringing such action reasonable attorney's fees and costs." Unlike an award of treble damages under the Tennessee Consumer Protection Act, attorney's fees are not punitive in nature. *Miller v. United Automax*, 166 S.W.3d 692, 697 (Tenn. 2005). "The potential award of attorney's fees under the Tennessee Consumer Protection Act is intended to make prosecution of such claims economically viable to plaintiff." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.,* 104 S.W.3d 530, 535 (Tenn.Ct.App.2002). Trial courts are to consider the factors set forth in *Connors v.. Connors,* 594 S.W.2d 672 (Tenn.1980), and, when appropriate, the guidelines listed in Supreme Court Rule 8, RPC 1.5 when making an award of counsel fees. *Brooks v. Tennessee Farmers Mut. Ins. Co.*, 2014 WL 6735129, at *9 (Tenn.Ct.App. 2014).

The factors set forth in *Connors* include:

(1) The time devoted to performing the legal service;
(2) The time limitations imposed by the circumstances;
(3) The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;
(4) The fee customarily charged in the locality for similar legal services;
(5) The amount involved and the results obtained; and
(6) The experience, reputation, and ability of the lawyer performing the legal service.

*Connors,* 594 S.W.2d at 676.

Tennessee Supreme Court Rule 8, RPC 1.5 lists similar factors:

(1)   The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2)   The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3)   The fee customarily charged in the locality for similar legal services;
(4)   The amount involved and the results obtained;
(5)   The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) Whether the fee is fixed or contingent;
(9) Prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
(10) Whether the fee agreement is in writing.

*Brooks v. Tennessee Farmers Mut. Ins. Co.*, 2014 WL 6735129, at *9 (Tenn.Ct.App. 2014)

As shown in the affidavits filed with this Motion, these factors support the attorneys' fee award requested by Plaintiffs' counsel. This litigation was spread out over more than two and a half years and required substantial discovery, research and motion practice. Plaintiffs' counsel traveled to Texas, Pittsburgh and New Jersey to depose witnesses, subpoenaed fourteen (14) financial institutions (in some cases more than once) to compile and analyze the complicated financial maneuvers deployed by Defendants to move Plaintiffs' funds around, and were required to seek court intervention on numerous occasions as a result of Defendants' non-cooperation. Because of the varied geographical locations of witnesses and the length of the discovery window in the discovery order, Plaintiffs' counsel was required to gather and distill enormous amounts of financial information in a relatively short time. Despite this, Plaintiffs' counsel routinely endeavored to control Plaintiffs' costs by limiting the number of attorneys participating in any one meeting or event, not double-billing for intra-firm conferences, and using the timekeeper with the lowest hourly billable rate to perform legal services whenever practical. Moreover, Plaintiffs' counsel dropped its rates substantially in January 2015. Both before and after Plaintiffs' counsel dropped its rates, the rates they charged were well within the appropriate range for litigators practicing in federal court in Shelby County (and were, in fact, significantly less after January 2015). All fee agreements with Plaintiffs were in writing. As a result of the efforts of Plaintiffs' counsel, Plaintiffs' were awarded more than $22 million in

damages at summary judgment.  Accordingly, Plaintiffs' attorneys' fees are reasonable pursuant to *Connors* and Rule 1.5 of the Tennessee Supreme Court.

## CONCLUSION

For the foregoing reasons, and because this Court has already determined Plaintiffs are entitled to recover their attorneys' fees pursuant to the Tennessee Consumer Protection Act, this Court should award Plaintiffs $215,580.83 in attorney's fees and enter final judgment in this matter.

Respectfully Submitted,

/s/  Darrell N. Phillips_____
PIETRANGELO COOK PLC
Anthony C. Pietrangelo BPR # 15596
John J. Cook BPR # 17725
Darrell N. Phillips BPR #30299
6410 Poplar Avenue, Suite 190
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*dphillips@pcplc.com*
**Attorneys for Plaintiffs**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 10th day of March, 2016, a copy of the foregoing electronically submitted document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

| | |
|---|---|
| Cleal Watts, III | Indico Systems Resources, Inc. |
| 8926 Forest Hills Blvd. | 8926 Forest Hills Blvd. |
| Dallas, TX 75218 | Dallas, TX 75218 |

                                                               /s/ Darrell N. Phillips