IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARY PHILLIPA SLEDGE, MARY
JANE PIDGEON SLEDGE TRUST, and
PIDGEON SLEDGE FAMILY LIMITED
PARTNERSHIP,

    Plaintiffs,

v.     Case No. 2:13-cv-2578-STA-cgc

INDICO SYSTEM RESOURCES, INC. and
CLEAL WATTS, III,

    Defendants.

**ORDER FINDING DEFENDANT IN CONTEMPT AND ASSESSING SANCTIONS**

On January 12, 2016, the Court denied Defendants' motion to allow Cleal Watts, Defendants' corporate representative, to appear telephonically at a hearing scheduled for January 15, 2016. (ECF No. 142.) Despite the denial of the motion, Watts did not appear at the hearing.[1] (ECF No. 143.) Watts was therefore ordered to show cause as to why he did not appear at the hearing. (ECF No. 145.) Watts did not respond to the Order to Show Cause.

Federal courts have inherent powers necessary for them to function as an institution.[2] "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful

---

[1] At the hearing, defense counsel read an email from Watts stating that he was too ill to attend the hearing.

[2] *Chambers v. NASCO*, 501 U.S. 32, 43 (1991); *see also Hadix v. Johnson*, 144 F.3d 925, 937 (6th Cir. 1998).

mandates."[3] The most prominent inherent power is the contempt sanction "which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court...."[4] "While the contempt power should not be used lightly, it is 'a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed.'"[5]

"[A]ll orders and judgments of courts must be complied with promptly,"[6] and failure to comply can result in contempt findings.[7] Good faith is not a defense to civil contempt,[8] although the respondent may defend with a showing of impossibility.[9] The test is whether "the [respondents] took all reasonable steps within their power to comply with the court's order."[10]

In the present case, Watts was given the opportunity to explain why he did not appear at the hearing on January 15, 2016, after his motion to appear telephonically was denied, but he did

---

[3] *Chambers*, 501 U.S. at 43 (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)).

[4] *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (internal citations omitted).

[5] *Southern Elec. Health Fund v. Bedrock Serv.*, 2005 WL 3108461 at *7 (M.D. Tenn. Nov. 18, 2005) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418 (1911)).

[6] *Maness v. Meyers*, 419 U.S. 449, 458 (1975).

[7] *Southern Elec.*, 2005 WL 3108461 at *7 ("Contempt proceedings are used 'to enforce the message that court orders and judgments are to be complied with in a prompt manner.'") (quoting *Gompers*, 221 U.S. at 450).

[8] *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989).

[9] *Glover v. Johnson*, 934 F.2d 703, 708 n. 2 (6th Cir. 1991).

[10] *Id.* at 708.

not do so. Instead, he willfully and in bad faith chose to ignore the Order to Show Cause. Accordingly, the Court finds that Watts is in civil contempt of this Court.[11]

Sanctions for civil contempt are imposed "to compel obedience to a court order and compensate for injuries caused by noncompliance."[12] "The contemnor is not simply being punished for past behavior, but rather encouraged to shape its behavior to comply with the order based on the undesirability of suffering the sanction."[13] Ultimately, the type and severity of sanctions imposed is within the sound discretion of the Court.[14]

The Court has already granted Plaintiffs' motion for summary judgment on the merits.[15] Therefore, the Court cannot impose the ultimate sanction of dismissal. Considering the entire record, the Court concludes that the appropriate sanction for Watts' failure to appear at the hearing and his failure to respond to the Order to Show Cause is an award of attorney's fees to Plaintiffs for the time that their attorney, Darrell Phillips, spent at the hearing on January 15, 2016.[16] The minutes from the hearing show that the hearing itself lasted approximately fifteen minutes.[17] However, counsel would have spent some time preparing for the hearing and traveling

---

[11] Watts' other dilatory and sanctionable behavior is detailed in Plaintiffs' motion for attorney's fees. (Memo. p. 2, ECF No. 157-1.)

[12] *Redken Laboratories, Inc. v. Levin*, 843 F.2d 226, 229 (6th Cir. 1988) (quoting *TWM Mfg. Co., Inc. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983)).

[13] *United States v. Tennessee*, 925 F. Supp. 1292, 1303 (W.D. Tenn. 1995).

[14] *Peppers*, 873 F.2d at 968.

[15] On February 29, 2016, the Court granted Plaintiffs' motion for summary judgment, (ECF No. 155), and on April 14, 2016, the Court granted Plaintiffs' motion for attorney's fees. (ECF No. 158.)

[16] *Roadway Express, Inc.*, 447 U.S. at 765–66 (When a litigant has demonstrated bad faith in the conduct of litigation, the court has the inherent authority to assess an award of attorney's fees.)

[17] (Minute Entry, ECF No. 143.)

to and from Court. Therefore, as a sanction, the Court will order Watts to pay Plaintiffs for two hours of Phillips' time at the rate of $90 per hour[18] for a total of $180.

    IT IS SO ORDERED.

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

                                            Date:  May 12, 2016.

---

[18] (Mot. Atty Fees, Affidavit, ECF No. 157-2.)